1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2    Including Professional Corporations
PETER H. KLEE, Cal. Bar No. 111707
3    PKlee@sheppardmullin.com
JOHN D. EDSON, Cal. Bar No. 185709
4    JEdson@sheppardmullin.com
501 West Broadway, 19th Floor
5  San Diego, California 92101-3598
Telephone:  619.338.6500
6  Facsimile:  619.234.3815

7  Attorneys for Allstate Insurance Company

8

9           UNITED STATES DISTRICT COURT

10         SOUTHERN DISTRICT OF CALIFORNIA

11

12  JENSEN SHIRLEY and KAREN SHIRLEY,

13            Plaintiffs,

14       v.

15

16  ALLSTATE INSURANCE COMPANY and DOES 1-10, inclusive,

17         Defendants.

| | |
|---|---|
| Case No. 3:18-cv-00994-AJB-BGS | |
| Mag. Judge Bernard G. Skomal 12th Floor, Suite 1280 | |

**NOTICE OF LODGMENT IN SUPPORT OF ALLSTATE'S MOTION TO STRIKE NINE WITNESSES IN PLAINTIFFS' AMENDED SECOND SUPPLEMENTAL WITNESS DISCLOSURES AND SEVEN ALLEGED PERCIPIENT EXPERT WITNESS DESIGNATIONS**

Date:      UNDER SUBMISSION
Crtrm:    12th Floor, Suite 1280

Trial Date:    TBD

18

19

20

21

22

23

24

25

26

27

28

SMRH:489636168.1    NOTICE OF LODGMENT IN SUPPORT OF ALLSTATE'S MOTION TO STRIKE
WITNESS DISCLOSURES AND DESIGNATIONS

Allstate submits the following exhibits in support of its Motion to Strike Nine Percipient Witnesses In Plaintiffs' Second Supplemental Witness Designations and Six Percipient Expert Witness Designations:

| EXH. NO. | DESCRIPTION |
| --- | --- |
| 1A. | Jensen Shirley's Responses to Allstate's Special Interrogatories (Set One), dated May 11, 2018 |
| 1B. | Karen Shirley's Responses to Allstate's Special Interrogatories (Set One), dated May 11, 2018 |
| 2. | Notice and Order for ENE Conference and Setting Rule 26 Compliance and Case Management Conference, dated June 18, 2018 |
| 3. | Plaintiffs' Rule 26(a) Initial Disclosures, dated August 10, 2018 |
| 4. | Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings, dated September 7, 2018 |
| 5. | Meet and Confer E-Mail from Edson to Greenfield re Plaintiffs' Rule 26 Disclosures, dated September 25, 2018 |
| 6. | Meet and Confer E-mail from Greenfield to Edson re Plaintiffs' Rule 26 Disclosures, dated September 25, 2018 |
| 7. | Plaintiffs' Supplemental Rule 26(a) Disclosures, dated September 27, 2018 |
| 8. | Meet and Confer E-mail from Edson to Greenfield, dated October 11, 2018 |
| 9. | Meet and Confer E-mail from Edson to Greenfield, October 17, 2018 |
| 10. | Meet and Confer E-mail from Greenfield to Edson, dated October 17, 2018 |
| 11. | E-mail Exchange b/w Edson and Greenfield, dated October 11 to October 12, 2018 |
| 12. | Meet and Confer E-mail from Edson to Greenfield, dated October 22, 2018 |
| 13. | Meet and Confer E-mail Exchange b/w Edson and Greenfield, dated October 22, 2018 |
| 14. | Meet and Confer E-mail from Wright to Edson dated October 22, 2018 |
| 15. | Declaration of Greenfield in Support of Joint Motion to Continue Discovery Deadlines, dated November 20, 2018 |
| 16. | E-mail Exchange b/w Edson and Greenfield, dated November 20 to November 21, 2018 |
| 17. | Order Continuing Discovery Deadlines, dated November 30, 2018 |

-1-

| EXH. NO. | DESCRIPTION |
|---|---|
| 18. | Meet and Confer E-Mail from Greenfield to Edson, dated December 12, 2018, and Notice of Deposition of David Kelly, dated December 26, 2018 |
| 19. | Karen Shirley Deposition Transcript, dated January 15, 2019 |
| 20. | Jensen Shirley Deposition Transcript, dated January 17, 2019 |
| 21. | Plaintiffs' Second Supplemental Rule 26(e) Disclosures, dated January 25, 2019 |
| 22. | Meet and Confer Letter from Edson to Greenfield and Daiza, dated February 1, 2019 |
| 23. | Meet and Confer Letter from Daiza to Edson, dated February 7, 2019 |
| 24. | Meet and Confer Letter from Edson to Daiza, dated February 13, 2019 |
| 25. | Plaintiffs' Disclosure of Expert Witnesses, dated February 19, 2019 |
| 26. | Meet and Confer E-mail from Edson to Daiza, dated February 22, 2019 |
| 27. | Plaintiffs' Amended Second Supplemental Rule 26(e) Disclosures, dated March 4, 2019 |
| 28. | Letter from McReynolds, dated October 5, 2018 |

Dated:  March 6, 2019          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By          _____
                      *s/ John D. Edson*
                   JOHN D. EDSON

            Attorneys for Allstate Insurance Company

SMRH:489636168.1

# EXHIBIT 1A

**Jensen Shirley Response to Allstate Special Interrogatories (Set One)**

Exhibit 1A

Page 3

Kenneth N. Greenfield, Esq.       (State Bar No. 105721)
Kate A. Greenfield, Esq.          (State Bar No. 291703)

THE GREENFIELD LAW FIRM
16516 BERNARDO CENTER DRIVE, SUITE 210
SAN DIEGO, CA 92128
(858) 675-0301
FAX (858) 675-0319
KGREENFIELD@THEGREENFIELDLAWFIRM.COM

Attorneys for Plaintiffs,
JENSEN SHIRLEY and KAREN SHIRLEY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO–NORTH COUNTY DIVISION

| | |
|---|---|
| JENSEN SHIRLEY and KAREN SHIRLEY, ) <br><br> Plaintiffs, ) <br><br> v. ) <br><br> ALLSTATE INSURANCE COMPANY; ) and DOES 1-10, inclusive, ) <br><br> Defendants. ) <br> _____ ) | Case No. 37-2018-00009723-CU-IC-NC <br><br> **PLAINTIFF JENSEN SHIRLEY'S RESPONSES TO DEFENDANT ALLSTATE INSURANCE COMPANY'S SPECIAL INTERROGATORIES (SET ONE)** <br><br> Judge:    Hon. Earl H. Maas, III <br> Dept.:    N-28 <br><br> [IMAGED FILE] <br><br> Date Filed:    February 27, 2018 <br> Trial Date:    Not Set |

PROPOUNDING PARTY:    Defendant, ALLSTATE INSURANCE COMPANY

RESPONDING PARTY:    Plaintiff, JENSEN SHIRLEY

**SET NUMBER:**        **ONE**

TO DEFENDANT, ALLSTATE INSURANCE COMPANY AND ITS ATTORNEY OF RECORD:

Pursuant to Code of Civil Procedure section 2030.210, Plaintiff JENSEN SHIRLEY ("Plaintiff") responds to Special Interrogatories (Set One) propounded by Defendant ALLSTATE INSURANCE COMPANY ("Defendant"), as follows:

1

Exhibit 1A

THE GREENFIELD LAW FIRM
16516 BERNARDO CENTER DRIVE, SUITE 210
SAN DIEGO, CA 92128

## PRELIMINARY STATEMENT

Discovery in this matter is continuing. The following responses are based only upon the investigation that Plaintiff and Plaintiff's counsel have been able to conduct to date. These responses reflect only Plaintiff's current understandings, beliefs and knowledge. While Plaintiff and his counsel have investigated sources of information immediately available to them, Plaintiff and his counsel have not yet had sufficient opportunity to interview or depose all persons who have or may have knowledge of the facts relevant to this lawsuit or to review all documents which may refer or relate to such facts.

As discovery in this lawsuit continues, additional information and documents may become known to Plaintiff and his counsel. These responses, therefore, are without prejudice to Plaintiff's right to offer further or different evidence, documents, or information at trial, or in any other proceeding in this action. These responses are made solely for the purpose of this action. Plaintiff and his counsel hereby reserve all objections as to competence, relevance, materiality, propriety, and admissibility, and any and all other objections on any other grounds that would require the exclusion of any information from being admitted into evidence. Any such objections may be interposed at the time of trial. Nothing contained herein is intended to be, nor should such be construed as, a waiver of the attorney/client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine.

## RESPONSES TO SPECIAL INTERROGATORIES

**SPECIAL INTERROGATORY NO. 1:**

State all facts that support YOUR cause of action for breach of contract against ALLSTATE.

(The terms "YOU" and "YOUR" refer to plaintiff Jensen Shirley and/or anyone acting on his behalf.

The term "ALLSTATE" refers to defendant Allstate Insurance Company and/or anyone acting on its behalf.)

///

///

2

Exhibit 1A

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

Objection.   The question seeks information protected from disclosure by both the Attorney-Client Privilege and the Attorney Work-Product Rule.   Without waving any of the foregoing objections, however, and in a spirit of cooperation, this Responding Party states as follows:  Plaintiffs were at all times pertinent insured by Defendant under an Allstate Deluxe Plus Homeowners Policy, Policy Number 904 626 839 ("Policy").  Said policy provided coverage for property damage occurring during the policy period.   In or about the early-to-mid part of December, 2017, an enormous wildfire raced through North San Diego County for several days. The "Lilac Fire" produced an enormous amount of smoke in its path.  Although Plaintiffs' home incurred no burn damage, it did incur substantial smoke damage.  As a result, both the dwelling and its content were seriously damaged.  Defendant's failure to conduct a prompt, reasonable, and thorough investigation resulted in Allstate's failure to recognize the damages and to subsequently pay what was owed under the Policy.  Defendant's failure to pay coverage "A," coverage "C" and additional living expense coverage amounted to not only a breach of the insurance contract, but the unreasonable withholding of insurance benefits amounting to breach of the Implied Covenant of Good Faith and Fair Dealing.

**SPECIAL INTERROGATORY NO. 2:**

IDENTIFY all PERSONS with knowledge of any facts that support YOUR cause of action for breach of contract against ALLSTATE.

(The term "IDENTIFY," when used in reference to a natural person, means to state that person's full name, present or last known residential address, and telephone number.

The term "IDENTIFY," when used in reference to a corporate entity, company, partnership, organization, or association, means to state that entity's full name, business address, and telephone number.

The term "PERSONS" refers to a natural person, corporation, association, organization, partnership, firm business, trust, or public entity.)

///

///

THE GREENFIELD LAW FIRM
16316 BERNARDO CENTER DRIVE, SUITE 210
SAN DIEGO, CA 92128

3

Exhibit 1A

## RESPONSE TO SPECIAL INTERROGATORY NO. 2:

Discovery and investigation is continuing.  Thus, Plaintiff reserves the right to supplement his response to the instant interrogatory in the future.  At this point in time, however, the persons with knowledge of facts supporting Plaintiffs' cause of action for breach of contract and breach of the Implied Covenant of Good Faith and Fair Dealing against Allstate are as follows:

(a)   Jensen H. Shirley, contact through the undersigned counsel

(b)   Karen Shirley, contact through the undersigned counsel

(c)   Marc Gross, Policyholders Adjusting Services, 4540 Kearny Villa Road, Suite 215, San Diego, CA 92123, Telephone: (858) 569-9190

(d)   Darrell Adams, Allstate Insurance Company, Catastrophe Referral Office, 2775 Sanders Rd. B1N, 8-M, Northbrook, IL 60062, Telephone: (800) 724-6427 x 6678032

(e)   Melissa Watts, Allstate Insurance Company, Catastrophe Claims, Telephone: (800) 326-0950 x1210907;

(f)   Karen Arce, Allstate Insurance Company, PO Box 6525, Diamond Bar, CA 91765, Telephone: (888) 903-1965, x 6125590

(g)   Andrew Ansardi, Allstate Insurance Company, PO BOX 672041, Dallas, TX 75267, Telephone: (888) 526-2488

(h)   Samantha Keller (Specialty), Allstate Insurance Company, PO Box 672041, Dallas, TX 75267, Telephone: (800) 326-0950 x 1210850

(i)   David Brown, Allstate Insurance Company, Catastrophe Office, PO Box 660598, Dallas, TX 75266-0598

(j)   Robert Arnold, Allstate Insurance Company, P.O. Box 672041, Dallas, TX 75267

(k)   James Deruz, Allstate Insurance Company, Telephone: (847) 402-4733

(l)   Timothy Holman, Allstate Insurance Company, Additional Expenses Department, Telephone: (847) 402-4733

(m)   William Hersum, Hersum Construction, Inc., 4223 Ponderosa Ave., Suite A, San Diego, CA 92123, Telephone: (858) 373-5900

THE GREENFIELD LAW FIRM
1656 BERNARDO CENTER DRIVE, SUITE 110
SAN DIEGO, CA 92128

4

Exhibit 1A

THE GREENFIELD LAW FIRM
16516 BERNARDO CENTER DRIVE, SUITE 210
SAN DIEGO, CA 92128

1     (n)    Missy Waldman, Vert Environmental, 8316 Clairemont Mesa Blvd., Suite 206,

2             San Diego, CA 92111, Telephone: (858) 433-3290

3     (o)    Mariah Curran, EMSL Analytical, Inc., 7916 Convoy Court, San Diego, CA

4             92111, Telephone: (858) 499-1303

5     (p)    Mindy Olivares, M.S. Senior Project Manager, RiskNomics, LLC, 8777 E. Via de

6             Ventura, Suite 188 Scottsdale, AZ 85258, Telephone: (480) 315-1100

7     (q)    Andrew J. Olcott, V.P., Operations, RiskNomics, LLC, 8777 E. Via de Ventura,

8             Suite 188 Scottsdale, AZ 85258, Telephone: (480) 315-1100

9     (r)    Julie Morgan, SERVPRO of North Vista / San Marcos, 2870 S. Santa Fe Ave.,

10            San Marcos, CA 92069, Telephone: (760) 758-3454

11     (s)    Harte Morgan, SERVPRO of North Vista / San Marcos, 2870 S. Santa Fe Ave.,

12            San Marcos, CA 92069, Telephone: (760) 758-3454

**SPECIAL INTERROGATORY NO. 3:**

State all facts that support YOUR cause of action for breach of the implied covenant of good faith and fair dealing against ALLSTATE.

**RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

Objection. The question seeks information protected from disclosure by both the attorney-client privilege and the attorney work-product rule. Without waving any of the foregoing objections, however, and in a spirit of cooperation, this Responding Party states as follows: Plaintiffs were at all times pertinent insured by Defendant under an Allstate Deluxe Plus Homeowners Policy, Policy Number 904 626 839 ("Policy"). Said policy provided coverage for property damage occurring during the policy period. In or about the early-to-mid part of December, 2017, an enormous wildfire raced through North San Diego County for several days. The "Lilac Fire" produced an enormous amount of smoke in its path. Although Plaintiffs' home incurred no burn damage, it did incur substantial smoke damage. As a result, both the dwelling and its content were seriously damaged. Defendant's failure to conduct a prompt, reasonable, and thorough investigation resulted in Allstate's failure to recognize the damages and to subsequently pay what was owed under the Policy. Defendant's failure to pay coverage "A," coverage "C" and

THE GREENFIELD LAW FIRM
16504 BERNARDO CENTER DRIVE, SUITE 210
SAN DIEGO, CA 92128

1 additional living expense coverage amounted to not only a breach of the insurance contract, but

2 the unreasonable withholding of insurance benefits amounting to breach of the Implied Covenant

3 of Good Faith and Fair Dealing.

4 **SPECIAL INTERROGATORY NO. 4:**

5       IDENTIFY all PERSONS with knowledge of any facts that support YOUR cause of

6 action for breach of the implied covenant of good faith and fair dealing against ALLSTATE.

7 **RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

8       Please see Plaintiff's responses to Form Interrogatory No. 2, *supra*.

9 **SPECIAL INTERROGATORY NO. 5:**

10       If YOU contend that YOU are entitled to recover attorneys' fees under *Brandt v.*

11 *Superior Court*, 37 Cal.3d 813 (1985), state the total amount of attorneys' fees YOU have

12 incurred to date to recover policy benefits.

13 **RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

14       Objection.  The question seeks information protected from disclosure at this time by both

15 the attorney-client privilege and the attorney work-product rule.  Full and complete information

16 concerning Plaintiff's entitlement to attorneys' fees under the *Brandt* case will be provided to the

17 defense when appropriate before trial.

18 **SPECIAL INTERROGATORY NO. 6:**

19       If YOU contend that YOU are entitled to recover attorney's fees under *Brandt v. Superior*

20 *Court*, 37 Cal.3d 813 (1985), state the total amount of attorney's fees YOU have incurred to date

21 to recover tort damages.

22 **RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

23       Objection.  The question seeks information protected from disclosure at this time by both

24 the attorney-client privilege and the attorney work-product rule.  Full and complete information

25 concerning Plaintiff's entitlement to attorneys' fees under the *Brandt* case will be provided to the

26 defense when appropriate before trial.

27 ///

28 ///

6

Exhibit 1A

**SPECIAL INTERROGATORY NO. 7:**

State with specificity the total amount of damages YOU contend YOU have suffered as a result of ALLSTATE's handling of the CLAIM.

(The term "CLAIM" refers to claim no. 0484874029, which YOU made to ALLSTATE for insurance benefits arising from the alleged smoke damage that YOU contend occurred to YOUR residence in December 2017.)

**RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

Objection.   Discovery and investigation is ongoing.   Consequently, the information contained within the instant interrogatory response is simply an estimate.  Further discovery and depositions of the Plaintiffs will serve to clarify the information given herein.  Without waiving the foregoing objections, this Responding Party states as follows:

(a)   Attorneys' fees under *Brandt v. Superior Court*, 37 Cal.3d 813 (1985) – to be determined.

(b)   Plumbing repairs as a result of the Lilac Fire – in excess of $20,000.

(c)   Destroyed refrigerator and freezer contents as a result of loss of electricity – in excess of $3,000.

(d)   Additional Living Expenses ("ALE") including hotel and food – in excess of $6,000.

(e)   Coverage "A" cleanup and sanitization – in excess of $34,000.

(f)   Clothing cleaning – in excess of $5,000.

(g)   Destruction of and damage to contents within the dwelling – in excess of $90,000.

(h)   General damages – to be determined.

(i)   Punitive damages – to be determined.

**SPECIAL INTERROGATORY NO. 8:**

Explain in detail how YOU calculated each item of damage that YOU claim to have suffered as a result of ALLSTATE's handling of the CLAIM.

///

///

THE GREENFIELD LAW FIRM
16516 BERNARDO CENTER DRIVE, SUITE 210
SAN DIEGO, CA 92128

Exhibit 1A

7

THE GREENFIELD LAW FIRM
1616 BERNARDO CENTER DRIVE, SUITE 210
SAN DIEGO, CA 92128

**RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

Objection.  Discovery and investigation continues.  In a spirit of cooperation, however, Plaintiff will produce in response to Defendant's Request for Production of Documents all paperwork in his possession which to date supports some of the items of damages sought.

**SPECIAL INTERROGATORY NO. 9:**

State the total amount of alternative living expenses ("ALE") that YOU contend YOU have incurred to live outside of YOUR residence located at 31665 Wrightwood Road, Bonsall, CA 92003 since the December 2017 Lilac Fire.

**RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

Objection.  Discovery and investigation is ongoing.  Consequently, the information contained within the instant interrogatory response is simply an estimate.  Further discovery and depositions of the Plaintiffs will serve to clarify the information given herein.  Without waiving the foregoing objections, this Responding Party states as follows:

(a)     Attorneys' fees under *Brandt v. Superior Court*, 37 Cal.3d 813 (1985) – to be determined.

(b)     Plumbing repairs as a result of the Lilac Fire – in excess of $20,000.

(c)     Destroyed refrigerator and freezer contents as a result of loss of electricity – in excess of $3,000.

(d)     Additional Living Expenses ("ALE") including hotel and food – in excess of $6,000.

(e)     Coverage "A" cleanup and sanitization – in excess of $34,000.

(f)     Clothing cleaning – in excess of $5,000.

(g)     Destruction of and damage to contents within the dwelling – in excess of $90,000.

(h)     General damages – to be determined.

(i)     Punitive damages – to be determined.

///

///

///

8

Exhibit 1A

**SPECIAL INTERROGATORY NO. 10:**

State the total monetary value of personal property inside of YOUR residence located at 31665 Wrightwood Road, Bonsall, CA 92003, that YOU contend was damaged or destroyed by smoke in the December 2017 Lilac Fire.

**RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

Objection.   Discovery and investigation is ongoing.   Consequently, the information contained within the instant interrogatory response is simply an estimate.  Further discovery and depositions of the Plaintiffs will serve to clarify the information given herein.  Without waiving the foregoing objections, this Responding Party states as follows:

(a)   Attorneys' fees under *Brandt v. Superior Court*, 37 Cal.3d 813 (1985) – to be determined.

(b)   Plumbing repairs as a result of the Lilac Fire – in excess of $20,000.

(c)   Destroyed refrigerator and freezer contents as a result of loss of electricity – in excess of $3,000.

(d)   Additional Living Expenses ("ALE") including hotel and food – in excess of $6,000.

(e)   Coverage "A" cleanup and sanitization – in excess of $34,000.

(f)   Clothing cleaning – in excess of $5,000.

(g)   Destruction of and damage to contents within the dwelling – in excess of $90,000.

(h)   General damages – to be determined.

(i)   Punitive damages – to be determined.

**SPECIAL INTERROGATORY NO. 11:**

Describe each item of personal property inside of YOUR residence located at 31665 Wrightwood Road, Bonsall, CA 92003, that YOU contend was damaged or destroyed by smoke in the December 2017 Lilac Fire.

///

///

///

THE GREENFIELD LAW FIRM
16516 BERNARDO CENTER DRIVE, SUITE 210
SAN DIEGO, CA 92128

9

Exhibit 1A

**RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

(a)   One (1) Living room upholstered sectional sofa

(b)   Six (6) Family heirloom chairs re-upholstered (including replacing interior cushion materials)

(c)   One (1) Family heirloom sofa re-upholstered (including replacing interior cushion materials)

(d)   One (1) Sofa sleeper

(e)   One (1) 3-Cushion leather sofa

(f)   Eight (8) Outdoor patio furniture cushions

(g)   Two (2) Master bedroom chairs

(h)   One (1) Master bedroom upholstered settee/chaise lounge

(i)   One (1) King size mattress

(j)   One (1) Tempurpedic King size mattress

(k)   One (1) Tempurpedic Queen size mattress

(l)   Twenty-Eight (28) Window with drapes, and/or upholstered valances, and/or fabric shades

(m)   One (1) Luminette shade, 15 ft. wide

(n)   One (1) C-Pap breathing machine

(o)   Nine (9) Lamp shades

(p)   Four (4) Large area rugs

(q)   Three (3) Small rugs

**SPECIAL INTERROGATORY NO. 12:**

If YOU contend that any portions of RiskNomic's February 8, 2018 report (attached to Request as Exhibit A) are inaccurate, state all facts that support YOUR contention.

**RESPONSE TO SPECIAL INTERROGATORY NO. 12:**

Objection.   The question seeks expert testimony in violation of CCP section 2034. Plaintiff's experts will be fully able to respond to RiskNomic's February 8, 2018 report at the time of expert depositions.

THE GREENFIELD LAW FIRM
16516 BERNARDO CENTER DRIVE, SUITE 210
SAN DIEGO, CA 92128

10

Exhibit 1A

THE GREENFIELD LAW FIRM
16516 BERNARDO CENTER DRIVE, SUITE 210
SAN DIEGO, CA 92128

1  **SPECIAL INTERROGATORY NO. 13:**

2      If YOU contend that any portions of RiskNomic's February 8, 2018 report (attached to

3  Request as Exhibit A) are inaccurate, IDENTIFY all PERSONS with knowledge of any facts that

4  support YOUR contention.

5  **RESPONSE TO SPECIAL INTERROGATORY NO. 13:**

6      Objection.   The question seeks expert testimony in violation of CCP section 2034.

7  Plaintiff's experts will be fully able to respond to RiskNomic's February 8, 2018 report at the time

8  of expert depositions.

9  **SPECIAL INTERROGATORY NO. 14:**

10      If YOU contend that ALLSTATE unreasonably relied upon RiskNomic's February 8,

11  2018 report (attached to Request as Exhibit A) in conjunction with the handling of YOUR

12  CLAIM, state all facts that support YOUR contention.

13  **RESPONSE TO SPECIAL INTERROGATORY NO. 14:**

14      Objection.   The question seeks expert testimony in violation of CCP section 2034.

15  Plaintiff's experts will be fully able to respond to RiskNomic's February 8, 2018 report at the time

16  of expert depositions.

17  **SPECIAL INTERROGATORY NO. 15:**

18      If YOU contend that ALLSTATE unreasonably relied upon RiskNomic's February 8,

19  2018 report (attached to Request as Exhibit A) in conjunction with the handling of YOUR

20  CLAIM, IDENTIFY all PERSONS with knowledge of any facts that support YOUR contention.

21  **RESPONSE TO SPECIAL INTERROGATORY NO. 15:**

22      Objection.   The question seeks expert testimony in violation of CCP section 2034.

23  Plaintiff's experts will be fully able to respond to RiskNomic's February 8, 2018 report at the time

24  of expert depositions.

25  **SPECIAL INTERROGATORY NO. 16:**

26      If YOU contend that any portions of RiskNomic's February 13, 2018 report (attached to

27  request as Exhibit B) are inaccurate, state all facts that support YOUR contention.

28  ///

11

Exhibit 1A

THE GREENFIELD LAW FIRM
16616 BERNARDO CENTER DRIVE, SUITE 210
SAN DIEGO, CA 92128

1  **RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

2      Objection.   The question seeks expert testimony in violation of CCP section 2034.

3  Plaintiff's experts will be fully able to respond to RiskNomic's February 8, 2018 report at the time

4  of expert depositions.

5  **SPECIAL INTERROGATORY NO. 17:**

6      If YOU contend that any portions of RiskNomic's February 13, 2018 report (attached to

7  request as Exhibit B) are inaccurate, IDENTIFY all PERSONS with knowledge of any facts that

8  support YOUR contention.

9  **RESPONSE TO SPECIAL INTERROGATORY NO. 17:**

10      Objection.   The question seeks expert testimony in violation of CCP section 2034.

11  Plaintiff's experts will be fully able to respond to RiskNomic's February 8, 2018 report at the time

12  of expert depositions.

13  **SPECIAL INTERROGATORY NO. 18:**

14      If YOU contend that ALLSTATE unreasonably relied upon RiskNomic's February

15  13, 2018 report (attached to request as Exhibit B) in conjunction with the handling of YOUR

16  CLAIM, state all facts that support YOUR contention.

17  **RESPONSE TO SPECIAL INTERROGATORY NO. 18:**

18      Objection.   The question seeks expert testimony in violation of CCP section 2034.

19  Plaintiff's experts will be fully able to respond to RiskNomic's February 8, 2018 report at the time

20  of expert depositions.

21  **SPECIAL INTERROGATORY NO. 19:**

22      If YOU contend that ALLSTATE unreasonably relied upon RiskNomic's February 13,

23  2018 report (attached to request as Exhibit B) in conjunction with the handling of YOUR

24  CLAIM, IDENTIFY all PERSONS with knowledge of any facts that support YOUR contention.

25  **RESPONSE TO SPECIAL INTERROGATORY NO. 19:**

26      Objection.   The question seeks expert testimony in violation of CCP section 2034.

27  Plaintiff's experts will be fully able to respond to RiskNomic's February 8, 2018 report at the time

28  of expert depositions.

Exhibit 1A

**SPECIAL INTERROGATORY NO. 20:**

   IDENTIFY each doctor, pulmonologist, or other medical provider who YOU have seen for treatment of any health issues relating to YOUR lungs from December 2012 to the present.

**RESPONSE TO SPECIAL INTERROGATORY NO. 20:**

   (a)   James J. Lee, M.D., Diplomate of the American Board of Internal Medicine Department of Veterans Affairs, Primary Care Service/Mission Valley, 8810 Rio San Diego Drive, San Diego, CA 92108, Telephone: (619) 400-5050, ext. 5247

DATED: May _10_, 2018                  THE GREENFIELD LAW FIRM

                                       By: _____
                                           KENNETH N. GREENFIELD,
                                           KATE A. GREENFIELD,
                                           Attorneys for Plaintiffs JENSEN SHIRLEY and
                                           KAREN SHIRLEY

THE GREENFIELD LAW FIRM
16516 BERNARDO CENTER DRIVE, SUITE 210
SAN DIEGO, CA 92128

13

Exhibit 1A

PLAINTIFF JENSEN SHIRLEY'S RESPONSES TO ALLSTATE'S SPECIAL INTERROGATORIES (SET 1)

Page 16

## *ORIGINAL SIGNED VERIFICATION TO FOLLOW*

| *Shirley v. Allstate Insurance Company* | Case No. 37-2018-00009723-CU-IC-NC |
|---|---|

### VERIFICATION

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN DIEGO–NORTH COUNTY DIVISION

I have read the foregoing, **PLAINTIFF JENSEN SHIRLEY'S RESPONSES TO DEFENDANT ALLSTATE INSURANCE COMPANY'S SPECIAL INTERROGATORIES (SET NO. ONE)** and know its contents.

### CHECK APPLICABLE PARAGRAPH

___**X**___ I am a party to this action. The matters stated in it are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

_____I am an authorized representative of Jensen Shirley, a party to this action, and am authorized to make this verification for and on his behalf, and I make this verification for that reason. The matters stated in it are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

_____I am one of the attorneys for _____ a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in it are true.

Executed on _____, 2018 at _____, California.
                        [Date]                                    [City]

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____                    _____
            Signature                                              Printed Name

1

VERIFICATION

Exhibit 1A

Page 17

| *Jensen Shirley and Karen Shirley v.* *Allstate Insurance Company* | Case No. 37-2018-00009723-CU-IC-NC |
|---|---|

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO – NORTH COUNTY DIVISION

### PROOF OF SERVICE
C.C.P. §1013a, C.R.C. 2.300, et seq.

STATE OF CALIFORNIA     )
                            ) ss.
COUNTY OF SAN DIEGO     )

     I am employed in the aforesaid County, State of California.  I am over the age of 18 years and not a party to the within action; my business address is 16516 Bernardo Center Drive, Suite 210, San Diego, California 92128.

     On May 11, 2018, I served the following document(s) described as:

**PLAINTIFF JENSEN SHIRLEY'S RESPONSES TO DEFENDANT ALLSTATE INSURANCE COMPANY'S  SPECIAL INTERROGATORIES (SET ONE)**

     on the interested parties in this action by:

[X]    **Placing a true copy thereof, enclosed in a sealed envelope, addressed as follows.**

<u>**Counsel for Defendant**</u>:
ALLSTATE INSURANCE COMPANY

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
PETER H. KLEE, Esq.
JOHN D. EDSON, Esq.
501 West Broadway, 19th Floor
San Diego, CA 92101-3598
Tel: (619) 338-6500; Fax: (619) 234-3815
E:  PKlee@sheppardmullin.com
E:  JEdson@sheppardmullin.com

[X]    **BY MAIL**:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at San Diego, California in the ordinary course of business.

[X]    **STATE**:  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 11, 2018, at San Diego, California.

_____
Melanie Wright

Exhibit 1A

# EXHIBIT 1B
**Karen Shirley Response to Allstate Special Interrogatories (Set One)**

Kenneth N. Greenfield, Esq.      (State Bar No. 105721)
Kate A. Greenfield, Esq.         (State Bar No. 291703)

**THE GREENFIELD LAW FIRM**
16516 BERNARDO CENTER DRIVE, SUITE 210
SAN DIEGO, CA 92128
(858) 675-0301
FAX (858) 675-0319
KGREENFIELD@THEGREENFIELDLAWFIRM.COM

Attorneys for Plaintiffs,
JENSEN SHIRLEY and KAREN SHIRLEY


# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO–NORTH COUNTY DIVISION


| | |
|---|---|
| JENSEN SHIRLEY and KAREN SHIRLEY,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY;<br>and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 37-2018-00009723-CU-IC-NC<br><br>**PLAINTIFF KAREN SHIRLEY'S RESPONSES TO DEFENDANT ALLSTATE INSURANCE COMPANY'S SPECIAL INTERROGATORIES (SET ONE)**<br><br>Judge:   Hon. Earl H. Maas, III<br>Dept.:   N-28<br><br>[IMAGED FILE]<br><br>Date Filed:   February 27, 2018<br>Trial Date:   Not Set |

PROPOUNDING PARTY:   Defendant, ALLSTATE INSURANCE COMPANY

RESPONDING PARTY:   Plaintiff, KAREN SHIRLEY

**SET NUMBER:**          **ONE**


TO DEFENDANT, ALLSTATE INSURANCE COMPANY AND ITS ATTORNEY OF RECORD:

Pursuant to Code of Civil Procedure section 2030.210, Plaintiff KAREN SHIRLEY ("Plaintiff") responds to Special Interrogatories (Set One) propounded by Defendant ALLSTATE INSURANCE COMPANY ("Defendant"), as follows:

1

**Exhibit 1B**

**PRELIMINARY STATEMENT**

Discovery in this matter is continuing. The following responses are based only upon the investigation that Plaintiff and Plaintiff's counsel have been able to conduct to date. These responses reflect only Plaintiff's current understandings, beliefs and knowledge. While Plaintiff and her counsel have investigated sources of information immediately available to them, Plaintiff and her counsel have not yet had sufficient opportunity to interview or depose all persons who have or may have knowledge of the facts relevant to this lawsuit or to review all documents which may refer or relate to such facts.

As discovery in this lawsuit continues, additional information and documents may become known to Plaintiff and her counsel. These responses, therefore, are without prejudice to Plaintiff's right to offer further or different evidence, documents, or information at trial, or in any other proceeding in this action. These responses are made solely for the purpose of this action. Plaintiff and her counsel hereby reserve all objections as to competence, relevance, materiality, propriety, and admissibility, and any and all other objections on any other grounds that would require the exclusion of any information from being admitted into evidence. Any such objections may be interposed at the time of trial. Nothing contained herein is intended to be, nor should such be construed as, a waiver of the attorney/client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine.

**RESPONSES TO SPECIAL INTERROGATORIES**

**SPECIAL INTERROGATORY NO. 1:**

State all facts that support YOUR cause of action for breach of contract against ALLSTATE.

(The terms "YOU" and "YOUR" refer to plaintiff Karen Shirley and/or anyone acting on her behalf.

The term "ALLSTATE" refers to defendant Allstate Insurance Company and/or anyone acting on its behalf.)

///

///

THE GREENFIELD LAW FIRM
16516 BERNARDO CENTER DRIVE, SUITE 210
SAN DIEGO, CA 92128

2

Exhibit 1B

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

Objection.   The question seeks information protected from disclosure by both the Attorney-Client Privilege and the Attorney Work-Product Rule.   Without waving any of the foregoing objections, however, and in a spirit of cooperation, this Responding Party states as follows:  Plaintiffs were at all times pertinent insured by Defendant under an Allstate Deluxe Plus Homeowners Policy, Policy Number 904 626 839 ("Policy").  Said policy provided coverage for property damage occurring during the policy period.  In or about the early-to-mid part of December, 2017, an enormous wildfire raced through North San Diego County for several days. The "Lilac Fire" produced an enormous amount of smoke in its path.  Although Plaintiffs' home incurred no burn damage, it did incur substantial smoke damage.  As a result, both the dwelling and its content were seriously damaged.  Defendant's failure to conduct a prompt, reasonable, and thorough investigation resulted in Allstate's failure to recognize the damages and to subsequently pay what was owed under the Policy.  Defendant's failure to pay coverage "A," coverage "C" and additional living expense coverage amounted to not only a breach of the insurance contract, but the unreasonable withholding of insurance benefits amounting to breach of the Implied Covenant of Good Faith and Fair Dealing.

**SPECIAL INTERROGATORY NO. 2:**

IDENTIFY all PERSONS with knowledge of any facts that support YOUR cause of action for breach of contract against ALLSTATE.

(The term "IDENTIFY," when used in reference to a natural person, means to state that person's full name, present or last known residential address, and telephone number.

The term "IDENTIFY," when used in reference to a corporate entity, company, partnership, organization, or association, means to state that entity's full name, business address, and telephone number.

The term "PERSONS" refers to a natural person, corporation, association, organization, partnership, firm business, trust, or public entity.)

///

///

THE GREENFIELD LAW FIRM
16516 BERNARDO CENTER DRIVE, SUITE 110
SAN DIEGO, CA 92128

3

Exhibit 1B

THE GREENFIELD LAW FIRM
16516 BERNARDO CENTER DRIVE, SUITE 210
SAN DIEGO, CA 92128

**RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

Discovery and investigation is continuing.  Thus, Plaintiff reserves the right to supplement his response to the instant interrogatory in the future.  At this point in time, however, the persons with knowledge of facts supporting Plaintiffs' cause of action for breach of contract and breach of the Implied Covenant of Good Faith and Fair Dealing against Allstate are as follows:

(a)   Karen Shirley, contact through the undersigned counsel

(b)   Jensen H. Shirley, contact through the undersigned counsel

(c)   Marc Gross, Policyholders Adjusting Services, 4540 Kearny Villa Road, Suite 215, San Diego, CA 92123, Telephone: (858) 569-9190

(d)   Darrell Adams, Allstate Insurance Company, Catastrophe Referral Office, 2775 Sanders Rd. B1N, 8-M, Northbrook, IL 60062, Telephone: (800) 724-6427 x 6678032

(e)   Melissa Watts, Allstate Insurance Company, Catastrophe Claims, Telephone: (800) 326-0950 x1210907;

(f)   Karen Arce, Allstate Insurance Company, PO Box 6525, Diamond Bar, CA 91765, Telephone: (888) 903-1965, x 6125590

(g)   Andrew Ansardi, Allstate Insurance Company, PO BOX 672041, Dallas, TX 75267, Telephone: (888) 526-2488

(h)   Samantha Keller (Specialty), Allstate Insurance Company, PO Box 672041, Dallas, TX 75267, Telephone: (800) 326-0950 x 1210850

(i)   David Brown, Allstate Insurance Company, Catastrophe Office, PO Box 660598, Dallas, TX 75266-0598

(j)   Robert Arnold, Allstate Insurance Company, P.O. Box 672041, Dallas, TX 75267

(k)   James Deruz, Allstate Insurance Company, Telephone: (847) 402-4733

(l)   Timothy Holman, Allstate Insurance Company, Additional Expenses Department, Telephone: (847) 402-4733

(m)   William Hersum, Hersum Construction, Inc., 4223 Ponderosa Ave., Suite A, San Diego, CA 92123, Telephone: (858) 373-5900

4

Exhibit 1B

THE GREENFIELD LAW FIRM
16516 BERNARDO CENTER DRIVE, SUITE 210
SAN DIEGO, CA 92128

1    (n)    Missy Waldman, Vert Environmental, 8316 Clairemont Mesa Blvd., Suite 206,
2           San Diego, CA 92111, Telephone: (858) 433-3290

3    (o)    Mariah Curran, EMSL Analytical, Inc., 7916 Convoy Court, San Diego, CA
4           92111, Telephone: (858) 499-1303

5    (p)    Mindy Olivares, M.S. Senior Project Manager, RiskNomics, LLC, 8777 E. Via de
6           Ventura, Suite 188 Scottsdale, AZ 85258, Telephone: (480) 315-1100

7    (q)    Andrew J. Olcott, V.P., Operations, RiskNomics, LLC, 8777 E. Via de Ventura,
8           Suite 188 Scottsdale, AZ 85258, Telephone: (480) 315-1100

9    (r)    Julie Morgan, SERVPRO of North Vista / San Marcos, 2870 S. Santa Fe Ave.,
10          San Marcos, CA 92069, Telephone: (760) 758-3454

11   (s)    Harte Morgan, SERVPRO of North Vista / San Marcos, 2870 S. Santa Fe Ave.,
12          San Marcos, CA 92069, Telephone: (760) 758-3454

13   **SPECIAL INTERROGATORY NO. 3:**

14          State all facts that support YOUR cause of action for breach of the implied covenant of
15   good faith and fair dealing against ALLSTATE.

16   **RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

17          Objection.   The question seeks information protected from disclosure by both the
18   attorney-client privilege and the attorney work product rule.   Without waving any of the
19   foregoing objections, however, and in a spirit of cooperation, this Responding Party states as
20   follows:  Plaintiffs were at all times pertinent insured by Defendant under an Allstate Deluxe Plus
21   Homeowners Policy, Policy Number 904 626 839 ("Policy").  Said policy provided coverage for
22   property damage occurring during the policy period.   In or about the early-to-mid part of
23   December, 2017, an enormous wildfire raced through North San Diego County for several days.
24   The "Lilac Fire" produced an enormous amount of smoke in its path.  Although Plaintiffs' home
25   incurred no burn damage, it did incur substantial smoke damage.  As a result, both the dwelling
26   and its content were seriously damaged.  Defendant's failure to conduct a prompt, reasonable, and
27   thorough investigation resulted in Allstate's failure to recognize the damages and to subsequently
28   pay what was owed under the Policy.  Defendant's failure to pay coverage "A," coverage "C" and

5

**Exhibit 1B**

THE GREENFIELD LAW FIRM
16516 BERNARDO CENTER DRIVE, SUITE 210
SAN DIEGO, CA 92128

1  additional living expense coverage amounted to not only a breach of the insurance contract, but

2  the unreasonable withholding of insurance benefits amounting to breach of the Implied Covenant

3  of Good Faith and Fair Dealing.

4  **SPECIAL INTERROGATORY NO. 4:**

5      IDENTIFY all PERSONS with knowledge of any facts that support YOUR cause of

6  action for breach of the implied covenant of good faith and fair dealing against ALLSTATE.

7  **RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

8      Please see Plaintiff's responses to Form Interrogatory No. 2, *supra.*

9  **SPECIAL INTERROGATORY NO. 5:**

10      If YOU contend that YOU are entitled to recover attorneys' fees under *Brandt v.*

11  *Superior Court,* 37 Cal.3d 813 (1985), state the total amount of attorneys' fees YOU have

12  incurred to date to recover policy benefits.

13  **RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

14      Objection.  The question seeks information protected from disclosure at this time by both

15  the attorney-client privilege and the attorney work-product rule.  Full and complete information

16  concerning Plaintiff's entitlement to attorneys' fees under the *Brandt* case will be provided to the

17  defense when appropriate before trial.

18  **SPECIAL INTERROGATORY NO. 6:**

19      If YOU contend that YOU are entitled to recover attorney's fees under *Brandt v. Superior*

20  *Court,* 37 Cal.3d 813 (1985), state the total amount of attorney's fees YOU have incurred to date

21  to recover tort damages.

22  **RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

23      Objection.  The question seeks information protected from disclosure at this time by both

24  the attorney-client privilege and the attorney work-product rule.  Full and complete information

25  concerning Plaintiff's entitlement to attorneys' fees under the *Brandt* case will be provided to the

26  defense when appropriate before trial.

27  ///

28  ///

6

Exhibit 1B

PLAINTIFF KAREN SHIRLEY'S RESPONSES TO ALLSTATE'S SPECIAL INTERROGATORIES (SET 1)

THE GREENFIELD LAW FIRM
16516 BERNARDO CENTER DRIVE, SUITE 210
SAN DIEGO, CA 92128

**SPECIAL INTERROGATORY NO. 7:**

State with specificity the total amount of damages YOU contend YOU have suffered as a result of ALLSTATE's handling of the CLAIM.

(The term "CLAIM" refers to claim no. 0484874029, which YOU made to ALLSTATE for insurance benefits arising from the alleged smoke damage that YOU contend occurred to YOUR residence in December 2017.)

**RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

Objection.   Discovery and investigation is ongoing.   Consequently, the information contained within the instant interrogatory response is simply an estimate.   Further discovery and depositions of the Plaintiffs will serve to clarify the information given herein.   Without waiving the foregoing objections, this Responding Party states as follows:

(a)    Attorneys' fees under *Brandt v. Superior Court*, 37 Cal.3d 813 (1985) – to be determined.

(b)    Plumbing repairs as a result of the Lilac Fire – in excess of $20,000.

(c)    Destroyed refrigerator and freezer contents as a result of loss of electricity – in excess of $3,000.

(d)    Additional Living Expenses ("ALE") including hotel and food – in excess of $6,000.

(e)    Coverage "A" cleanup and sanitization – in excess of $34,000.

(f)    Clothing cleaning – in excess of $5,000.

(g)    Destruction of and damage to contents within the dwelling – in excess of $90,000.

(h)    General damages – to be determined.

(i)    Punitive damages – to be determined.

**SPECIAL INTERROGATORY NO. 8:**

Explain in detail how YOU calculated each item of damage that YOU claim to have suffered as a result of ALLSTATE's handling of the CLAIM.

///

///

7

Exhibit 1B

**RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

Objection. Discovery and investigation continues. In a spirit of cooperation, however, Plaintiff will produce in response to Defendant's Request for Production of Documents all paperwork in his possession which to date supports some of the items of damages sought.

**SPECIAL INTERROGATORY NO. 9:**

State the total amount of alternative living expenses ("ALE") that YOU contend YOU have incurred to live outside of YOUR residence located at 31665 Wrightwood Road, Bonsall, CA 92003 since the December 2017 Lilac Fire.

**RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

Objection. Discovery and investigation is ongoing. Consequently, the information contained within the instant interrogatory response is simply an estimate. Further discovery and depositions of the Plaintiffs will serve to clarify the information given herein. Without waiving the foregoing objections, this Responding Party states as follows:

    (a)    Attorneys' fees under *Brandt v. Superior Court*, 37 Cal.3d 813 (1985) – to be determined.

    (b)    Plumbing repairs as a result of the Lilac Fire – in excess of $20,000.

    (c)    Destroyed refrigerator and freezer contents as a result of loss of electricity – in excess of $3,000.

    (d)    Additional Living Expenses ("ALE") including hotel and food – in excess of $6,000.

    (e)    Coverage "A" cleanup and sanitization – in excess of $34,000.

    (f)    Clothing cleaning – in excess of $5,000.

    (g)    Destruction of and damage to contents within the dwelling – in excess of $90,000.

    (h)    General damages – to be determined.

    (i)    Punitive damages – to be determined.

///

///

///

THE GREENFIELD LAW FIRM
16516 BERNARDO CENTER DRIVE, SUITE 210
SAN DIEGO, CA 92128

8

Exhibit 1B

THE GREENFIELD LAW FIRM
16516 BERNARDO CENTER DRIVE, SUITE 210
SAN DIEGO, CA 92128

1   **SPECIAL INTERROGATORY NO. 10:**

2   State the total monetary value of personal property inside of YOUR residence located at

3   31665 Wrightwood Road, Bonsall, CA 92003, that YOU contend was damaged or destroyed by

4   smoke in the December 2017 Lilac Fire.

5   **RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

6   Objection.   Discovery and investigation is ongoing.   Consequently, the information

7   contained within the instant interrogatory response is simply an estimate.   Further discovery and

8   depositions of the Plaintiffs will serve to clarify the information given herein.   Without waiving

9   the foregoing objections, this Responding Party states as follows:

10   (a)   Attorneys' fees under *Brandt v. Superior Court*, 37 Cal.3d 813 (1985) – to be

11   determined.

12   (b)   Plumbing repairs as a result of the Lilac Fire – in excess of $20,000.

13   (c)   Destroyed refrigerator and freezer contents as a result of loss of electricity – in

14   excess of $3,000.

15   (d)   Additional Living Expenses ("ALE") including hotel and food – in excess of

16   $6,000.

17   (e)   Coverage "A" cleanup and sanitization – in excess of $34,000.

18   (f)   Clothing cleaning – in excess of $5,000.

19   (g)   Destruction of and damage to contents within the dwelling – in excess of $90,000.

20   (h)   General damages – to be determined.

21   (i)   Punitive damages – to be determined.

22   **SPECIAL INTERROGATORY NO. 11:**

23   Describe each item of personal property inside of YOUR residence located at 31665

24   Wrightwood Road, Bonsall, CA 92003, that YOU contend was damaged or destroyed by smoke

25   in the December 2017 Lilac Fire.

26   ///

27   ///

28   ///

9

Exhibit 1B

THE GREENFIELD LAW FIRM
16516 BERNARDO CENTER DRIVE, SUITE 210
SAN DIEGO, CA 92128

**RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

    (a)    One (1) Living room upholstered sectional sofa

    (b)    Six (6) Family heirloom chairs re-upholstered (including replacing interior cushion materials)

    (c)    One (1) Family heirloom sofa re-upholstered (including replacing interior cushion materials)

    (d)    One (1) Sofa sleeper

    (e)    One (1) 3-Cushion leather sofa

    (f)    Eight (8) Outdoor patio furniture cushions

    (g)    Two (2) Master bedroom chairs

    (h)    One (1) Master bedroom upholstered settee/chaise lounge

    (i)    One (1) King size mattress

    (j)    One (1) Tempurpedic King size mattress

    (k)    One (1) Tempurpedic Queen size mattress

    (l)    Twenty-Eight (28) Window with drapes, and/or upholstered valances, and/or fabric shades

    (m)    One (1) Luminette shade, 15 ft. wide

    (n)    One (1) C-Pap breathing machine

    (o)    Nine (9) Lamp shades

    (p)    Four (4) Large area rugs

    (q)    Three (3) Small rugs

**SPECIAL INTERROGATORY NO. 12:**

    If YOU contend that any portions of RiskNomic's February 8, 2018 report (attached to Request as Exhibit A) are inaccurate, state all facts that support YOUR contention.

**RESPONSE TO SPECIAL INTERROGATORY NO. 12:**

    Objection.   The question seeks expert testimony in violation of CCP section 2034. Plaintiff's experts will be fully able to respond to RiskNomic's February 8, 2018 report at the time of expert depositions.

PLAINTIFF KAREN SHIRLEY'S RESPONSES TO ALLSTATE'S SPECIAL INTERROGATORIES (SET 1)

THE GREENFIELD LAW FIRM
16516 BERNARDO CENTER DRIVE, SUITE 210
SAN DIEGO, CA 92128

**SPECIAL INTERROGATORY NO. 13:**

If YOU contend that any portions of RiskNomic's February 8, 2018 report (attached to Request as Exhibit A) are inaccurate, IDENTIFY all PERSONS with knowledge of any facts that support YOUR contention.

**RESPONSE TO SPECIAL INTERROGATORY NO. 13:**

Objection.   The question seeks expert testimony in violation of CCP section 2034. Plaintiff's experts will be fully able to respond to RiskNomic's February 8, 2018 report at the time of expert depositions.

**SPECIAL INTERROGATORY NO. 14:**

If YOU contend that ALLSTATE unreasonably relied upon RiskNomic's February 8, 2018 report (attached to Request as Exhibit A) in conjunction with the handling of YOUR CLAIM, state all facts that support YOUR contention.

**RESPONSE TO SPECIAL INTERROGATORY NO. 14:**

Objection.   The question seeks expert testimony in violation of CCP section 2034. Plaintiff's experts will be fully able to respond to RiskNomic's February 8, 2018 report at the time of expert depositions.

**SPECIAL INTERROGATORY NO. 15:**

If YOU contend that ALLSTATE unreasonably relied upon RiskNomic's February 8, 2018 report (attached to Request as Exhibit A) in conjunction with the handling of YOUR CLAIM, IDENTIFY all PERSONS with knowledge of any facts that support YOUR contention.

**RESPONSE TO SPECIAL INTERROGATORY NO. 15:**

Objection.   The question seeks expert testimony in violation of CCP section 2034. Plaintiff's experts will be fully able to respond to RiskNomic's February 8, 2018 report at the time of expert depositions.

**SPECIAL INTERROGATORY NO. 16:**

If YOU contend that any portions of RiskNomic's February 13, 2018 report (attached to request as Exhibit B) are inaccurate, state all facts that support YOUR contention.

///

11

Exhibit 1B

1   **RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

2       Objection.   The question seeks expert testimony in violation of CCP section 2034.

3   Plaintiff's experts will be fully able to respond to RiskNomic's February 8, 2018 report at the time

4   of expert depositions.

5   **SPECIAL INTERROGATORY NO. 17:**

6       If YOU contend that any portions of RiskNomic's February 13, 2018 report (attached to

7   request as Exhibit B) are inaccurate, IDENTIFY all PERSONS with knowledge of any facts that

8   support YOUR contention.

9   **RESPONSE TO SPECIAL INTERROGATORY NO. 17:**

10       Objection.   The question seeks expert testimony in violation of CCP section 2034.

11   Plaintiff's experts will be fully able to respond to RiskNomic's February 8, 2018 report at the time

12   of expert depositions.

13   **SPECIAL INTERROGATORY NO. 18:**

14       If YOU contend that ALLSTATE unreasonably relied upon RiskNomic's February

15   13, 2018 report (attached to request as Exhibit B) in conjunction with the handling of YOUR

16   CLAIM, state all facts that support YOUR contention.

17   **RESPONSE TO SPECIAL INTERROGATORY NO. 18:**

18       Objection.   The question seeks expert testimony in violation of CCP section 2034.

19   Plaintiff's experts will be fully able to respond to RiskNomic's February 8, 2018 report at the time

20   of expert depositions.

21   **SPECIAL INTERROGATORY NO. 19:**

22       If YOU contend that ALLSTATE unreasonably relied upon RiskNomic's February 13,

23   2018 report (attached to request as Exhibit B) in conjunction with the handling of YOUR

24   CLAIM, IDENTIFY all PERSONS with knowledge of any facts that support YOUR contention.

25   ///

26   ///

27   ///

28   ///

THE GREENFIELD LAW FIRM
16516 BERNARDO CENTER DRIVE, SUITE 210
SAN DIEGO, CA 92128

12

Exhibit 1B

1  **RESPONSE TO SPECIAL INTERROGATORY NO. 19:**

2        Objection.   The question seeks expert testimony in violation of CCP section 2034.

3  Plaintiff's experts will be fully able to respond to RiskNomic's February 8, 2018 report at the time

4  of expert depositions.

5

6

7  DATED: May _10_, 2018                    THE GREENFIELD LAW FIRM

8

9                                    By: _____

10                                        KENNETH N. GREENFIELD,

11                                        KATE A. GREENFIELD,
                                          Attorneys for Plaintiffs JENSEN SHIRLEY and
12                                        KAREN SHIRLEY

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE GREENFIELD LAW FIRM
16516 BERNARDO CENTER DRIVE, SUITE 210
SAN DIEGO, CA 92128

Exhibit 1B

13

*ORIGINAL SIGNED VERIFICATION TO FOLLOW*

| *Shirley v. Allstate Insurance Company* | Case No. 37-2018-00009723-CU-IC-NC |

**VERIFICATION**

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF SAN DIEGO–NORTH COUNTY DIVISION**

I have read the foregoing, **PLAINTIFF KAREN SHIRLEY'S RESPONSES TO DEFENDANT ALLSTATE INSURANCE COMPANY'S SPECIAL INTERROGATORIES (SET NO. ONE)** and know its contents.

**CHECK APPLICABLE PARAGRAPH**

__X__ I am a party to this action. The matters stated in it are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

_____ I am an authorized representative of Karen Shirley, a party to this action, and am authorized to make this verification for and on her behalf, and I make this verification for that reason. The matters stated in it are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

_____ I am one of the attorneys for _____ a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in it are true.

Executed on _____, 2018 at _____, California.
                         [Date]                              [City]

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____          _____
             Signature                                         Printed Name

1
VERIFICATION                                                Exhibit 1B

| *Jensen Shirley and Karen Shirley v.*<br>*Allstate Insurance Company* | **Case No. 37-2018-00009723-CU-IC-NC** |

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF SAN DIEGO – NORTH COUNTY DIVISION

### PROOF OF SERVICE
C.C.P. §1013a, C.R.C. 2.300, et seq.

STATE OF CALIFORNIA          )
                             ) ss.
COUNTY OF SAN DIEGO          )

     I am employed in the aforesaid County, State of California.  I am over the age of 18 years and not a party to the within action; my business address is 16516 Bernardo Center Drive, Suite 210, San Diego, California 92128.

     On May 11, 2018, I served the following document(s) described as:

**PLAINTIFF KAREN SHIRLEY'S RESPONSES TO DEFENDANT ALLSTATE INSURANCE COMPANY'S  SPECIAL INTERROGATORIES (SET ONE)**

     on the interested parties in this action by:

[X]   **Placing a true copy thereof, enclosed in a sealed envelope, addressed as follows.**

| | |
|---|---|
| SHEPPARD, MULLIN, RICHTER &<br>HAMPTON LLP<br>PETER H. KLEE, Esq.<br>JOHN D. EDSON, Esq.<br>501 West Broadway, 19th Floor<br>San Diego, CA 92101-3598<br>Tel: (619) 338-6500; Fax: (619) 234-3815<br>E: PKlee@sheppardmullin.com<br>E: JEdson@sheppardmullin.com | <u>Counsel for Defendant</u>:<br>ALLSTATE INSURANCE COMPANY |

[X]   **BY MAIL:**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at San Diego, California in the ordinary course of business.

[X]   **STATE:**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on May 11, 2018, at San Diego, California.

_____
Melanie Wright

1

PROOF OF SERVICE

Exhibit 1B

# EXHIBIT 2

**June 18, 2018 Notice of ENE and Setting Rule 26 Compliance and CMC**

Exhibit 2

Page 35

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         SOUTHERN DISTRICT OF CALIFORNIA

10

11   JENSEN SHIRLEY and KAREN           Case No.:  18CV994 AJB (BGS)
     SHIRLEY,
12                                       **NOTICE AND ORDER:**
                            Plaintiff,   **(1) FOR EARLY NEUTRAL**
13                                       **EVALUATION CONFERENCE,**
14   v.
                                         **(2) SETTING RULE 26**
15   ALLSTATE INSURANCE COMPANY,         **COMPLIANCE AND CASE**
                                         **MANAGEMENT CONFERENCE**
16                          Defendant.
17

18       IT IS HEREBY ORDERED that an Early Neutral Evaluation of your case will be

19   held on **August 24, 2018**, at **1:30 p.m.** before United States Magistrate Judge Bernard G.

20   Skomal, United States District Court, 333 W. Broadway, Suite 1280, San Diego,

21   California.

22       **The following are <u>mandatory</u> guidelines for the parties preparing for the**

23   **Early Neutral Evaluation Conference.**

24       1.      **Purpose of Conference:**  The purpose of the Early Neutral Evaluation

25   Conference ("ENE") is to hold a serious discussion of every aspect of the lawsuit in an

26   effort to achieve an early resolution of the case.  All conference discussions will be off

27   the record, privileged and confidential.  Counsel for any non-English speaking party is

28   responsible for arranging for the appearance of an interpreter at the conference.

                                          1

Exhibit 2

Page 36

18CV994 AJB (BGS)

2.     **Personal Appearance of Parties Is Required:**  All parties, adjusters for insured defendants, and client representatives must be present and have full and complete authority to enter into a binding settlement at the ENE.[1]  The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.  Counsel for a government entity may be excused from this requirement so long as the government attorney who attends the ENE conference (1) has primary responsibility for handling the case; and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official having ultimate settlement authority.  Other parties seeking permission to be excused from attending the ENE in person must follow the procedures outlined in Judge Skomal's Chambers' Rules.  (*See* Judge Skomal's Chambers' Rules II.C.)  Failure of any of the above parties to appear at the ENE conference without the Court's permission will be grounds for sanctions.  The principal attorneys responsible for the litigation must also be present in person and prepared to discuss all of the **legal and factual** issues in the case.

3.     **Confidential ENE Statements Required:**  No later than **August 10, 2018**, the parties must submit confidential statements of seven pages or less directly to Judge Skomal.  Please also attach relevant exhibits.  The statement must address the legal and factual issues in the case and should focus on issues most pertinent to settling the matter. The statement should not repeat facts or law contained in the Complaint or Answer. Statements do not need to be filed or served on opposing counsel.  The statement must also include any prior settlement offer or demand, as well as the offer or demand the

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties.  *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party.  *Pitman v. Brinker Intl., Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003).  The person must be able to bind the party without the need to call others not present at the conference for authority or approval. The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference.  *Id.* at 486.  A limited or a sum certain of authority is not adequate.  *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590 (8th Cir. 2001).

Exhibit 2

1  party will make at the ENE.  The Court will keep this information confidential unless the

2  party authorizes the Court to share the information with opposing counsel. **ENE**

3  **statements must be emailed to efile_Skomal@casd.uscourts.gov.**

4       4.       **New Parties Must Be Notified by Plaintiff's Counsel:**  Plaintiff's counsel

5  shall give notice of the ENE to parties responding to the complaint after the date of this

6  notice.

7       5.       **Case Management Conference:**  Any objections made to initial disclosure

8  pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)-(D) are overruled, and the

9  parties are ordered to proceed with the initial disclosure process.  Any further objections

10  to initial disclosure will be resolved as required by Rule 26 and Judge Skomal's

11  Chambers' Rules regarding discovery disputes.  Accordingly:

12       a.       The Rule 26(f) conference shall be completed on or before **July 27,**

13  **2018**;

14       b.       The date of initial disclosure pursuant to Rule 26(a)(1)(A-D) shall

15  occur before **August 3, 2018**;

16       c.       A Joint Discovery Plan shall be filed on the CM/ECF system as well

17  as lodged with Magistrate Judge Skomal by delivering the plan directly to chambers or by

18  emailing it to efile_skomal@casd.uscourts.gov, on or before **August 10, 2018**. The plan

19  must be one document and must explicitly cover the parties' views and proposals for each

20  item identified in Federal Rule of Civil Procedure 26(f)(3).  Agreements made in the

21  Discovery Plan will be treated as binding stipulations that are effectively incorporated

22  into the Court's Case Management Order.

23       In cases involving significant document production or any electronic discovery, the

24  parties must also include the process and procedure for "claw back" or "quick peek"

25  agreements as contemplated by Federal Rule of Evidence 502(d).  The parties should also

26  address whether an order providing for protection under Rule 502(e) is needed.

27       Finally, the parties must thoughtfully meet and confer about electronic discovery

28  and include answers to the following questions in the Discovery Plan:

3

Exhibit 2

Page 38
18CV994 AJB (BGS)

i.    Are there any preservation issues?  If so, what are they and how are the parties addressing the issues;

ii.   What form of production have the parties agreed to?  Are there any disputes with respect to the parties' preferred form of production?  What is the parties' positions respecting Metadata;

iii.  Are there any proportionality issues?  Specifically address Rule 26(b)(2)(B) relating to inaccessible electronically stored information ("ESI");

iv.   What have the parties decided regarding the methodologies for identifying ESI for production?  For instance, will the parties conduct key word searching, use predictive coding, or other advanced culling techniques.

In the event the case does not settle at the ENE, a Case Management Conference, pursuant to Federal Rule of Civil Procedure 16(b) will be held at the conclusion of the settlement conference.

6.    **Requests to Continue an ENE Conference:**  Requests to continue ENEs are rarely granted.  The Court will, however, consider formal motions to continue an ENE when extraordinary circumstances exist and the other party has no objection.  If another party objects to the continuance, counsel for both parties must call chambers and discuss the matter with the research attorney/law clerk assigned to the case before any motion may be filed.  **Any request for a continuance must be made as soon as counsel is aware of the circumstances that warrant rescheduling the conference.**  Requests to continue the ENE based on preexisting scheduling conflicts must be raised within 10 days of the Court's issuance of this Order.

7.    **Settlement Prior to ENE Conference:**   The Court encourages the parties to work on settling the matter in advance of the ENE Conference.  In the event that the parties resolve the matter prior to the day of the conference, the following procedures

1    must be followed before the Court will vacate the ENE and excuse the parties from

2    appearing:

3           A.     The parties may file a Joint Motion to Dismiss and submit a proposed

4    order to the assigned district judge.  If a Joint Motion to Dismiss is filed, the Court will

5    immediately vacate the ENE;

6           B.     If the parties settle more than 24 hours before the conference but are

7    not able to file a Joint Motion to Dismiss, they must file a Joint Notice of Settlement

8    containing the electronic signatures of counsel for all settling parties and must also

9    identify a date by which the Joint Motion to Dismiss will be filed;

10          C.     If the parties settle less than 24 hours before the conference, counsel

11   for the settling parties must JOINTLY call chambers and inform the Court of the

12   settlement and receive Court permission to not appear at the ENE.

13        Questions regarding this case or the mandatory guidelines set forth herein may be

14   directed to Judge Skomal's research attorney at (619) 557-2993.  Please consult Judge

15   Skomal's rules, available on the Court's website, before contacting chambers with your

16   questions.

17        A Notice of Right to Consent to Trial Before a United States Magistrate Judge is

18   attached for your information.

19   Dated:  June 18, 2018

20

21                                Hon. Bernard G. Skomal

                                United States Magistrate Judge

# NOTICE OF RIGHT TO CONSENT TO TRIAL
## BEFORE A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. § 636(c), you are notified that a U.S. Magistrate Judge of this district may, upon the consent of all parties, on form 1A available in the Clerk's office, conduct any or all proceedings, including a jury or non-jury trial, and order the entry of a final judgment. Counsel for the plaintiff is responsible to obtain the consent of all parties, if they want to consent.

Be aware that your decision to consent or not to consent is entirely voluntary. Only if all parties consent will the Judge or Magistrate Judge to whom the case has been assigned be informed of your decision.

Judgments of the U.S. Magistrate Judges are appealable to the U.S. Court of Appeals in accordance with this statute and the Federal Rules of Appellate Procedure.

Exhibit 2
Page 41
18CV994 AJB (BGS)

# EXHIBIT 3
## Plaintiffs' Rule 26(a) Initial Disclosures

Exhibit 3

Page 42

1   Kenneth N. Greenfield, Esq.  (CA SBN 105721)
  Kate A. Greenfield, Esq.    (CA SBN 291703)
2   **THE GREENFIELD LAW FIRM**
  16516 Bernardo Center Drive, Suite 210
3   San Diego, CA 92128
  T: (858) 675-0301
4   F: (858) 675-0319
  E-Mail: kgreenfield@thegreenfieldlawfirm.com
5         kag@thegreenfieldlawfirm.com

6   Attorneys for Plaintiffs JENSEN SHIRLEY and KAREN SHIRLEY

7

8           **UNITED STATES DISTRICT COURT**

9         **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10  JENSEN SHIRLEY and KAREN SHIRLEY, | Case No.  18CV00994-AJB-BGS |
| 11          Plaintiffs, | Hon. Anthony J. Battaglia Suite 1280 |
| 12          v. | Mag. Bernard G. Skomal |
| 13  ALLSTATE INSURANCE COMPANY, | **PLAINTIFFS' RULE 26(a) INITIAL DISCLOSURES** |
| 14 | |
| 15          Defendant. | Complaint Filed:  February 27, 2018 Trial:         TBD |
| 16 | |
| 17 | |

18       Pursuant to Federal Rules of Civil Procedure section 26(a)(1), Plaintiffs

19   JENSEN SHIRLEY and KAREN SHIRLEY ("Plaintiffs") hereby submit the

20   following initial disclosures:

21     **i.**     **Witnesses.**

22       This information has previously been disclosed in responses to Defendant's

23   first set of discovery requests.

24     **ii.**    **Documents and things.**

25       All known documents have previously been produced in responses to

26   Defendant's first set of requests for production of documents.

27   ///

28   ///

                                            Exhibit 3
**PLAINTIFFS' RULE 26(a)(1) DISCLOSURES**

1    ### iii.    Damages computation.

2    Discovery and investigation are ongoing.  Thus, the figures given below are

3    very rough estimates as of the time of preparing the instant exchange document.

4    Any supporting, non-privileged documents not previously produced will be

5    produced when discovered and at the appropriate time, including the time of the

6    expert witness exchange.

7       1.    Estimate for cleaning and deodorization of Plaintiffs' home – no less

8             than $34,000.

9       2.    Cleaning of smoke contaminated clothing and home furnishings, and

10            the destruction of home furnishings – no less than $100,000.

11      3.    Preparation of cleaning estimate – $1,875.

12      4.    Retention of industrial hygienist for opinion and testing of smoke

13            contaminated areas – no less than $1,000.

14      5.    Emotional distress damages – in a reasonable amount for both

15            Plaintiffs.

16      6.    Attorney's fees – unknown at this time.

17      7.    Punitive damages – in an amount sufficient to punish Defendant.

18      8.    Costs – no less than $1,000.

19      9.    Additional Living Expenses – no less than $15,000.

20      10.   Loss of earnings – unknown at this time.

21      11.   Medical costs resulting from Plaintiffs' emotional distress – unknown

22            at this time.

23      12.   Medical costs resulting from the exacerbation of Plaintiff Jensen

24            Shirley's respiratory condition due to the failure of Defendant to

25            provide policy benefits promptly to Plaintiffs – unknown at this time.

26    ///

27    ///

28    ///

iv.   **Liability insurance.**

This is not applicable to this case.

DATED:  August 10, 2018

Respectfully submitted,
THE GREENFIELD LAW FIRM

By: _____
KENNETH N. GREENFIELD,
KATE A. GREENFIELD,
Attorneys for Plaintiffs, JENSEN
SHIRLEY and KAREN SHIRLEY

3

**PLAINTIFFS' RULE 26(a)(1) DISCLOSURES**

Exhibit 3

1  Kenneth N. Greenfield, Esq.   (CA SBN 105721)
   Kate A. Greenfield, Esq.      (CA SBN 291703)
2  **THE GREENFIELD LAW FIRM**
   16516 Bernardo Center Drive, Suite 210
3  San Diego, CA 92128
   T: (858) 675-0301
4  F: (858) 675-0319
   E-Mail: kgreenfield@thegreenfieldlawfirm.com
5          kag@thegreenfieldlawfirm.com

6  Attorneys for Plaintiffs JENSEN SHIRLEY and KAREN SHIRLEY

7

8                  **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10 JENSEN SHIRLEY and KAREN          )   Case No.  18CV00994-AJB-BGS
   SHIRLEY,                          )
11                                   )   Hon. Anthony J. Battaglia
              Plaintiffs,            )   Suite 1280
12                                   )
              v.                     )   Mag. Bernard G. Skomal
13                                   )
   ALLSTATE INSURANCE               )   **DECLARATION OF SERVICE**
14 COMPANY,                          )
                                    )   Complaint Filed:  February 27, 2018
15            Defendant.             )   Trial:            TBD
                                    )
16                                   )
                                    )
17                                   )
                                    )
18 _____

19         I, the undersigned, hereby declare that I am over the age of eighteen years

20 and not a party to this action. I am employed, or am a resident of, the County of San

21 Diego, State of California; my business address is 16516 Bernardo Center Drive,

22 Suite 210, San Diego, CA 92128.

23         On August 10, 2018, I served a copy of the following document(s):

24

25 **PLAINTIFFS' RULE 26(a) INITIAL DISCLOSURES**

26 ///
   ///
27 ///
   ///
28 ///
   ///

                                    1                        Exhibit 3
                        DECLARATION OF SERVICE

1  [X]   **BY MAIL:**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at San Diego, California in the ordinary course of business.

4  [  ]   **BY E-MAIL:**  Courtesy Copy Only).

5  [  ]   **BY Electronic Filing and Service Pursuant to General Order 550:** I caused the document(s) listed above via the Court's Electronic Filing System which constitutes service, pursuant to General Order 550 of the above-titled Court, upon the counsel on service list.

8  **Counsel for Defendant**
9  Peter H. Klee, Esq.
   John D. Edson, Esq.
10  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
11  501 West Broadway, 19th Floor
    San Diego, CA 92101-3598
12  Tel: (619) 338-6500 // Fax: (619) 234-3815
13  E: PKlee@sheppardmullin.com
    E: JEdson@sheppardmullin.com
14

15  [X]   I declare under penalty of perjury under the law of the United States of
16  America that the foregoing is true and correct.

18  Executed on August 10, 2018, in San Diego, California.

20  Melanie Wright

THE GREENFIELD LAW FIRM
16516 BERNARDO CENTER DRIVE, SUITE 210
SAN DIEGO, CA 92128

# EXHIBIT 4
## September 7, 2018 Scheduling Order

Exhibit 4

Page 48

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENSEN SHIRLEY and KAREN SHIRLEY,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | Case No.: 18CV994 AJB (BGS)<br><br>**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

Pursuant to Rule 16.1(d) of the Local Rules, a Case Management Conference was held on **August 24, 2018**.  After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, **IT IS HEREBY ORDERED**:

1.     The parties must disclose the identity of their respective experts in writing by **February 4, 2019**.  The date for the disclosure of the identity of rebuttal experts must be on or before **February 18, 2019**.  The written designations must include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list must also include the normal rates the expert charges for deposition and trial testimony. **The parties must identify <u>any</u> person who may be used at trial to present evidence pursuant to Fed. R. Evid. 702, 703 and 705,**

Exhibit 4

Page 49

18CV994 AJB (BGS)

1

1  respectively.  **This requirement is not limited to retained experts.**

2      2.    On or before **March 18, 2019**, each party must comply with the disclosure

3  provisions in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.  **This disclosure**

4  **requirement applies to all persons retained or specifically employed to provide**

5  **expert testimony or whose duties as an employee of the part regularly involve the**

6  **giving of expert testimony.**

7      3.    Any party shall supplement its disclosure regarding contradictory or rebuttal

8  evidence under Fed. R. Civ. P. 26(a)(2)(c) by **April 1, 2019**.

9      **4.    Please be advised that failure to comply with this section or any other**

10  **discovery order of the court may result in the sanctions provided for in Fed. R. Civ.**

11  **P. 37 including a prohibition on the introduction of experts or other designated**

12  **matters in evidence.**

13      5.    All fact discovery must be completed by all parties on or before **January 4,**

14  **2019**.  All expert discovery must be completed by all parties on or before **May 1, 2019**.

15  "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil

16  Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period

17  of time in advance of the cut-off date, so that it may be completed by the cut-off date,

18  taking into account the times for service, notice and response as set forth in the Federal

19  Rules of Civil Procedure. Counsel must promptly and in good faith meet and confer with

20  regard to all discovery disputes in compliance with Local Rule 26.1.a. All discovery

21  disputes must be timely raised in compliance with the undersigned's Chambers Rules and

22  only after counsel have met and conferred and have reached impasse with regard to the

23  particular issue.  **A failure to comply in this regard will result in a waiver of a party's**

24  **discovery issue. Absent an order of the court, no stipulation continuing or altering**

25  **this requirement will be recognized by the court.**

26      6.    A Mandatory Settlement Conference will be conducted on **August 21, 2019**

27  at **1:30 p.m.** in the chambers of **Magistrate Judge Bernard G. Skomal**.  Counsel or any

28  party representing himself or herself must submit confidential settlement briefs **directly**

Exhibit 4

1   to the magistrate judge's chambers by **August 7, 2019 by emailing the briefs to**

2   **efile_skomal@casd.uscourts.gov**.  All parties are ordered to read and to fully comply

3   with the Chamber Rules of the assigned magistrate judge.

4         7.    All other dispositive motions, ***including those addressing Daubert issues***,

5   must be filed on or before **June 3, 2019**.  Please be advised that counsel for the moving

6   party must obtain a motion hearing date from the law clerk of the judge who will hear the

7   motion.  Motions in Limine are to be filed as directed in the Local Rules, or as otherwise

8   set by Judge Battaglia.

9         8.    Counsel must comply with the pre-trial disclosure requirements of Fed. R.

10   Civ. P. 26(a)(3) on or before **September 5, 2019**.

11         9.    This order replaces the requirements under Civ. L. R. 16.1.f.6.c.  No

12   Memoranda of Law or Contentions of Fact are to be filed.

13         10.   The parties must meet and confer on or before **September 12, 2019** and

14   prepare a proposed pretrial order in the form as set forth in Civ. L. R. 16.1.f.6.

15       The Court encourages the parties to consult with the assigned magistrate judge to

16   work out any problems in preparation of the proposed pretrial order.  The court will

17   entertain any questions concerning the conduct of the trial at the pretrial conference.

18         11.   Objections to Pre-trial disclosures must be filed no later than **September 19,**

19   **2019**.

20         12.   The Proposed Final Pretrial Conference Order as described above must be

21   prepared, served and lodged with the assigned district judge on or before **September 26,**

22   **2019**.

23         13.   The final Pretrial Conference is scheduled on the calendar of the **Honorable**

24   **Anthony J. Battaglia** on **October 3, 2019** at **2:00 p.m.**.

25         14.   A post trial settlement conference before a magistrate judge may be held

26   within 30 days of verdict in the case.

27         15.   The dates and times set forth herein will not be modified except for good

28   cause shown.

Exhibit 4

16.     Dates and times for hearings on motions must be approved by the Court's clerk before notice of hearing is served.

17.     Briefs or memoranda in support of or in opposition to any pending motion must not exceed twenty-five (25) pages in length without leave of a district judge.  No reply memorandum will exceed ten (10) pages without leave of a district judge.  Briefs and memoranda exceeding ten (10) pages in length must have a table of contents and a table of authorities cited.

**IT IS SO ORDERED.**

Dated:  September 7, 2018

Hon. Bernard G. Skomal
United States Magistrate Judge

Exhibit 4
Page 52
18CV994 AJB (BGS)

4

# EXHIBIT 5
## September 25, 2018 E-Mail from Edson to Greenfield

Exhibit 5

Page 53

**John Edson**

**From:**         John Edson
**Sent:**         Tuesday, September 25, 2018 9:46 AM
**To:**            Melanie Wright; Kenneth Greenfield
**Subject:**       Shirley v. Allstate re meet and confer

Ken:

I double checked plaintiffs' Rule 26 disclosures.  Plaintiffs' Rule 26 disclosures did not list any witnesses or the scope of their proposed testimony.  The Rule 26 disclosures reference back to plaintiffs' interrogatory responses.  Yet, those responses do not list Nate Borsheim, whom you wish to depose.

Plaintiffs' interrogatory responses also list Julie Morgan and Harte Morgan of Servpro of North Vista/San Marcos.  Yet, that list does not meet the requirements of Rule 26 because it does not list their proposed scope of testimony.  Plaintiffs' document disclosures also do not contain any documents from Nate Borsheim, Julie Morgan or Harte Morgan.

Plaintiffs' interrogatory response also include some people who were involved with the claim, like Marc Gross, Missy Waldman and William Hersum.  Yet, plaintiffs' interrogatory responses do not list their proposed scope of testimony.

On the assumption that this was an oversight by your office, will you agree to amend the Rule 26 disclosures to list plaintiffs' witness list and the proposed scope of testimony?  Allstate needs this information to determine whether to depose these individuals.

John D. Edson
619.338.6616 | direct
619.515.4136 | direct fax
JEdson@sheppardmullin.com | Bio

**SheppardMullin**
Sheppard Mullin Richter & Hampton LLP
501 West Broadway, 19th Floor
San Diego, CA 92101
619.338.6500 | main
www.sheppardmullin.com

**From:** Melanie Wright <mwright@thegreenfieldlawfirm.com>
**Sent:** Thursday, September 20, 2018 4:11 PM
**To:** John Edson <JEdson@sheppardmullin.com>
**Cc:** Kenneth Greenfield <kgreenfield@thegreenfieldlawfirm.com>
**Subject:** FW: Shirley v. Allstate re meet and confer

Dear Mr. Edson,

Are you available for the depositions of Missy Waldman and Nate Borsheim of Vert Environmental on Tuesday, October 23 or Wednesday, October 24?  Both depositions will be scheduled on the same day.

Exhibit 5
Page 54

Please let me know and I will prepare the notices.  Thank you.

Sincerely,
Melanie Wright
*Legal Assistant and Paralegal*
The Greenfield Law Firm
16516 Bernardo Center Drive, Suite 210
San Diego, CA 92128
Tel:  (858) 675-0301; Fax: (858) 675-0319
www.thegreenfieldlawfirm.com

The information contained in this e-mail message and any accompanying documents is subject to the attorney-client privilege and/or the attorney work product doctrine and is confidential business information intended only for the use of the individual(s) or entity(ies) named above. The information herein may also be protected by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and other statutes and laws. If the reader of this message is not the intended recipient or representative of the recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please notify the Systems Administrator at admin@thegreenfieldlawfirm.com and immediately delete this message from your system. Thank you for your cooperation.

Exhibit 5

Page 55

# EXHIBIT 6
**September 25, 2018 E mail from Greenfield to Edson**

Exhibit 6

Page 56

**John Edson**

| | |
|---|---|
| **From:** | Kenneth Greenfield <kgreenfield@thegreenfieldlawfirm.com> |
| **Sent:** | Tuesday, September 25, 2018 11:12 AM |
| **To:** | John Edson; Melanie Wright |
| **Subject:** | RE: Shirley v. Allstate re meet and confer |

John,

I'll provide you with an amended or supplemented Rule 26 disclosure within the next couple of days.   Thanks.   Ken

*Kenneth N. Greenfield, Esq.*
*The Greenfield Law Firm*
*16516 Bernardo Center Drive, Suite 210*
*San Diego, Ca. 92128*
*858.675.0301      www.thegreenfieldlawfirm.com*

**From:** John Edson [mailto:JEdson@sheppardmullin.com]
**Sent:** Tuesday, September 25, 2018 9:46 AM
**To:** Melanie Wright; Kenneth Greenfield
**Subject:** Shirley v. Allstate re meet and confer

Ken:

I double checked plaintiffs' Rule 26 disclosures.  Plaintiffs' Rule 26 disclosures did not list any witnesses or the scope of their proposed testimony.  The Rule 26 disclosures reference back to plaintiffs' interrogatory responses.  Yet, those responses do not list Nate Borsheim, whom you wish to depose.

Plaintiffs' interrogatory responses also list Julie Morgan and Harte Morgan of Servpro of North Vista/San Marcos.  Yet, that list does not meet the requirements of Rule 26 because it does not list their proposed scope of testimony.  Plaintiffs' document disclosures also do not contain any documents from Nate Borsheim, Julie Morgan or Harte Morgan.

Plaintiffs' interrogatory response also include some people who were involved with the claim, like Marc Gross, Missy Waldman and William Hersum.  Yet, plaintiffs' interrogatory responses do not list their proposed scope of testimony.

On the assumption that this was an oversight by your office, will you agree to amend the Rule 26 disclosures to list plaintiffs' witness list and the proposed scope of testimony?  Allstate needs this information to determine whether to depose these individuals.

John D. Edson
619.338.6616 | direct
619.515.4136 | direct fax
JEdson@sheppardmullin.com | Bio

Exhibit 6

Page 57

**SheppardMullin**
Sheppard Mullin Richter & Hampton LLP
501 West Broadway, 19th Floor
San Diego, CA 92101
619.338.6500 | main
www.sheppardmullin.com

**From:** Melanie Wright <mwright@thegreenfieldlawfirm.com>
**Sent:** Thursday, September 20, 2018 4:11 PM
**To:** John Edson <JEdson@sheppardmullin.com>
**Cc:** Kenneth Greenfield <kgreenfield@thegreenfieldlawfirm.com>
**Subject:** FW: Shirley v. Allstate re meet and confer

Dear Mr. Edson,

Are you available for the depositions of Missy Waldman and Nate Borsheim of Vert Environmental on either Tuesday, October 23 or Wednesday, October 24?  Both depositions will be scheduled on the same day.

Please let me know and I will prepare the notices.  Thank you.

Sincerely,
Melanie Wright
*Legal Assistant and Paralegal*
The Greenfield Law Firm
16516 Bernardo Center Drive, Suite 210
San Diego, CA 92128
Tel:  (858) 675-0301; Fax: (858) 675-0319
www.thegreenfieldlawfirm.com

The information contained in this e-mail message and any accompanying documents is subject to the attorney-client privilege and/or the attorney work product doctrine and is confidential business information intended only for the use of the individual(s) or entity(ies) named above. The information herein may also be protected by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and other statutes and laws. If the reader of this message is not the intended recipient or representative of the recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please notify the Systems Administrator at admin@thegreenfieldlawfirm.com and immediately delete this message from your system. Thank you for your cooperation.

<u>Attention:</u> This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

Exhibit 6
Page 58

# EXHIBIT 7
### Plaintiffs' Supplemental Rule 26 Disclosures

Exhibit 7

Page 59

1 Kenneth N. Greenfield, Esq.   (CA SBN 105721)
  Kate A. Greenfield, Esq.   (CA SBN 291703)
2 **THE GREENFIELD LAW FIRM**
  16516 Bernardo Center Drive, Suite 210
3 San Diego, CA 92128
  T: (858) 675-0301
4 F: (858) 675-0319
  E-Mail: kgreenfield@thegreenfieldlawfirm.com
5        kag@thegreenfieldlawfirm.com

6 Attorneys for Plaintiffs JENSEN SHIRLEY and KAREN SHIRLEY

7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10 JENSEN SHIRLEY and KAREN SHIRLEY, | Case No.  18CV00994-AJB-BGS |
| 11 | Hon. Anthony J. Battaglia |
| 12          Plaintiffs, | Suite 1280 |
| 13          v. | Mag. Bernard G. Skomal |
| 14 ALLSTATE INSURANCE COMPANY, | **PLAINTIFFS' SUPPLEMENTAL RULE 26(a) DISCLOSURES** |
| 15          Defendant. | Complaint Filed:  February 27, 2018 |
| 16 | Trial:          TBD |
| 17 | |

18

19     Pursuant to Federal Rules of Civil Procedure section 26(e)(1)(A), Plaintiffs

20 JENSEN SHIRLEY and KAREN SHIRLEY ("Plaintiffs") hereby submit the

21 following supplemental disclosures:

22     **i.**     **Witnesses.**

23     (a)     Jensen H. Shirley; contact through The Greenfield Law Firm;

24     Plaintiffs' communications with Defendant, Public Adjuster, and third-

25     party vendors, and Plaintiffs' damages.

26     (b)     Karen Shirley; contact through The Greenfield Law Firm; Plaintiffs'

27     communications with Defendant, Public Adjuster, and third-party

28     vendors, and Plaintiffs' damages.

1

PLAINTIFFS' SUPPLEMENTAL RULE 26 DISCLOSURES

Exhibit 7
Page 60
18CV00994-AJB-BGS

THE GREENFIELD LAW FIRM
16516 BERNARDO CENTER DRIVE, SUITE 210
SAN DIEGO, CA 92128

1    (c)   Marc Gross; 4540 Kearny Villa Road, Suite 215, San Diego, CA

2         92123, Telephone: (858) 569-9190; communications with the

3         Plaintiffs, with Allstate Insurance Company representatives, and with

4         various vendors, and Plaintiffs' damages.

5    (d)   Darrell Adams; contact information known to Defendant; handling of

6         claim/ policy information.

7    (e)   Melissa Watts; contact information known to Defendant; handling of

8         claim/ policy information.

9    (f)   Karen Arce; contact information known to Defendant; handling of

10        claim/ policy information.

11   (g)   Andrew Ansardi; contact information known to Defendant; handling

12        of claim/ policy information.

13   (h)   Samantha Keller; contact information known to Defendant; handling

14        of claim/ policy information.

15   (i)   David Brown; contact information known to Defendant; handling of

16        claim/ policy information.

17   (j)   Robert Arnold; contact information known to Defendant; handling of

18        claim/ policy information.

19   (k)   James Deruz; contact information known to Defendant; handling of

20        claim/ policy information.

21   (l)   Timothy Holman; contact information known to Defendant; handling

22        of claim/ policy information.

23   (m)   William Hersum; 4223 Ponderosa Ave., Suite A, San Diego, CA

24        92123, Telephone: (858) 373-5900; cleaning and repair costs.

25   (n)   Missy Waldman; 8316 Clairemont Mesa Blvd., Suite 206, San Diego,

26        CA 92111, Telephone: (858) 433-3290; smoke damage issues arising

27        out of laboratory report analyses.

28   ///

PLAINTIFFS' SUPPLEMENTAL RULE 26 DISCLOSURES

Exhibit 7

Page 61B BGS

THE GREENFIELD LAW FIRM
16316 BERNARDO CENTER DRIVE, SUITE 210
SAN DIEGO, CA 92128

(o)   Nate Borsheim; 8316 Clairemont Mesa Blvd., Suite 206, San Diego, CA 92111, Telephone: (858) 433-3290; smoke damage issues arising out of laboratory report analyses.

(p)   Mariah Curran; 7916 Convoy Court, San Diego, CA 92111, Telephone: (858) 499-1303; combustion by product laboratory report analysis.

(q)   Mindy Olivares; 8777 E. Via de Ventura, Suite 188 Scottsdale, AZ 85258, Telephone: (480) 315-1100; combustion by product laboratory report analysis.

(r)   Andrew J. Olcott; 8777 E. Via de Ventura, Suite 188 Scottsdale, AZ 85258, Telephone: (480) 315-1100; combustion by product laboratory report analysis.

(s)   Julie Morgan; 2870 S. Santa Fe Ave., San Marcos, CA 92069, Telephone: (760) 758-3454; damages/cleaning costs and methods.

(t)   Harte Morgan; 2870 S. Santa Fe Ave., San Marcos, CA 92069, Telephone: (760) 758-3454; damages/cleaning costs and methods.

**ii.   Documents and things.**

There is nothing to supplement at this time.

**iii.   Damages computation.**

There is nothing to supplement at this time.

**iv.   Liability insurance.**

There is nothing to supplement at this time.

DATED: September 27, 2018                    THE GREENFIELD LAW FIRM

By: _____

KENNETH N. GREENFIELD,
KATE A. GREENFIELD,
Attorneys for Plaintiffs, JENSEN
SHIRLEY and KAREN SHIRLEY

3

1   Kenneth N. Greenfield, Esq.   (CA SBN 105721)
    Kate A. Greenfield, Esq.       (CA SBN 291703)
2   **THE GREENFIELD LAW FIRM**
    16516 Bernardo Center Drive, Suite 210
3   San Diego, CA 92128
    T: (858) 675-0301
4   F: (858) 675-0319
    E-Mail: kgreenfield@thegreenfieldlawfirm.com
5           kag@thegreenfieldlawfirm.com

6   Attorneys for Plaintiffs, JENSEN SHIRLEY and KAREN SHIRLEY

7

8                 **UNITED STATES DISTRICT COURT**

9                 **SOUTHERN DISTRICT OF CALIFORNIA**

10  JENSEN SHIRLEY and KAREN           )   Case No.  18CV00994-AJB-BGS
    SHIRLEY,                           )
11                                     )   Hon. Anthony J. Battaglia
             Plaintiffs,               )   Suite 1280
12                                     )
             v.                        )   Mag. Bernard G. Skomal
13                                     )
    ALLSTATE INSURANCE                 )   **DECLARATION OF SERVICE**
14  COMPANY,                           )
                                       )   Complaint Filed:   February 27, 2018
15           Defendant.                )   Trial:             TBD
                                       )
16                                     )
                                       )
17                                     )
                                       )
18  _____

19          I, the undersigned, hereby declare that I am over the age of eighteen years

20  and not a party to this action. I am employed, or am a resident of, the County of San

21  Diego, State of California; my business address is 16516 Bernardo Center Drive,

22  Suite 210, San Diego, CA 92128.

23          On September 27, 2018, I served a copy of the following document(s):

24

25          **PLAINTIFFS' SUPPLEMENTAL RULE 26(a) DISCLOSURES**

26  ///
    ///
27  ///
    ///
28  ///
    ///

                                    1
                        DECLARATION OF SERVICE
                                                            Exhibit 7

1    [X]    **BY MAIL:**  I am "readily familiar" with the firm's practice of collection and
2           processing correspondence for mailing. Under that practice, it would be
             deposited with the United States Postal Service on that same day, with
3           postage thereon fully prepaid at San Diego, California in the ordinary course
             of business.

4    [ ]    **BY E-MAIL:**  (Courtesy Copy Only).

5    [ ]    **BY Electronic Filing and Service Pursuant to General Order 550:** I
6           caused the document(s) listed above via the Court's Electronic Filing System
             which constitutes service, pursuant to General Order 550 of the above-titled
7           Court, upon the counsel on service list.

8    **Counsel for Defendant, ALLSTATE INSURANCE COMPANY**
     Peter H. Klee, Esq.
9    John D. Edson, Esq.
     **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
10   501 West Broadway, 19th Floor
11   San Diego, CA 92101-3598
     Tel: (619) 338-6500 // Fax: (619) 234-3815
12   E: PKlee@sheppardmullin.com
13   E: JEdson@sheppardmullin.com

14

15   [X]    I declare under penalty of perjury under the law of the United States of
16   America that the foregoing is true and correct.

17

18          Executed on September 27, 2018, in San Diego, California.

19

20                                    Melanie Wright

21

22

23

24

25

26

27

28

THE GREENFIELD LAW FIRM
16516 BERNARDO CENTER DRIVE, SUITE 210
SAN DIEGO, CA 92128

# EXHIBIT 8
**October 11, 2018 E mail from Edson to Greenfield**

Exhibit 8

Page 65

**John Edson**

| | |
|---|---|
| **From:** | John Edson |
| **Sent:** | Thursday, October 11, 2018 2:49 PM |
| **To:** | Kenneth Greenfield |
| **Cc:** | Melanie Wright |
| **Subject:** | Shirley v. Allstate |

Ken:

I will work on providing dates for the people you have listed below provided they are all Allstate employees and still employed there. I also need to find out where they are currently located.

I will also be noticing the following third-party depositions:

- Plaintiff's lab technician, Mariah Curran

- Marc Gross, plaintiffs' public adjuster

- William Hersum, Hersum Construction

- Julie Morgan and Harte Morgan of Servpro of North Vista/San Marcos

Please let me know about dates when you are not available. In addition, I would like to inspect plaintiffs property and depose them on separate full days after that in December of 2018.

Nathan Borsheim was on your list. Since he was not directly involved in the claim and he is evading your service, can we exclude him? If not, I need to depose him to see what he has to say.

I am unavailable between December 22, 2018 and January 4, 2019.

John D. Edson
619.338.6616 | direct
619.515.4136 | direct fax
JEdson@sheppardmullin.com | Bio

**SheppardMullin**
Sheppard Mullin Richter & Hampton LLP
501 West Broadway, 19th Floor
San Diego, CA 92101
619.338.6500 | main
www.sheppardmullin.com

Exhibit 8

Page 66

# EXHIBIT 9
## October 17, 2018 E-mail from Edson to Greenfield

Exhibit 9

Page 67

**John Edson**

| | |
|---|---|
| **From:** | John Edson |
| **Sent:** | Wednesday, October 17, 2018 2:53 PM |
| **To:** | Kenneth Greenfield |
| **Cc:** | Melanie Wright |
| **Subject:** | Shirley v. Allstate:  Allstate Deposition Notices and Subpoenas |
| **Attachments:** | Shirley_Allstate DepoSub to Harte Morgan (Servpro).PDF; Shirley_Allstate Notice of Deposition of Harte Morgan (Servpro).PDF; Shirley_Allstate DepoSub to Julie Morgan (Servpro).PDF; Shirley_Allstate Notice of Deposition of Julie Morgan (Servpro).PDF; Shirley_Allstate DepoSub to Mariah Curran (EMSL Analytical).PDF; Shirley_Allstate Notice of Deposition of Mariah Curran (EMSL Analytical).PDF; Shirley_Allstate DepoSub to William Hersum (Hersum Construction).PDF; Shirley_Allstate Notice of Deposition of William Hersum (Hersum Construction).PDF; Shirley_Allstate Notice of Deposition of Marc Gross (Policyholders Adjusting Service).PDF; Shirley_Allstate NTC and DepoSub to Marc Gross (Policyholders Adjusting Service).PDF |

Ken:

For your calendar, attached are the Allstate deposition notices of the third parties listed on plaintiffs' Rule 26 disclosures.  I avoided dates when you are unavailable.

I do not understand what substantive work the people at Servpro did on this case.  As we discussed, they did not communicate with Allstate.  Thus, their testimony would not be relevant to the bad faith claim.  And you have advised that you are unaware of any written reports from them.

If plaintiffs will stipulate that the two Servpro witnesses will not be testifying, Allstate will agree to withdraw their depositions.  Or, if plaintiffs plan to designate them as experts, we can withdraw their depositions and handle them with any future expert depositions.

John D. Edson
619.338.6616 | direct
619.515.4136 | direct fax
JEdson@sheppardmullin.com | Bio

**SheppardMullin**
Sheppard Mullin Richter & Hampton LLP
501 West Broadway, 19th Floor
San Diego, CA 92101
619.338.6500 | main
www.sheppardmullin.com

Exhibit 9

Page 68

# EXHIBIT 10
## October 17, 2018 E mail from Greenfield to Edson

Exhibit 10

Page 69

## John Edson

| | |
|---|---|
| **From:** | Kenneth Greenfield <kgreenfield@thegreenfieldlawfirm.com> |
| **Sent:** | Wednesday, October 17, 2018 4:09 PM |
| **To:** | John Edson |
| **Cc:** | Melanie Wright |
| **Subject:** | RE: Shirley v. Allstate:  Allstate Deposition Notices and Subpoenas |

Thank you John. I've calendared the depositions.

As for Servpro, I see reference to the company only in Allstate's claim file and notes.  I have an email out to my clients for additional information. Based on what I heard initially, I'm inclined to say that the Morgans do have information in the form of the observation of soot and smoke early on at the property.  But I'm checking further. I will let you know all that I find out.

As to your client's employees' depostion, I would like to depose Brown, Watts, Keller, and Arnold in Mobile.   And, Ansardi and Adams in Richardson, Texas.  They will not be lengthy depositions.  An hour or two at the most for each.   Please let me know available dates.

As to my clients' depositions and a home inspection, it's looking like available dates are December 13, 17, 20, and 21.

*Kenneth N. Greenfield, Esq.*
*The Greenfield Law Firm*
*16516 Bernardo Center Drive, Suite 210*
*San Diego, Ca. 92128*
*858.675.0301      www.thegreenfieldlawfirm.com*

**From:** John Edson [mailto:JEdson@sheppardmullin.com]
**Sent:** Wednesday, October 17, 2018 2:53 PM
**To:** Kenneth Greenfield
**Cc:** Melanie Wright
**Subject:** Shirley v. Allstate: Allstate Deposition Notices and Subpoenas

Ken:

For your calendar, attached are the Allstate deposition notices of the third parties listed on plaintiffs' Rule 26 disclosures.  I avoided dates when you are unavailable.

I do not understand what substantive work the people at Servpro did on this case.  As we discussed, they did not communicate with Allstate.  Thus, their testimony would not be relevant to the bad faith claim.  And you have advised that you are unaware of any written reports from them.

Exhibit 10

Page 70

# EXHIBIT 11
## October 11-12, 2018 E-mails between Edson and Greenfield

Exhibit 11

Page 71

## John Edson

| | |
|---|---|
| **From:** | Kenneth Greenfield <kgreenfield@thegreenfieldlawfirm.com> |
| **Sent:** | Friday, October 12, 2018 10:25 AM |
| **To:** | John Edson |
| **Cc:** | Melanie Wright |
| **Subject:** | RE: Shirley v. Allstate |

John,

I didn't know that the Morgans were involved until recently. I've got no documents from them.  They may become percipient experts, who knows.   Ken

*Kenneth N. Greenfield, Esq.*
*The Greenfield Law Firm*
*16516 Bernardo Center Drive, Suite 210*
*San Diego, Ca. 92128*
*858.675.0301*   *www.thegreenfieldlawfirm.com*

**From:** John Edson [mailto:JEdson@sheppardmullin.com]
**Sent:** Thursday, October 11, 2018 3:27 PM
**To:** Kenneth Greenfield
**Cc:** Melanie Wright
**Subject:** Shirley v. Allstate

Ken:

Thank you.  This will confirm that Mr. Borsheim is excluded, and we don't need to depose him.

I have no documents from Servpro.  They never communicated with Allstate.  They also were not listed in plaintiffs' initial discovery responses.  Your Rule 26 disclosures were the first time I knew that they had some connection to this case.  If they have prepared something that plaintiffs intend to rely upon, plaintiffs have a Rule 26 duty to produce those documents.  If they are expert witnesses, we can delay their depositions.

John D. Edson
619.338.6616 | direct
619.515.4136 | direct fax
JEdson@sheppardmullin.com | Bio

**SheppardMullin**
Sheppard Mullin Richter & Hampton LLP
501 West Broadway, 19th Floor
San Diego, CA 92101
619.338.6500 | main
www.sheppardmullin.com

Exhibit 11

Page 72

**From:** Kenneth Greenfield <kgreenfield@thegreenfieldlawfirm.com>
**Sent:** Thursday, October 11, 2018 3:19 PM
**To:** John Edson <JEdson@sheppardmullin.com>
**Cc:** Melanie Wright <mwright@thegreenfieldlawfirm.com>
**Subject:** RE: Shirley v. Allstate

John,

Unavailability for me as of today is  Nov. 20,22,23,29,30 and December 3,6,10,14.

I am checking with the Shirleys for possible dates for site inspection and the Shirleys' depositions.

As to Borsheim, I don't think he'll have anything to add.  We can exclude him.

As to the Morgans of Servpro, my legal assist. is in the midst of  SDT'ing them for documents.  Unnecessary?  Do you have docs from them?

Thanks John.   Ken

*Kenneth N. Greenfield, Esq.*
*The Greenfield Law Firm*
*16516 Bernardo Center Drive, Suite 210*
*San Diego, Ca. 92128*
*858.675.0301     www.thegreenfieldlawfirm.com*

**From:** John Edson [mailto:JEdson@sheppardmullin.com]
**Sent:** Thursday, October 11, 2018 2:49 PM
**To:** Kenneth Greenfield
**Cc:** Melanie Wright
**Subject:** Shirley v. Allstate

Ken:

I will work on providing dates for the people you have listed below provided they are all Allstate employees and still employed there.  I also need to find out where they are currently located.

I will also be noticing the following third-party depositions:

• Plaintiff's lab technician, Mariah Curran

• Marc Gross, plaintiffs' public adjuster

• William Hersum, Hersum Construction

Exhibit 11

Page 73

- Julie Morgan and Harte Morgan of Servpro of North Vista/San Marcos

Please let me know about dates when you are not available.  In addition, I would like to inspect plaintiffs property and depose them on separate full days after that in December of 2018.

Nathan Borsheim was on your list.  Since he was not directly involved in the claim and he is evading your service, can we exclude him?  If not, I need to depose him to see what he has to say.

I am unavailable between December 22, 2018 and January 4, 2019.

John D. Edson
619.338.6616 | direct
619.515.4136 | direct fax
JEdson@sheppardmullin.com | Bio

## SheppardMullin
Sheppard Mullin Richter & Hampton LLP
501 West Broadway, 19th Floor
San Diego, CA 92101
619.338.6500 | main
www.sheppardmullin.com

**From:** Kenneth Greenfield <kgreenfield@thegreenfieldlawfirm.com>
**Sent:** Thursday, October 11, 2018 2:30 PM
**To:** John Edson <JEdson@sheppardmullin.com>
**Cc:** Melanie Wright <mwright@thegreenfieldlawfirm.com>
**Subject:** Shirley v. Allstate

John,

We have a Jan. 4 deadline to complete fact discovery.  I remain hopeful that Missy Waldron will be served shortly with a deposition subpoena so that her Oct. 23 deposition can proceed as scheduled.

I'd also like to take what I anticipate will be very short depositions of the followng Allstate people:  Watts, Keller, Ansardi, Adams, Arce, Brown, and Arnold.     I don't see the depos lasting more than an hour each.
Please let me know your and their availability for the time period between mid-November and late December.

Also, your response to my request for production of documents, request number 2, advised your willingness to produce the claims handling manual subject to a stipulated confidentiality agreement.  Would you like to put together the agreement so we can move forward with this?

Exhibit 11

Page 74

Thanks for your continuing professionalism in this case.  I appreciate it.      Ken

*Kenneth N. Greenfield, Esq.*
*The Greenfield Law Firm*
*16516 Bernardo Center Drive, Suite 210*
*San Diego, Ca. 92128*
*858.675.0301      www.thegreenfieldlawfirm.com*

American Board
of Trial Advocates 

RATED BY
   

**The information contained in this e-mail message and any accompanying documents is subject to the attorney-client privilege and/or the attorney work product rule and is confidential business information intended only for the use of the individual(s) or entity(ies) named above. The information herein may also be protected by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and other statutes and laws. If the reader of this message is not the intended recipient or representative of the recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please notify the Systems Administrator at admin@thegreenfieldlawfirm.com and immediately delete this message from your system.  Please also make special note that, if you are not already a client of this law firm, no duties are assumed, intended, or created by any communication contained herein.**

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

Exhibit 11

Page 75

# EXHIBIT 12
## October 22, 2018 E mail from Edson to Greenfield

Exhibit 12

Page 76

**John Edson**

| | |
|---|---|
| **From:** | John Edson |
| **Sent:** | Monday, October 22, 2018 12:11 PM |
| **To:** | Melanie Wright |
| **Cc:** | Kenneth Greenfield; Kate Greenfield; Iryna Sheeler |
| **Subject:** | Shirley v. Allstate - Depositions |

Hello Everyone:

Let me cover a few topics in a response e-mail.

<u>Missy Waldman</u>. Has Ms. Waldman's deposition been rescheduled for a new date? If you are not planning to reschedule it, please let me know and I will immediately renotice it.

<u>Marc Gross</u>. Today, my secretary also received a voice mail message from public adjuster Marc Gross. He claims that he is not available on November 19, 2018. He asked that we reschedule his deposition. I will call him for new dates.

<u>Servpro</u>. We served Servpro at the address provided on the Rule 26 disclosures. Yet, they advised us that the Servpro address listed on your Rule 26 disclosure did not work for Mr. and Mrs. Shirley. If you have a different address for them, please let us know immediately.

<u>Allstate employees</u>. My client contact was out last Thursday. On Friday, I obtained the e-mail contact information for the people on your list. I sent e-mails out that same day. So far, two have responded. These two have moved to new work locations. Or, they were not in the location I originally had for them.

<u>Robert Arnold:</u> He is working in Panama City Beach Florida, and he will be there in December. I assume that he is there because of Hurricane Michael. He asked that his deposition not happen before December 12, 2018. He is available after that. Please let me know your preference, and I will book a date for him.

<u>Darrell Adams</u>. He is in Northbrook Illinois. He asked for December 14, 2018 if that is open. Yet, I can ask him for other dates.

I will still waiting for responses from the others on your list.

John D. Edson
619.338.6616 | direct
619.515.4136 | direct fax
JEdson@sheppardmullin.com | Bio

Exhibit 12

Page 77

**SheppardMullin**
Sheppard Mullin Richter & Hampton LLP
501 West Broadway, 19th Floor
San Diego, CA 92101
619.338.6500 | main
www.sheppardmullin.com

**From:** Melanie Wright <mwright@thegreenfieldlawfirm.com>
**Sent:** Monday, October 22, 2018 11:38 AM
**To:** John Edson <JEdson@sheppardmullin.com>
**Cc:** Kenneth Greenfield <kgreenfield@thegreenfieldlawfirm.com>; Kate Greenfield <kag@thegreenfieldlawfirm.com>; Iryna Sheeler <isheeler@thegreenfieldlawfirm.com>
**Subject:** Shirley v. Allstate - Missy Waldman Deposition
**Importance:** High

Dear Mr. Edson,

Please be advised that the deposition of Missy Waldman scheduled for October 23, 2018 at 10:00 a.m. has been taken off calendar.

Please let us know if you have any questions.  Thank you.

Sincerely,
Melanie Wright
*Legal Assistant and Paralegal*
The Greenfield Law Firm
16516 Bernardo Center Drive, Suite 210
San Diego, CA 92128
Tel:  (858) 675-0301; Fax: (858) 675-0319
www.thegreenfieldlawfirm.com

The information contained in this e-mail message and any accompanying documents is subject to the attorney-client privilege and/or the attorney work product doctrine and is confidential business information intended only for the use of the individual(s) or entity(ies) named above. The information herein may also be protected by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and other statutes and laws. If the reader of this message is not the intended recipient or representative of the recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please notify the Systems Administrator at admin@thegreenfieldlawfirm.com and immediately delete this message from your system. Thank you for your cooperation.

Exhibit 12

Page 78

# EXHIBIT 13
**October 22, 2018 E mails between Edson and Greenfield**

Exhibit 13

Page 79

**John Edson**

---

| | |
|---|---|
| **From:** | Kenneth Greenfield <kgreenfield@thegreenfieldlawfirm.com> |
| **Sent:** | Monday, October 22, 2018 12:43 PM |
| **To:** | John Edson; Melanie Wright |
| **Cc:** | Kate Greenfield; Iryna Sheeler |
| **Subject:** | RE: Shirley v. Allstate - Depositions |

John, please see my responses below. Thanks John.   Ken

*Kenneth N. Greenfield, Esq.*
*The Greenfield Law Firm*
*16516 Bernardo Center Drive, Suite 210*
*San Diego, Ca. 92128*
*858.675.0301*   *www.thegreenfieldlawfirm.com*

**From:** John Edson [mailto:JEdson@sheppardmullin.com]
**Sent:** Monday, October 22, 2018 12:11 PM
**To:** Melanie Wright
**Cc:** Kenneth Greenfield; Kate Greenfield; Iryna Sheeler
**Subject:** Shirley v. Allstate - Depositions

Hello Everyone:

Let me cover a few topics in a response e-mail.

Missy Waldman.  Has Ms. Waldman's deposition been rescheduled for a new date?  If you are not planning to reschedule it, please let me know and I will immediately renotice it.     The depo has not been rescheduled.  She is now represented by PJ Lucca at Gordon and Reese and we have taken it off cal for now.

Marc Gross.  Today, my secretary also received a voice mail message from public adjuster Marc Gross. He claims that he is not available on November 19, 2018.  He asked that we reschedule his deposition.  I will call him for new dates.   I've taken it off my calendar.

Servpro.  We served Servpro at the address provided on the Rule 26 disclosures.  Yet, they advised us that the Servpro address listed on your Rule 26 disclosure did not work for Mr. and Mrs. Shirley.  If you have a different address for them, please let us know immediately.    There appear to be two Servpro outlets who were somehow involved in the matter.  **By a cc of this to my paralegal, Melanie, I am asking her to get the information to you.**

Allstate employees.  My client contact was out last Thursday.  On Friday, I obtained the e-mail contact information for the people on your list.  I sent e-mails out that same day.  So far, two

Exhibit 13

Page 80

have responded.  These two have moved to new work locations.  Or, they were not in the location I originally had for them.

Robert Arnold:  He is working in Panama City Beach Florida, and he will be there in December.  I assume that he is there because of Hurricane Michael.  He asked that his deposition not happen before December 12, 2018.  He is available after that.  Please let me know your preference, and I will book a date for him. I'm open Dec. 13, and 17 to 21for the depostion.

Darrell Adams.  He is in Northbrook Illinois.  He asked for December 14, 2018 if that is open.  Yet, I can ask him for other dates.   I'm in court on the 14th of December.

I will still waiting for responses from the others on your list.

John D. Edson
619.338.6616 | direct
619.515.4136 | direct fax
JEdson@sheppardmullin.com | Bio

**SheppardMullin**
Sheppard Mullin Richter & Hampton LLP
501 West Broadway, 19th Floor
San Diego, CA 92101
619.338.6500 | main
www.sheppardmullin.com

**From:** Melanie Wright <mwright@thegreenfieldlawfirm.com>
**Sent:** Monday, October 22, 2018 11:38 AM
**To:** John Edson <JEdson@sheppardmullin.com>
**Cc:** Kenneth Greenfield <kgreenfield@thegreenfieldlawfirm.com>; Kate Greenfield <kag@thegreenfieldlawfirm.com>; Iryna Sheeler <isheeler@thegreenfieldlawfirm.com>
**Subject:** Shirley v. Allstate - Missy Waldman Deposition
**Importance:** High

Dear Mr. Edson,

Please be advised that the deposition of Missy Waldman scheduled for October 23, 2018 at 10:00 a.m. has been taken off calendar.

Please let us know if you have any questions.  Thank you.

Exhibit 13

Page 81

Sincerely,

*Melanie Wright*
*Legal Assistant and Paralegal*
The Greenfield Law Firm
16516 Bernardo Center Drive, Suite 210
San Diego, CA 92128
Tel:  (858) 675-0301; Fax: (858) 675-0319
www.thegreenfieldlawfirm.com

The information contained in this e-mail message and any accompanying documents is subject to the attorney-client privilege and/or the attorney work product doctrine and is confidential business information intended only for the use of the individual(s) or entity(ies) named above. The information herein may also be protected by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and other statutes and laws. If the reader of this message is not the intended recipient or representative of the recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please notify the Systems Administrator at admin@thegreenfieldlawfirm.com and immediately delete this message from your system. Thank you for your cooperation.

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

Exhibit 13

Page 82

# EXHIBIT 14
## October 22, 2018 E mail from Wright to Edson

Exhibit 14

Page 83

**John Edson**

| | |
|---|---|
| **From:** | Melanie Wright <mwright@thegreenfieldlawfirm.com> |
| **Sent:** | Monday, October 22, 2018 1:36 PM |
| **To:** | Kenneth Greenfield; John Edson |
| **Cc:** | Kate Greenfield; Iryna Sheeler |
| **Subject:** | RE: Shirley v. Allstate - Depositions |

Dear Mr. Edson,

With regard to ServPro, please find below the two different locations.  We recently served a subpoena for the East Poway/Ramona location.

Location 1:
SERVPRO of North Vista/San Marcos
2870 S. Santa Fe Ave.
San Marcos, CA 92068
T: 760-758-3454

Location 2:
SERVPRO of East Poway / Ramona
c/o Jim Harte and Julie Morgan
136 10th Street, Suite J
Ramona, CA 92065
T: 760-789-1086

Sincerely,
Melanie Wright
*Legal Assistant and Paralegal*
The Greenfield Law Firm
16516 Bernardo Center Drive, Suite 210
San Diego, CA 92128
Tel:  (858) 675-0301; Fax: (858) 675-0319
www.thegreenfieldlawfirm.com

The information contained in this e-mail message and any accompanying documents is subject to the attorney-client privilege and/or the attorney work product doctrine and is confidential business information intended only for the use of the individual(s) or entity(ies) named above. The information herein may also be protected by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and other statutes and laws. If the reader of this message is not the intended recipient or representative of the recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please notify the Systems Administrator at admin@thegreenfieldlawfirm.com and immediately delete this message from your system. Thank you for your cooperation.

**From:** Kenneth Greenfield
**Sent:** Monday, October 22, 2018 12:43 PM
**To:** 'John Edson' <JEdson@sheppardmullin.com>; Melanie Wright <mwright@thegreenfieldlawfirm.com>
**Cc:** Kate Greenfield <kag@thegreenfieldlawfirm.com>; Iryna Sheeler <isheeler@thegreenfieldlawfirm.com>
**Subject:** RE: Shirley v. Allstate - Depositions

Exhibit 14

Page 84

# EXHIBIT 15

**November 20, 2018 Greenfield Declaration re Joint Motion to Continue Discovery Deadlines**

Exhibit 15

Page 85

1  Kenneth N. Greenfield, Esq.   (CA SBN 105721)
   Kate A. Greenfield, Esq.     (CA SBN 291703)
2  **THE GREENFIELD LAW FIRM**
   16516 Bernardo Center Drive, Suite 210
3  San Diego, CA 92128
   T: (858) 675-0301
4  F: (858) 675-0319
   E-Mail: kgreenfield@thegreenfieldlawfirm.com
5          kag@thegreenfieldlawfirm.com

6  Attorneys for Plaintiffs JENSEN SHIRLEY and KAREN SHIRLEY

7

8              **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10 JENSEN SHIRLEY and KAREN          )  **Case No.  3:18CV00994-AJB-BGS**
   SHIRLEY,                          )
11                                   )  Hon. Anthony J. Battaglia,
               Plaintiffs,           )  Courtroom 4A
12                                   )
          v.                         )  Hon. Bernard G. Skomal,
13                                   )  12th Floor, Suite 1280
   ALLSTATE INSURANCE                )
14 COMPANY,                          )  **DECLARATION OF KENNETH N.**
                                     )  **GREENFIELD IN SUPPORT OF**
15             Defendant.            )  **JOINT MOTION TO CONTINUE**
                                     )  **THE FACT AND EXPERT**
16                                   )  **DISCOVERY CUT-OFF DATES**
                                     )  **AND TO EXTEND THE PARTIES'**
17                                   )  **DEADLINE TO JOINTLY**
                                     )  **CONTACT THE HONORABLE**
18                                   )  **BERNARD G. SKOMAL'S**
                                     )  **CHAMBERS REGARDING THE**
19                                   )  **PARTIES' DISCOVERY DISPUTE**
                                     )  **(HON. BERNARD G. SKOMAL'S**
20                                   )  **CHAMBER RULES, RULE III.C.1**
                                     )  **and V.B.)**
21                                   )
                                     )  Complaint filed:  February 27, 2018
22                                   )  Trial Date:       Not Set

23

24          **DECLARATION OF KENNETH N. GREENFIELD**

25      I, KENNETH N. GREENFIELD, declare as follows:

26      1.      I am the owner of The Greenfield Law Firm, attorney of record for

27 Plaintiffs JENSEN SHIRLEY and KAREN SHIRLEY ("Plaintiffs"). I have first-

28 hand knowledge of the facts set forth herein, and if called as a witness, I would

                                    1                        Exhibit 15
   DECLARATION OF KENNETH N. GREENFIELD ISO JOINT MOTION TO CONTINUE DISCOVERY

1    testify competently to the facts stated herein.

2        2.      The fact discovery cut-off date in the Scheduling Order is January 4,

3    2019. The expert disclosure cut-off date is February 4, 2019. The rebuttal expert

4    disclosure cut-off date is February 18, 2019. The expert written report cut-off date

5    is March 18, 2019. The supplemental expert disclosure cut-off date is April 1, 2019.

6    And, the expert discovery cut-off date is May 1, 2019.

7        3.      Some of the depositions in this case have had to be scheduled after the

8    January 4, 2019, fact discovery cut-off date. These are the depositions of Allstate

9    employees Robert Arnold, Andrew Ansardi, Darrell Adams, third-party witness

10   Mariah Curran, and Plaintiffs Jensen Shirley and Karen Shirley.

11       4.      Eleven depositions are already scheduled in this case for November

12   and December of 2018. Some of these depositions are being taken outside of the

13   State of California.

14       5.      Plaintiffs' counsel and Defendant's counsel have diligently worked

15   together to schedule all of the necessary depositions. Because of scheduling

16   conflicts, because some deponents are out of town, and because some deponents

17   have had personal reasons to re-schedule, January of 2019 is the only available

18   month to schedule the deponents listed in paragraph 3 above. Therefore, more time

19   is needed to complete fact and expert discovery in this case.

20       6.      As to the parties' discovery disputes, Plaintiffs served Defendant with

21   *Colonial Life* Discovery Requests (Plaintiffs' Interrogatories (Set One)) on

22   September 21, 2018.

23       7.      Defendant served Plaintiffs its Response to Plaintiffs' Interrogatories

24   (Set One), on October 24, 2018.

25   ///

26   ///

27   ///

28   ///

2

Exhibit 15

DECLARATION OF KENNETH N. GREENFIELD ISO JOINT MOTION TO CONTINUE DISCOVERY

3:18-cv-Page-87S-BGS

8.     Because of the unexpected delays in scheduling and taking depositions as described herein, Plaintiffs' counsel and Defendant's counsel have not had the time to meet and confer regarding a potential Motion to Compel Further Responses to Plaintiffs' Special Interrogatories (Set One). The deadline for the parties to jointly contact the Honorable Bernard G. Skomal's (the "Magistrate Skomal") Chambers regarding Plaintiffs' Motion to Compel Further Responses to the Interrogatories is November 23, 2018. Not only is more time needed to meet and confer, but the attorneys also need time to narrow the scope of the issues in dispute, as required prior to jointly contacting Magistrate Skomal's Chambers.

9.     In addition to the discovery dispute explained in paragraph 8 above, the parties have another discovery dispute.  Defendant's counsel informally requested Plaintiff Jensen Shirley's Veterans Affairs medical records be produced. Plaintiffs' counsel and Defendant's counsel will need time to informally confer on this discovery dispute prior to jointly contacting Magistrate Skomal's Chambers, as it would be efficient to contact Magistrate Skomal's Chambers regarding all discovery disputes at the same time.

10.     Plaintiffs' counsel and Defendant's counsel have stipulated to extend the deadline for Plaintiffs to contact Magistrate Skomal's Chambers regarding Plaintiffs' Motion to Compel Further Responses to Interrogatories (Set One), and to discuss the Veterans Affairs medical records, to January 15, 2019.

///
///
///
///
///
///
///
///

3

1        11.   In addition, Plaintiffs' counsel and Defendant's counsel have

2  stipulated to continue the discovery deadlines as follows:  the fact discovery cut-off

3  date from January 4, 2019 to January 31, 2019, the expert disclosure cut-off date

4  from February 4, 2019 to February 19, 2019, the rebuttal expert disclosure cut-off

5  date from February 18, 2019 to March 4, 2019, the supplemental expert disclosure

6  cut-off date from April 1, 2019 to April 15, 2019, and the expert discovery cut-off

7  date from May 1, 2019 to May 15, 2019.

8        I declare under penalty of perjury under the laws of the United States of

9  America that the foregoing is true and correct.

10       Executed on November 20, 2018.

11

12

13       By: _____

14       KENNETH N. GREENFIELD, Declarant

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

DECLARATION OF KENNETH N. GREENFIELD ISO JOINT MOTION TO CONTINUE DISCOVERY

3:18-cv-00994-AJB-BGS

Exhibit 15
Page 90

1  Kenneth N. Greenfield, Esq.   (CA SBN 105721)
   Kate A. Greenfield, Esq.   (CA SBN 291703)
2  **THE GREENFIELD LAW FIRM**
   16516 Bernardo Center Drive, Suite 210
3  San Diego, CA 92128
   T: (858) 675-0301
4  F: (858) 675-0319
   E-Mail: kgreenfield@thegreenfieldlawfirm.com
5         kag@thegreenfieldlawfirm.com

6  Attorneys for Plaintiffs JENSEN SHIRLEY and KAREN SHIRLEY

7

8              **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 JENSEN SHIRLEY and KAREN          ) **Case No.  3:18CV00994-AJB-BGS**
   SHIRLEY,                          )
12                                   ) Hon. Anthony J. Battaglia,
            Plaintiffs,              ) Courtroom 4A
13                                   )
            v.                       ) Hon. Bernard G. Skomal,
14                                   ) 12th Floor, Suite 1280
   ALLSTATE INSURANCE               )
15 COMPANY,                          ) **JOINT MOTION TO CONTINUE**
                                     ) **THE FACT AND EXPERT**
16          Defendant.               ) **DISCOVERY CUT-OFF DATES**
                                     ) **AND TO EXTEND THE PARTIES'**
17                                   ) **DEADLINE TO JOINTLY**
                                     ) **CONTACT THE HONORABLE**
18                                   ) **BERNARD G. SKOMAL'S**
                                     ) **CHAMBERS REGARDING THE**
19                                   ) **PARTIES' DISCOVERY DISPUTE**
                                     ) **(HON. BERNARD G. SKOMAL'S**
20                                   ) **CHAMBER RULES, RULE III.C.1**
                                     ) **and V.B.)**
21                                   )
                                     ) Complaint filed:   February 27, 2018
22                                   ) Trial Date:         Not Set
                                     )
23 ──────────────────────────────────)

24              **JOINT MOTION**

25      Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, Plaintiffs

26 JENSEN SHIRLEY and KAREN SHIRLEY ("Plaintiffs"), and Defendant

27 ALLSTATE INSURANCE COMPANY ("Defendant") hereby jointly move and

28 stipulate to continue the fact discovery cut-off date in this case from January 4,

                                  1                        Exhibit 15

1   2019 to January 31, 2019, the expert disclosure cut-off date from February 4, 2019,

2   to February 19, 2019, the rebuttal expert disclosure cut-off date from February 18,

3   2019 to March 4, 2019, the supplemental expert disclosure cut-off date from April

4   1, 2019 to April 15, 2019, and the expert discovery cut-off date from May 1, 2019

5   to May 15, 2019. In addition, the parties jointly move and stipulate to extend the

6   parties' deadline to jointly contact the Honorable Bernard G. Skomal's Chambers

7   regarding discovery disputes concerning both Defendant's Responses to Plaintiffs'

8   Interrogatories (Set One), and Defendant's informal document requests regarding

9   Plaintiff Jensen Shirley's Veterans Affairs medical records, to January 15, 2019.

10        Attached hereto is a Declaration of Kenneth N. Greenfield in Support of this

11  Joint Motion, pursuant to the Honorable Bernard G. Skomal's Chamber Rules, Rule

12  III.C.1.

13                                    Respectfully Submitted,

14  November 20, 2018               THE GREENFIELD LAW FIRM

15

16                                  By:

17                                       KENNETH N. GREENFIELD,
                                         KATE A. GREENFIELD,
18                                       Attorneys for Plaintiffs, JENSEN
19                                       SHIRLEY and KAREN SHIRLEY

20  Signature Certification

21        Pursuant to Section2(f)(4) of the Electronic Case Filing Administrative

22  Policies and Procedures of the United States District Court for the Southern District

23  of California, I certify that the content of this document is acceptable to

24  Defendant's counsel and I obtained authorization from Defendant's counsel, John

25  D. Edson, to affix his electronic signature to this document.

26                                  By:  /s/ John D. Edson
27                                       JOHN D. EDSON,
                                         Attorney for Defendant, ALLSTATE
28                                       INSURANCE COMPANY

                                         2                        Exhibit 15

# EXHIBIT 16
**November 20-21, 2018 E mails between Edson and Greenfield**

Exhibit 16

Page 92

**John Edson**

| | |
|---|---|
| **From:** | Kenneth Greenfield <kgreenfield@thegreenfieldlawfirm.com> |
| **Sent:** | Wednesday, November 21, 2018 9:55 AM |
| **To:** | John Edson |
| **Cc:** | Melanie Wright |
| **Subject:** | RE: Shirley v. Allstate:  Allstate Withdrawal of Depositions of Julie Morgan and James Hart (Servpro) |

Thanks.  I'll take off calendar but I'll review a little further.  Not sure these two have nothing to say at this point.  Without reviewing the file, I'm remembering they had some sort of connection with the facts.
Have a good Thanksgiving.  Ken

*Kenneth N. Greenfield, Esq.*
*The Greenfield Law Firm*
*16516 Bernardo Center Drive, Suite 210*
*San Diego, Ca. 92128*
*858.675.0301     www.thegreenfieldlawfirm.com*

**From:** John Edson [mailto:JEdson@sheppardmullin.com]
**Sent:** Tuesday, November 20, 2018 11:29 AM
**To:** Kenneth Greenfield
**Cc:** Melanie Wright
**Subject:** Shirley v. Allstate: Allstate Withdrawal of Depositions of Julie Morgan and James Hart (Servpro)

Ken:

Both Julie Morgan and James Hart at Servpro allege that they did no work in connection with the Shirley home.  Ms. Morgan also advised me that they have no opinion regarding whether the Shirely home suffered and soot, ash or other forms of wildfire damage.

Thus, Allstate is withdrawing their depositions.

**John D. Edson**
+1 619-338-6616 | direct
JEdson@sheppardmullin.com | Bio

**SheppardMullin**
501 West Broadway, 19th Floor
San Diego, CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

Exhibit 16
Page 93

# EXHIBIT 17
**November 30, 2018 Order Continuing Certain Deadlines**

Exhibit 17

Page 94

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENSEN SHIRLEY and KAREN SHIRLEY,<br><br>      Plaintiffs,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>      Defendant. | Case No.  3:18CV00994-AJB-BGS<br><br>**ORDER GRANTING JOINT MOTION TO CONTINUE THE FACT AND EXPERT DISCOVERY CUT-OFF DATES AND TO EXTEND THE PARTIES' DEADLINE TO JOINTLY CONTACT THE HONORABLE BERNARD G. SKOMAL'S CHAMBERS REGARDING THE PARTIES' DISCOVERY DISPUTE** |

## <u>JOINT STIPULATION ORDER</u>

Based upon the parties' joint motion and stipulation to continue the fact and expert discovery cut-off dates in this case, and to extend the deadline for the parties to jointly contact the Honorable Bernard G. Skomal's Chambers regarding a Motion to Compel Further Responses of Plaintiffs' Interrogatories (Set One) and Defendant's informal document requests regarding Plaintiff Jensen Shirley's Veterans Affairs medical records, it is hereby ordered:

Exhibit 17

1

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, the parties' joint motion is **GRANTED**. The fact discovery cut-off date is continued from January 4, 2019 to January 31, 2019. The expert disclosure cut-off date is continued from February 4, 2019 to February 19, 2019. The rebuttal expert disclosure cut-off date is continued from February 18, 2019 to March 4, 2019. The supplemental expert disclosure cut-off date is continued from April 1, 2019 to April 15, 2019. The expert discovery cut-off date is continued from May 1, 2019 to May 15, 2019. The parties' deadline to jointly contact the Honorable Bernard G. Skomal's Chambers regarding a Motion to Compel Further Responses to Plaintiffs' Interrogatories (Set One) and Defendant's informal document requests regarding Plaintiff Jensen Shirley's Veterans Affairs medical records is tolled to January 15, 2019.

**IT IS SO ORDERED.**

Dated: November 30, 2018

Hon. Bernard G. Skomal
United States Magistrate Judge

# EXHIBIT 18
## December 12, 2018 E-Mail from Greenfield to Edson

Exhibit 18

Page 97

**John Edson**

| | |
|---|---|
| **From:** | Kenneth Greenfield <kgreenfield@thegreenfieldlawfirm.com> |
| **Sent:** | Wednesday, December 12, 2018 3:05 PM |
| **To:** | John Edson |
| **Cc:** | Melanie Wright |
| **Subject:** | Shirley v. Allstate,  David Kelly |

John,

I've now spoken with former VERT employee, David Kelly. He will cooperate with us in this case.    Prior to my telecon with him, my paralegal had found him yesterday at the Ninyo and Moore company in Irvine. He advised her he'd have to first talk with Borsheim to get authority to talk to us. He then contacted my paralegal immediately thereafter and told her he was free to talk. I spoke with him at 4 p.m. yesterday. It turns out that he is no fan of either Borsheim or VERT.  He's very happy being at the Ninyo office, saying that it is nice to be at an office "where they know what they are doing."   I told him that Borsheim has an attorney and Kelly is welcome to contact him or get his own attorney.  He noted, however, that he didn't need an attorney and doesn't want an attorney.  Thus, I have not contacted PJ, and I don't plan on doing so.  Vert is not a defendant in this case and, thus, the former employee ethical situation you and I spoke about is not, in my mind, a consideration.

Kelly has agreed to sit for his deposition in Lakewood, Ca.  beginning at 9:30 a.m.  on January 14.  My office will set the depostion up, unless you tell me you want to do it.    He has no records, so I will be sending him the documents that Borsheim produced at his deposition.

See you tomorrow at the site inspection if you are going to it.        Ken

*Kenneth N. Greenfield, Esq.*
*The Greenfield Law Firm*
*16516 Bernardo Center Drive, Suite 210*
*San Diego, Ca. 92128*
*858.675.0301     www.thegreenfieldlawfirm.com*

**The information contained in this e-mail message and any accompanying documents is subject to the attorney-client privilege and/or the attorney work product rule and is confidential business information intended only for the use of the individual(s) or entity(ies) named above. The information herein may also be protected by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and other statutes and laws. If the reader of this message is not the intended recipient or representative of the recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please notify the Systems Administrator at admin@thegreenfieldlawfirm.com and immediately delete this message from your system.  Please also make special note that, if you are not already a client of this law firm, no duties are assumed, intended, or created by any communication contained herein.**

Exhibit 18

Page 98

1   Kenneth N. Greenfield, Esq.    (CA SBN 105721)
    Kate A. Greenfield, Esq.    (CA SBN 291703)
2   **THE GREENFIELD LAW FIRM**
    16516 Bernardo Center Drive, Suite 210
3   San Diego, CA 92128
    T: (858) 675-0301
4   F: (858) 675-0319
    E-Mail: kgreenfield@thegreenfieldlawfirm.com
5          kag@thegreenfieldlawfirm.com

6   Attorneys for Plaintiffs JENSEN SHIRLEY and KAREN SHIRLEY

7

8              **UNITED STATES DISTRICT COURT**

9           **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10  JENSEN SHIRLEY and KAREN SHIRLEY, | )  Case No.  18CV00994-AJB-BGS |
| 11 | ) |
| 12          Plaintiffs, | )  Hon. Anthony J. Battaglia<br>)  Suite 1280 |
| 13          v. | )  Mag. Bernard G. Skomal |
| 14  ALLSTATE INSURANCE<br>     COMPANY, | )<br>)  **PLAINTIFFS' NOTICE OF**<br>)  **DEPOSITION OF DAVID M.**<br>)  **KELLY** |
| 15          Defendant. | ) |
| 16 | )  Date:     January 14, 2019<br>)  Time:    9:30 a.m. |
| 17 | ) |
| 18 | )  Location:  Centerpointe Suites<br>)          6 Centerpointe Drive,<br>)          Suite 700 |
| 19 | )          La Palma, CA 90623 |
| 20 | ) |

21

22   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

23        PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure,

24   Rule 30, Plaintiffs, JENSEN SHIRLEY and KAREN SHIRLEY ("Plaintiffs"), will

25   take the deposition of DAVID M. KELLY, as follows:

26   ///

27   ///

28   ///

1

              Exhibit 18

DATE:            January 14, 2019

TIME:            9:30 a.m.

LOCATION:        Centerpointe Suites
                 6 Centerpointe Drive, Suite 700
                 La Palma, CA 90623
                 Telephone Number: (714) 367-8400


This deposition will be taken by stenographic means and will continue from day-to-day until completed. The deposition will be taken for the purposes of discovery, for use at trial in this matter, and for any other purpose permitted under the Federal Rules of Civil Procedure.


December 20, 2018                   THE GREENFIELD LAW FIRM

                                   By: _____
                                        KENNETH N. GREENFIELD,
                                        KATE A. GREENFIELD,
                                        Attorneys for Plaintiffs, JENSEN
                                        SHIRLEY and KAREN SHIRLEY

THE GREENFIELD LAW FIRM
16516 BERNARDO CENTER DRIVE, SUITE 210
SAN DIEGO, CA 92128

1  Kenneth N. Greenfield, Esq.   (CA SBN 105721)
   Kate A. Greenfield, Esq.      (CA SBN 291703)
2  **THE GREENFIELD LAW FIRM**
   16516 Bernardo Center Drive, Suite 210
3  San Diego, CA 92128
   T: (858) 675-0301
4  F: (858) 675-0319
   E-Mail: kgreenfield@thegreenfieldlawfirm.com
5          kag@thegreenfieldlawfirm.com

6  Attorneys for Plaintiffs, JENSEN SHIRLEY and KAREN SHIRLEY

7

8              **UNITED STATES DISTRICT COURT**

9           **SOUTHERN DISTRICT OF CALIFORNIA**

10  JENSEN SHIRLEY and KAREN          )   Case No.  18CV00994-AJB-BGS
    SHIRLEY,                          )
11                                    )   Hon. Anthony J. Battaglia
                                      )   Suite 1280
12             Plaintiffs,            )
                                      )   Mag. Bernard G. Skomal
13         v.                         )
                                      )   **DECLARATION OF SERVICE**
14  ALLSTATE INSURANCE                )
    COMPANY,                          )   Complaint Filed:  February 27, 2018
15                                    )   Trial:            TBD
               Defendant.            )
16                                    )
                                      )
17                                    )

18

19       I, the undersigned, hereby declare that I am over the age of eighteen years

20  and not a party to this action. I am employed, or am a resident of, the County of San

21  Diego, State of California; my business address is 16516 Bernardo Center Drive,

22  Suite 210, San Diego, CA 92128.

23       On December 20, 2018, I served a copy of the following document(s):

24       **1. PLAINTIFFS' NOTICE OF DEPOSITION OF DAVID M.
             KELLY; and**
25

26       **2. SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL
             ACTION TO DAVID M. KELLY**
27  ///

28  ///

---
                              1                        Exhibit 18
                    DECLARATION OF SERVICE

1  [X]  **BY MAIL:**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at San Diego, California in the ordinary course of business.

4  [ ]  **BY E-MAIL:**  (Courtesy Copy Only).

5  [ ]  **BY Electronic Filing and Service Pursuant to General Order 550:** I caused the document(s) listed above via the Court's Electronic Filing System which constitutes service, pursuant to General Order 550 of the above-titled Court, upon the counsel on service list.

8  **Counsel for Defendant, ALLSTATE INSURANCE COMPANY**
Peter H. Klee, Esq.
John D. Edson, Esq.
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
501 West Broadway, 19th Floor
San Diego, CA 92101-3598
Tel: (619) 338-6500 // Fax: (619) 234-3815
E: PKlee@sheppardmullin.com
E: JEdson@sheppardmullin.com

15  [X]  I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

18  Executed on December 20, 2018, in San Diego, California.

Melanie Wright

THE GREENFIELD LAW FIRM
1616 BERNARDO CENTER DRIVE, SUITE 110
SAN DIEGO, CA 92128

2

DECLARATION OF SERVICE

Exhibit 18
Page 102
18CV00994-AJB-BGS

# EXHIBIT 19
**Karen Shirley January 15, 2019 Deposition Transcript**

Exhibit 19

Page 103

1           UNITED STATES DISTRICT COURT

2          SOUTHERN DISTRICT OF CALIFORNIA

3   —————————————————————————

4   JENSEN SHIRLEY and KAREN   ) Case No.: 3:18-cv-00994-

5   SHIRLEY,               )       AJB-BGS

6           Plaintiff,     )

7     v.                  )

8   ALLSTATE INSURANCE COMPANY,  )

9   an Illinois corporation; and )

10  DOES 1 through 10, inclusive, )

11          Defendants.    )

12  —————————————————————————)

13

14

15

16      VIDEOTAPED DEPOSITION OF KAREN SHIRLEY

17          San Diego, California

18        Tuesday, January 15, 2019

19            Volume 1

20

21  Reported by:

22  LESLIE JOHNSON

23  RPR, CCRR, CSR No. 11451

24  Job No.: 3113365

25  PAGES 1 - 239

Page 1

Karen Shirley
1/15/2019

1                 UNITED STATES DISTRICT COURT

2               SOUTHERN DISTRICT OF CALIFORNIA

3      _____

4      JENSEN SHIRLEY and KAREN        ) Case No.: 3:18-cv-00994-

5      SHIRLEY,                        )          AJB-BGS

6                   Plaintiff,         )

7          v.                          )

8      ALLSTATE INSURANCE COMPANY,     )

9      an Illinois corporation; and    )

10     DOES 1 through 10, inclusive,   )

11                 Defendants.          )

12     _____)

13

14

15

16          VIDEOTAPED DEPOSITION OF KAREN SHIRLEY, Volume 1,

17     taken on behalf of Defendant, at 501 West Broadway,

18     19th Floor, San Diego, California, beginning at 9:14 a.m.

19     and ending at 2:38 p.m., on Tuesday, January 15, 2019,

20     before LESLIE JOHNSON, Certified Shorthand Reporter

21     No. 11451.

22

23

24

25

                                                    Page 2

Karen Shirley
1/15/2019

```
 1    APPEARANCES:

 2

 3    For Plaintiff:

 4        THE GREENFIELD LAW FIRM

 5        BY: KENNETH N. GREENFIELD , ESQ.

 6        16516 Bernardo Center Drive, Suite 210

 7        San Diego, California  92128

 8        (858)675-0301

 9        kgreenfield@thegreenfieldlawfirm.com

10    For Defendant:

11        SHEPPARD MULLIN RICHTER & HAMPTON LLP

12        BY: JOHN D. EDSON, ESQ.

13        501 West Broadway, 19th Floor

14        San Diego, California  92101

15        619.338.6616

16        jedson@sheppardmullin.com

17    ALSO PRESENT:

18         JAKE THOMPSON

19

20

21

22

23

24

25
```

Page 3

Karen Shirley
1/15/2019

```
 1                    I N D E X

 2

 3   WITNESS                          EXAMINATION

 4   KAREN SHIRLEY

 5   Volume 1

 6           BY MR. EDSON                       7

 7

 8                    EXHIBITS

 9                  KAREN SHIRLEY

10   NUMBER            DESCRIPTION           PAGE

11   Exhibit A   Defendant Allstate Insurance Company's   54
                 Notice of the Videotaped Deposition of

12               Karen Shirley and Notice to Produce
                 Documents at the Time of the Deposition

13   Exhibit 1   Policy (Not attached)           59

14   Exhibit 2   Claim notes (Not attached)      59

15   Exhibit 3   Letter dated December 11, 2017; Bates   59
                 stamped ALL000605 to 609 and 620 to 621

16   Exhibit 4   Public Insurance Adjuster Contract;   88

17               Bates stamped ALL000648 to 650 and
                 ALL000659

18   Exhibit 5   Temporary Accommodations Invoice;   114

19               Bates stamped SHIRLEY000109

20   Exhibit 6   Inns of the Corps Invoices; Bates   113

21               stamped SHIRLEY000116 to 119

22   Exhibit 7   Copies of color photographs; Bates   117

23               stamped ALL000668 to 717

24   Exhibit 9   EMSL Report; Bates stamped ALL000773   195

25               to 775
```

Page 4

Karen Shirley
1/15/2019

```
 1                    EXHIBITS (Cont.)

 2                    KAREN SHIRLEY

 3    NUMBER              DESCRIPTION                  PAGE

 4    Exhibit 10   Letter dated December 28, 2017; Bates     199
                   stamped ALL000766, 768, 769

 5    Exhibit 11   Letter dated January 4, 2018; Bates       201
                   stamped ALL000080 to 110 and ALL000039

 6    Exhibit 12   Hersum Construction Estimate; Bates       225

 7                 stamped SHIRLEY000081 to 106

 8    Exhibit 13   Email dated January 12, 2018 from         177
                   Marc S. Gross to K Shirley; Bates

 9                 stamped AP Mortgage000017 to 18

10    Exhibit 14   Loss of Use Worksheet; Bates              178

11                 stamped ALL000270

12    Exhibit 15   1800anytime Invoice dated 12/16/17;       185

13                 2 pages

14    Exhibit 16   Receipts; Bates stamped                   187

15                 SHIRLEY000123 to 141

16    Exhibit 17   SHIRLEY0000142; 9 pages                   193

17    Exhibit 18   Letter dated February 8, 2018; Bates      210

18                 stamped ALL000297 to 311

19    Exhibit 19   Letter dated February 13, 2018; Bates     210

20                 stamped ALL000312 to 314

21    Exhibit 21   Updated (4/29/2018) Replacement Costs     223

22                 to include all items impacted by the

23                 fire; SHIRLEY000151

24    Exhibit 22   Letter dated August 24, 2018; Bates       228

25                 stamped ALL000781 to 785

                                                        Page 5
```

Karen Shirley
1/15/2019

```
 1        A    I know one call that happened, and I don't        10:26:37

 2   know if it was second or third.  But I had the

 3   Servpro guy there.  The first Servpro guy came.  I

 4   do not remember his name.  I do remember what he

 5   looked like.                                                10:26:48

 6             And he said "Let's call your insurance

 7   company to see what kind of coverage you have."  And

 8   I do remember making a call and speaking to someone,

 9   who I don't remember their name right now at all,

10   and explaining while on speaker what the coverage           10:26:59

11   was.

12             And we got off the phone.  He says, "No.

13   You have excellent coverage.  So you're covered

14   for" -- I guess the -- whatever -- smoke

15   remediation, whatever.                                      10:27:14

16        Q    Did someone from Servpro tell you that

17   under the policy that if there's a sudden and

18   accidental physical loss to the property there would

19   be coverage?

20        A    No.  They never used words like that.             10:27:27

21        Q    All right.  So at some point Servpro was

22   there.  You remember them calling Allstate with you

23   and asking about what the coverages were under the

24   policy?

25        A    Right.                                            10:27:41
```

Page 66

Karen Shirley
1/15/2019

| | | |
|---|---|---|
| 1 | it's going to be virtually impossible to get you | 10:30:07 |
| 2 | something in the next three hours from a doctor | |
| 3 | there certifying that he's got this injury.  He | |
| 4 | cannot stay in this house." | |
| 5 | And at this point, I was like -- I was -- | 10:30:18 |
| 6 | I think I was shaking.  I don't know if she heard it | |
| 7 | in my voice.  And she was like, well, basically, she | |
| 8 | wasn't going to do anything.  And I don't know if | |
| 9 | she said it or I said it, but she said "Let me call | |
| 10 | you back."  Because I suggested that she talk to | 10:30:33 |
| 11 | somebody else.  Because I was shaking. | |
| 12 | And I believe the Servpro guy was there | |
| 13 | for that part of the conversation.  Because I | |
| 14 | remember him saying "Wow, that was unbelievable." | |
| 15 | Q    First of all, let me break this down. | 10:30:44 |
| 16 | Who was the Servpro person who was there | |
| 17 | at your house? | |
| 18 | A    I believe it was the same guy who was | |
| 19 | there before.  Because he wanted me to sign a | |
| 20 | contract. | 10:30:54 |
| 21 | Q    And do you remember his name? | |
| 22 | A    I don't know if this is correct.  Vance? | |
| 23 | I don't remember.  Honestly, I don't.  I know what | |
| 24 | he looks like. | |
| 25 | Q    So you believe it was someone named Vance | 10:31:11 |

Page 69

Karen Shirley
1/15/2019

| | | |
|---|---|---|
| 1 | who was there from Servpro? | 10:31:13 |
| 2 | A    Yeah.   And I remember he came back the | |
| 3 | following Saturday with his wife.   That's what I | |
| 4 | remember. | |
| 5 | Q    This conversation that you had with | 10:31:20 |
| 6 | someone where you requested an extension of time for | |
| 7 | additional living expenses, was this after the | |
| 8 | inspection of your property or before the inspection | |
| 9 | of your property? | |
| 10 | A    I think it may have been -- I don't | 10:31:31 |
| 11 | recall.   I want to say -- I don't -- I just really | |
| 12 | don't recall.   I don't want to say firmly one way or | |
| 13 | the other. | |
| 14 | Q    Was Servpro still interacting with you | |
| 15 | after the inspection at your property? | 10:31:43 |
| 16 | MR. GREENFIELD:   Objection.   Vague and | |
| 17 | ambiguous.   Which inspection are you talking about? | |
| 18 | BY MR. EDSON: | |
| 19 | Q    Okay.   The point in time when an Allstate | |
| 20 | representative came to your property, were you still | 10:31:50 |
| 21 | consulting with Servpro? | |
| 22 | A    Yes. | |
| 23 | Q    Okay.   After the inspection with someone | |
| 24 | from Allstate, were you still consulting with | |
| 25 | Servpro? | 10:32:02 |

Page 70

Karen Shirley
1/15/2019

```
1      A    Yes.                                        10:32:04

2      Q    Do you have a date and time when you

3  stopped consulting with Servpro?

4      A    Probably.  I could look that up.  I

5  don't -- I could make a better -- I can't give you     10:32:17

6  an estimate.  Somewhere along the line, I did stop.

7      Q    Well, let's take -- Christmas is

8  December 25th.

9      A    Uh-huh.

10      Q    Do you think you stopped consulting with    10:32:26

11  them before or after that?

12      A    I want to say after.  And there were two

13  Servpros.

14      Q    Okay.

15      A    I didn't know how -- I still don't know     10:32:36

16  how Servpro works.  I was told to call my local

17  Servpro.  I called my local Servpro.

18          The guy who came up, the person whose name

19  I believe is Vance, he told me he was actually from

20  San Diego, which I thought I had called the          10:32:51

21  Fallbrook Servpro.  Because I believe there's a

22  Servpro there, closer.  I'm not sure how that

23  happened.

24          He proceeded to tell me that the person

25  who I guess owns or runs the Fallbrook Servpro that   10:33:02
```

Page 71

Karen Shirley
1/15/2019

| | | |
|---|---|---|
| 1 | he was working, I thought, for -- and it's not clear | 10:33:05 |
| 2 | now if that's the case.  He may have had his own -- | |
| 3 | I don't know what Servpro was doing. | |
| 4 | This guy who owned the Servpro in | |
| 5 | Fallbrook, he kept telling me -- it was kind of a | 10:33:18 |
| 6 | sales job -- he's -- he's worked with Allstate. | |
| 7 | He's really in with the top guys at Allstate, and he | |
| 8 | can push this claim through.  And I'm like, "This is | |
| 9 | way too complicated for me.  I just want my house | |
| 10 | fixed."  So . . . | 10:33:42 |
| 11 | Q    Was there a point in time when you hired | |
| 12 | someone named Marc Gross? | |
| 13 | A    Yes.  And that's when things started | |
| 14 | getting a little -- I called him that -- after that | |
| 15 | first week and that first meeting with Servpro. | 10:33:51 |
| 16 | Q    Did you -- after you hired Mr. Gross, did | |
| 17 | your interactions with Servpro come to an end? | |
| 18 | A    The first Servpro did.  And then the | |
| 19 | second Servpro came in.  Because he -- Marc said he | |
| 20 | didn't care which one I went with.  I said, "Well, | 10:34:05 |
| 21 | I'll go with the person you're used to working | |
| 22 | with."  And that's how I got to the second Servpro. | |
| 23 | And I do not remember his name.  I do know what he | |
| 24 | looks like. | |
| 25 | Q    Okay.  So you believe it was prior to | 10:34:16 |

Page 72

Karen Shirley
1/15/2019

| | | |
|---|---|---|
| 1 | someone from Allstate coming to your property that | 10:34:23 |
| 2 | you were told that Allstate was going to end | |
| 3 | additional living expenses for you and your husband | |
| 4 | to stay at a different place? | |
| 5 | A    I was told that by Allstate. | 10:34:34 |
| 6 | Q    This is before the inspection at your | |
| 7 | property? | |
| 8 | A    It was when the first approval ended.  And | |
| 9 | I don't recall. | |
| 10 | Q    Okay.  And so I just need to clarify -- | 10:34:45 |
| 11 | A    That's okay. | |
| 12 | Q    -- what you remember.  If you don't know, | |
| 13 | you can say. | |
| 14 | Do you know if you were told by Allstate | |
| 15 | that your additional living expenses were going to | 10:34:55 |
| 16 | end before the Allstate inspection at your property | |
| 17 | or after it? | |
| 18 | MR. GREENFIELD:  Objection.  Vague and | |
| 19 | ambiguous. | |
| 20 | THE WITNESS:  I don't recall. | 10:35:03 |
| 21 | BY MR. EDSON: | |
| 22 | Q    Was there -- at some point in time, did | |
| 23 | Servpro do any actual work at your property?  There | |
| 24 | are two Servpros, so I'm going to speak | |
| 25 | collectively. | 10:35:18 |

Page 73

Karen Shirley
1/15/2019

| | | |
|---|---|---|
| 1 | Did either Servpro entity do any work at | 10:35:18 |
| 2 | your property? | |
| 3 | A    They brought fans and were sucking the | |
| 4 | air. | |
| 5 | Q    Other than leaving off fans to suck the | 10:35:25 |
| 6 | air, did either Servpro do any work at your | |
| 7 | property? | |
| 8 | A    No. | |
| 9 | Q    Does the name Jim or James Harte sound | |
| 10 | familiar to you? | 10:35:35 |
| 11 | A    Yes.  That's the second person. | |
| 12 | Q    Do you know if Mr. Harte ever -- was he | |
| 13 | the one that dropped off the air suction devices? | |
| 14 | A    I believe they both did.  And I believe, | |
| 15 | yes, he did drop off one.  I don't recall. | 10:35:48 |
| 16 | Q    Okay.  So they both may have done so or | |
| 17 | you don't know? | |
| 18 | A    Uh-huh.  Because they both -- I remember | |
| 19 | the Fallbrook guy coming and getting his when -- | |
| 20 | things switched to the Harte guy.  I took the other | 10:36:01 |
| 21 | ones and put them in the garage. | |
| 22 | Q    Okay. | |
| 23 | A    And then the Fallbrook guy came when we | |
| 24 | could coordinate -- I don't know -- a few weeks | |
| 25 | later and pick those up. | 10:36:12 |

Page 74

Karen Shirley
1/15/2019

| | | |
|---|---|---|
| 1 | Q    The Fallbrook guy is Mr. Harte, right? | 10:36:13 |
| 2 | A    No.   The Fallbrook guy is the other guy, | |
| 3 | the red-haired guy. | |
| 4 | Q    Did Mr. Harte ever offer any opinions to | |
| 5 | you about whether your house had been contaminated | 10:36:24 |
| 6 | from the Lilac fire in any way? | |
| 7 | A    He recommended that we get the house | |
| 8 | tested.  And he and Mr. Gross talked.  And that's -- | |
| 9 | was the recommendation, was to go with VERT to come | |
| 10 | and test the house, which they did. | 10:36:44 |
| 11 | Q    If Allstate's records reflect that it did | |
| 12 | not agree to extend additional living expenses after | |
| 13 | an inspection with an Allstate representative took | |
| 14 | place at your property, would you have any reason to | |
| 15 | dispute that? | 10:37:03 |
| 16 | A    Okay.  Let's follow that step by step. | |
| 17 | One more. | |
| 18 | Q    Sure.  Allstate contends in its claim | |
| 19 | notes -- | |
| 20 | A    Uh-huh. | 10:37:11 |
| 21 | Q    -- that it elected not to continue the | |
| 22 | additional living expenses after a representative | |
| 23 | came to your property. | |
| 24 | A    That was the second time. | |
| 25 | So the very first time, I had to basically | 10:37:22 |

Page 75

Karen Shirley
1/15/2019

1    REPORTER'S CERTIFICATION

2         I, Leslie Johnson, a Certified Shorthand

3    Reporter of the State of California, do hereby certify:

4         That the foregoing proceedings were taken

5    before me at the time and place herein set forth; that

6    any witnesses in the foregoing proceedings, prior to

7    testifying, were administered an oath; that a record of

8    the proceedings was made by me using machine shorthand

9    which was thereafter transcribed under my direction;

10   that the foregoing transcript is a true record of the

11   testimony given.

12        Further, that if the foregoing pertains to

13   the original transcript of a deposition in a Federal

14   Case, before completion of the proceedings, review

15   of the transcript [ ] was [ ] was not requested.

16   I further certify I am neither financially interested in

17   the action nor a relative or employee of any attorney or

18   any party to this action.

19        IN WITNESS WHEREOF, I have this date

20   subscribed my name.

21   Dated: January 24, 2019

22

23        *Leslie Johnson*

24

25   LESLIE JOHNSON, CSR No. 11451, RPR, CCRR

Page 239

# EXHIBIT 20

**Jensen Shirley January 17, 2019 Deposition Transcript**

Exhibit 20

Page 118

Jensen Shirley - January 17, 2019

```
 1                UNITED STATES DISTRICT COURT

 2               SOUTHERN DISTRICT OF CALIFORNIA

 3

 4    JENSEN SHIRLEY and KAREN      )

 5    SHIRLEY,                      )

 6               Plaintiffs,        )

 7                                  )

 8         vs.                      ) No. 3:18-cv-00994-AJB-BGS

 9                                  )

10    ALLSTATE INSURANCE COMPANY,   )

11    an Illinois corporation; and  )

12    DOES 1 though 10, inclusive,  )

13               Defendants.        )

14    _____)

15

16            VIDEO DEPOSITION OF JENSEN SHIRLEY

      taken at 501 West Broadway, 19th Floor, San Diego,

17    California 92101, commencing on Thursday, January 17,

18    2019, at 9:29 a.m., before Mark R. Dahlberg, Certified

19    Shorthand Reporter, CSR No. 8487.

20

21    Reported by:

22    Mark R. Dahlberg,

23    CSR No. 8487

24    Job No. 3113857

25    PAGES 1 - 364
```

Page 1

Jensen Shirley - January 17, 2019

```
 1                          I N D E X

 2   EXAMINATION                                      PAGE

 3   JENSEN SHIRLEY

 4   BY MR. EDSON                                        9

 5

 6

 7

 8                          EXHIBITS

 9   Exhibit 1      Insurance Policy                    13

10                  (Not attached)

11   Exhibit 2      Claim Notes                         13

12                  (Not attached)

13   Exhibit 3      Letter 12-11-17; ALL 000605-000609;  195

14                  ALL 000620-000621; 7 pages

15   Exhibit 4      Public Insurance Adjuster Contract;  196

16                  ALL 000648-000650; 000659; 4 pages

17   Exhibit 5      Temporary Accommodations;           198

18                  SHIRLEY000109; 1 page

19   Exhibit 6      Inns of the Corps;                  198

20                  SHIRLEY000116-000119; 4 pages

21   Exhibit 7      Photos; ALL 000668-000717; 50 pages  201

22   Exhibit 8      Email; ALL 000776-000778; 3 pages    243

23   Exhibit 9      EMSL Analytical Laboratory Report;  230

24                  ALL 000773-000775; 3 pages

25

                                                   Page 2
```

Jensen Shirley - January 17, 2019

```
 1              I N D E X   (CONTINUED)

 2     EXHIBITS                                        PAGE

 3     Exhibit 10    Letter 12-28-17; ALL 000766-000769;   248

 4                   3 pages

 5     Exhibit 11    Letter 1-4-18; ALL 000080-000110;      249

 6                   ALL 000039; 32 pages

 7     Exhibit 12    Hersum Construction Estimate;          259

 8                   SHIRLEY000081-000106; 26 pages

 9     Exhibit 13    Email; AP Mortgage000017-000018;       254

10                   2 pages

11     Exhibit 14    Loss of Use Worksheet; ALL 000270;     254

12                   1 page

       Exhibit 15    Plumbing Invoices; 2 pages             261

13     Exhibit 16    Receipts; SHIRLEY000123-000141;        264

14                   19 pages

15     Exhibit 17    Photos SHIRLEY000142; 9 pages          269

16     Exhibit 18    RiskNomics Letter;                     271

17                   ALL 000297-000311; 15 pages

18     Exhibit 19    RiskNomics Letter;                     271

19                   ALL 000312-000314; 3 pages

20     Exhibit 20    Letter 2-14-18; ALL 000320; 1 page     306

21     Exhibit 21    Replacement Costs; SHIRLEY000151;      308

22                   1 page

23     Exhibit 22    Letter 8-24-18; ALL 000781-000785;     309

24                   5 pages;

25     Exhibit 23    (Not used)

                                                    Page 3
```

Jensen Shirley - January 17, 2019

```
1              I N D E X   (CONTINUED)

2   EXHIBITS                                      PAGE

3   Exhibit 24    (Not used)

4   Exhibit 25    (Not used)

5   Exhibit 26    (Not used)

6   Exhibit 27    Cool Air Solutions Proposal;        14

7                 SHIRLEY000221; 1 page

8   Exhibit 28    Four Elements Proposal;             14

9                 SHIRLEY000222-000225; 4 pages

10  Exhibit 29    Home Depot Estimate;                14

11                SHIRLEY000214-000220; 7 pages

12  Exhibit 30    Terminix Proposal                   14

13                SHIRLEY000194-000213; 20 pages

14

15

16

17  INSTRUCTION NOT TO ANSWER

18      Page 247 Line 2

19

20

21

22  INFORMATION REQUESTED

23                      (NONE)

24

25

                                            Page 4
```

Jensen Shirley - January 17, 2019

```
 1                      A P P E A R A N C E S :

 2

 3    FOR THE PLAINTIFFS:

 4    THE GREENFIELD LAW FIRM

 5    BY:  KENNETH N. GREENFIELD, ESQ.

 6    16516 Bernardo Center Drive, Suite 210

 7    San Diego, California  92138

 8    858.675.0301; Fax 858.675.0319

 9    kgreenfield@thegreenfieldlawfirm.com

10

11    FOR THE DEFENDANTS:

12    SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP

13    BY:  JOHN D. EDSON, ESQ.

14    501 West Broadway, 19th Floor

15    San Diego, California  92101

16    619.339.6500; Fax 619.234.3815

17    jedson@sheppardmullin.com

18

19

20

21

22

23

24

25
```

Page 5

```
 1              A P P E A R A N C E S   ( C O N T I N U E D )

 2

 3    VIDEOTAPING  SERVICES  PROVIDED  BY:

 4    VERITEXT  LEGAL  SOLUTIONS

 5    JAKE  THOMPSON

 6    550  West  C  Street,  Suite  800

 7    San  Diego,  California   92101

 8    619.239.0080

 9

10    THE  WITNESS:

11    JENSEN  SHIRLEY

12    31655  Wrightwood  Road

13    Bonsall,  California

14

15

16

17

18

19

20

21

22

23

24

25

                                            Page 6
```

Jensen Shirley - January 17, 2019

| | | |
|---|---|---|
| 1 | EXAMINATION | 09:31:55 |
| 2 | BY MR. EDSON: | 09:31:55 |
| 3 | Q.   Good morning.  Could you state your name and | 09:31:55 |
| 4 | spell it for record. | 09:31:57 |
| 5 | A.   Dr. Jensen H. Shirley, J-e-n-s-e-n, H for Harry, | 09:31:59 |
| 6 | a-r-r-y, Shirley, S-h-i-r-l-e-y. | 09:32:08 |
| 7 | Q.   Good morning, Dr. Shirley. | 09:32:14 |
| 8 | A.   Good morning, John. | 09:32:15 |
| 9 | Q.   My Name is John and we've met once before -- | 09:32:16 |
| 10 | A.   Yes, we have. | 09:32:18 |
| 11 | Q.   -- at the site inspection. | 09:32:19 |
| 12 | A deposition can seem very foreign, and I'm | 09:32:20 |
| 13 | going to ask you if you ever sat for a deposition | 09:32:22 |
| 14 | previously? | 09:32:26 |
| 15 | A.   Yes. | 09:32:26 |
| 16 | Q.   Okay.  On how many occasions? | 09:32:27 |
| 17 | A.   Probably two or three. | 09:32:31 |
| 18 | Q.   Okay. | 09:32:33 |
| 19 | A.   With my -- with my employer, when -- long time | 09:32:34 |
| 20 | ago. | 09:32:38 |
| 21 | Q.   Okay.  Well, part of my reason to ask is to | 09:32:39 |
| 22 | learn how long it's been since someone's sworn you in. | 09:32:41 |
| 23 | A.   Oh, that was -- the last one was 2009, I | 09:32:44 |
| 24 | believe. | 09:32:48 |
| 25 | Q.   Okay.  So what I'll do is I'll later ask | 09:32:49 |

Page 9

Exhibit 20

Page 125

Jensen Shirley - January 17, 2019

| | | |
|---|---|---|
| 1 | A.    Yes. | 09:42:30 |
| 2 | Q.    -- with a few follow-up questions. | 09:42:30 |
| 3 | In or around October of 2018, you had at least | 09:42:32 |
| 4 | three different companies come out -- | 09:42:35 |
| 5 | A.    Yes. | 09:42:37 |
| 6 | Q.    -- to provide bids for you on replacing the HVAC | 09:42:37 |
| 7 | system and ducts? | 09:42:40 |
| 8 | A.    Yes. | 09:42:42 |
| 9 | Q.    And Exhibits 27 and 28 represent bids that you | 09:42:42 |
| 10 | received in or around October of 2018, correct? | 09:42:45 |
| 11 | A.    Yes. | 09:42:49 |
| 12 | Q.    And Exhibit 29 is the Home Depot estimate | 09:42:49 |
| 13 | that -- where they did the walk-through in October but | 09:42:52 |
| 14 | did not return a bid to you until on or about December | 09:42:55 |
| 15 | 27, 2018? | 09:42:59 |
| 16 | A.    Yes.  And may I -- a caveat.  They said they | 09:43:01 |
| 17 | sent the bid to me, but I never received it. | 09:43:04 |
| 18 | Q.    Okay. | 09:43:07 |
| 19 | A.    Yes. | 09:43:08 |
| 20 | Q.    And then to clarify.  The amount of the Home | 09:43:08 |
| 21 | Depot bid was for $13,315? | 09:43:11 |
| 22 | A.    That's about -- that's what I remember. | 09:43:16 |
| 23 | Q.    Did Home Depot do the work listed on this bid? | 09:43:19 |
| 24 | A.    No, it did not. | 09:43:22 |
| 25 | Q.    Okay.  And I will have more questions about that | 09:43:23 |

Page 17

Jensen Shirley - January 17, 2019

| | | |
|---|---|---|
| 1 | A.   No. | 10:29:43 |
| 2 | Q.   Okay.  Does she live outside the State of | 10:29:43 |
| 3 | California? | 10:29:46 |
| 4 | A.   Yes. | 10:29:46 |
| 5 | Q.   And what does she do for a profession? | 10:29:46 |
| 6 | A.   She is a parole officer in Washington, D.C. | 10:29:50 |
| 7 | Q.   All right.  So -- and when did you marry Karen | 10:29:54 |
| 8 | Shirley? | 10:29:58 |
| 9 | A.   In... 1987.  Don't ask me my anniversary date. | 10:29:59 |
| 10 | Q.   All right. | 10:30:07 |
| 11 | A.   Okay.  Sorry. | 10:30:08 |
| 12 | Q.   Okay.  So from 1987 to the present you've been | 10:30:12 |
| 13 | continuously married to Karen Shirley? | 10:30:16 |
| 14 | A.   Yes. | 10:30:17 |
| 15 | Q.   And with Karen Shirley you have one daughter as | 10:30:17 |
| 16 | well? | 10:30:20 |
| 17 | A.   Yes. | 10:30:20 |
| 18 | Q.   And your daughter's name? | 10:30:20 |
| 19 | A.   Jessica Shirley. | 10:30:23 |
| 20 | Q.   All right.  And I understand that in -- at | 10:30:26 |
| 21 | the -- we're here because of a wildfire we've been | 10:30:29 |
| 22 | discussing on December 7, 2017.  Jessica Shirley was | 10:30:32 |
| 23 | attending school full-time somewhere else? | 10:30:36 |
| 24 | A.   She was, but she came home.  She was home.  Yes. | 10:30:39 |
| 25 | She attended -- she attends still, Lane University in | 10:30:42 |

Page 54

Jensen Shirley - January 17, 2019

| | | |
|---|---|---|
| 1 | Jackson, Tennessee.  And so she was home for the | 10:30:47 |
| 2 | Christmas break. | 10:30:50 |
| 3 | Q.    And do you know what day of the week the | 10:30:54 |
| 4 | wildfire happened? | 10:30:57 |
| 5 | A.    I believe it was mid week.  I do not know | 10:31:01 |
| 6 | exactly.  Whatever December 7th was.  I do not know. | 10:31:03 |
| 7 | Q.    If I said Thursday, would that sound accurate to | 10:31:07 |
| 8 | you? | 10:31:10 |
| 9 | A.    That -- that may be accurate. | 10:31:10 |
| 10 | Q.    Do you know if Jessica Shirley arrived before or | 10:31:11 |
| 11 | after the fire began on break? | 10:31:15 |
| 12 | A.    I think before. | 10:31:23 |
| 13 | Q.    Do you know how many days she was at your house | 10:31:25 |
| 14 | before you learned of the fire? | 10:31:27 |
| 15 | A.    I don't remember. | 10:31:31 |
| 16 | Q.    Okay.  Do you have any other children that we | 10:31:32 |
| 17 | haven't discussed? | 10:31:36 |
| 18 | A.    No, I do not. | 10:31:37 |
| 19 | Q.    Okay.  So I'm going to speak about your home | 10:31:38 |
| 20 | now.  I -- from the complaint and from your records, just | 10:31:42 |
| 21 | I'll state your address to verify I have it correct.  You | 10:31:45 |
| 22 | live at 31665 Wrightwood Road, Bonsall, California; is | 10:31:48 |
| 23 | that correct? | 10:31:54 |
| 24 | A.    That's correct. | 10:31:54 |
| 25 | Q.    If I shorthand this by saying "the property" or | 10:31:55 |

Page 55

Jensen Shirley - January 17, 2019

| | | |
|---|---|---|
| 1 | Q.   Okay.  And did you go or was it just your wife | 11:11:23 |
| 2 | that went? | 11:11:26 |
| 3 | A.   No, I went because I had -- I had to get my | 11:11:27 |
| 4 | prosthesis.  I mean, I didn't have my prosthesis. | 11:11:30 |
| 5 | Q.   Was it still during the mandatory evacuation? | 11:11:32 |
| 6 | A.   Yes. | 11:11:34 |
| 7 | Q.   Okay.  And was it just you and your wife or was | 11:11:35 |
| 8 | your daughter with you as well? | 11:11:37 |
| 9 | A.   I think -- I think my daughter was with me that | 11:11:38 |
| 10 | day. | 11:11:42 |
| 11 | Q.   Okay.  When you went to the property, did you go | 11:11:42 |
| 12 | inside? | 11:11:45 |
| 13 | A.   Yes. | 11:11:47 |
| 14 | Q.   Okay.  And how long did you spend in the | 11:11:48 |
| 15 | property on that occasion? | 11:11:50 |
| 16 | A.   Ten minutes. | 11:11:53 |
| 17 | Q.   Okay. | 11:11:54 |
| 18 | A.   Five minutes. | 11:11:54 |
| 19 | Q.   You grabbed your prosthesis. | 11:11:55 |
| 20 | Did you do anything else there? | 11:11:57 |
| 21 | A.   Yeah, grabbed some more papers that we thought | 11:11:58 |
| 22 | we needed; passports, you know, things that we thought we | 11:12:00 |
| 23 | forgot. | 11:12:04 |
| 24 | Q.   Did you walk around and close -- did you go | 11:12:05 |
| 25 | close the upstairs bedroom window when you were back | 11:12:07 |

Page 92

Jensen Shirley - January 17, 2019

| | | |
|---|---|---|
| 1 | totally gone from the house? | 12:51:03 |
| 2 | A.   I would say it had dissipated significantly.  It | 12:51:05 |
| 3 | no longer -- I wasn't irritated by it.  And when I'm | 12:51:08 |
| 4 | saying irritated, I could -- I could really still smell | 12:51:13 |
| 5 | it.  It was -- it was just there.  And when I went | 12:51:18 |
| 6 | upstairs, the higher you go upstairs, it was right there, | 12:51:21 |
| 7 | especially in the guest bedroom and in my computer room, | 12:51:24 |
| 8 | but not so much.  And you can still smell it.  But go | 12:51:27 |
| 9 | ahead. | 12:51:30 |
| 10 | Q.   Okay.  Was there a point in time when you no | 12:51:31 |
| 11 | longer could smell the smell of smoke inside your house? | 12:51:32 |
| 12 | A.   Yes.  I guess after they -- after they took the | 12:51:37 |
| 13 | insulation out, it just smelled differently.  It | 12:51:40 |
| 14 | smelled -- it just -- it was just different in the house, | 12:51:44 |
| 15 | in terms of my sleeping, in terms of my smelling smoke, | 12:51:48 |
| 16 | it was different.  So I'm assuming it was in -- it was in | 12:51:52 |
| 17 | the insulation and all that stuff. | 12:51:58 |
| 18 | Q.   Okay.  So after Terminix replaced the insulation | 12:51:59 |
| 19 | on or about August 24, 2018, you no longer smelled smoke | 12:52:04 |
| 20 | in your house? | 12:52:08 |
| 21 | A.   Yes.  I no longer smelled smoke in my house. | 12:52:09 |
| 22 | And I haven't turned the air conditioner on, so... | 12:52:12 |
| 23 | Q.   Okay. | 12:52:15 |
| 24 | A.   Because I don't want to smell smoke in the | 12:52:18 |
| 25 | house. | 12:52:20 |

Page 171

Exhibit 20

Page 130

Jensen Shirley - January 17, 2019

| | | |
|---|---|---|
| 1 | A.   No. | 12:54:30 |
| 2 | Q.   When Terminix removed the insulation -- | 12:54:31 |
| 3 | A.   Yes. | 12:54:36 |
| 4 | Q.   -- did you have them keep any -- any insulation | 12:54:37 |
| 5 | for testing so others could see if there was smoke, soot | 12:54:39 |
| 6 | and ash in there? | 12:54:43 |
| 7 | A.   I didn't think of that until afterwards. | 12:54:44 |
| 8 | Q.   So no, you didn't? | 12:54:46 |
| 9 | A.   So no, I did not. | 12:54:48 |
| 10 | Q.   Okay.  Are you aware of any samples that | 12:54:49 |
| 11 | anyone's checked on your behalf of suspect wildfire | 12:54:53 |
| 12 | particulate matter that was in your house after the Lilac | 12:54:56 |
| 13 | wildfire? | 12:55:01 |
| 14 | A.   I don't know whoever -- whoever took samples.  I | 12:55:02 |
| 15 | mean, whoever came in the house and took samples. | 12:55:05 |
| 16 | It's -- whoever they were. | 12:55:08 |
| 17 | Q.   From RiskNomics? | 12:55:12 |
| 18 | A.   From RiskNomics and I guess the guy from | 12:55:13 |
| 19 | Colorado must have taken some samples.  I wasn't there. | 12:55:16 |
| 20 | Q.   But you're speculating about it. | 12:55:19 |
| 21 | A.   Well, I'm not speculating, because Karen said he | 12:55:20 |
| 22 | had a sponge.  So that's taking samples.  That's what I'm | 12:55:22 |
| 23 | assuming. | 12:55:26 |
| 24 | Q.   Okay. | 12:55:26 |
| 25 | A.   Okay. | 12:55:27 |

Page 174

Jensen Shirley - January 17, 2019

| | | |
|---|---|---|
| 1 | A.   No.   I mean, it's just normal materials we get | 13:51:43 |
| 2 | at the grocery store.   Stuff like that.   Like Clorox | 13:51:46 |
| 3 | bleach and, you know, stuff at the grocery store.   You | 13:51:49 |
| 4 | get -- you spray on stuff to wipe it down. | 13:51:53 |
| 5 | Q.   So aside from replacing the attic, was Clorox | 13:51:57 |
| 6 | bleach and things that you'd buy at the grocery store | 13:52:01 |
| 7 | sufficient in your mind to remove the smells in other | 13:52:04 |
| 8 | areas of house? | 13:52:06 |
| 9 | A.   I think so. | 13:52:07 |
| 10 | Q.   Okay.   Do you have an estimate of what you spent | 13:52:08 |
| 11 | out of pocket for cleaning materials? | 13:52:11 |
| 12 | A.   I -- I can't tell you that.   It was just part | 13:52:12 |
| 13 | of -- part of my living expenses, so I can't tell you. | 13:52:15 |
| 14 | Q.   Okay.   Did you hire an outside person to do | 13:52:17 |
| 15 | cleaning? | 13:52:22 |
| 16 | A.   You mean to clean the house because of smoke? | 13:52:23 |
| 17 | Q.   Yes. | 13:52:25 |
| 18 | A.   No. | 13:52:26 |
| 19 | Q.   Okay. | 13:52:26 |
| 20 | A.   But let me qualify that. | 13:52:29 |
| 21 | Q.   Sure. | 13:52:31 |
| 22 | A.   We have a housekeeper that comes in sometimes | 13:52:32 |
| 23 | and just cleans. | 13:52:34 |
| 24 | Q.   Does your housekeeper come on a regular basis? | 13:52:35 |
| 25 | A.   No.   Only -- only when Karen calls her or -- or | 13:52:37 |

Page 192

Jensen Shirley - January 17, 2019

| | | |
|---|---|---|
| 1 | she wants her to come, so yeah. | 13:52:41 |
| 2 | Q.   Did Karen call your housekeeper after the | 13:52:43 |
| 3 | wildfire? | 13:52:47 |
| 4 | A.   Oh, yes. | 13:52:47 |
| 5 | Q.   How many times did she come? | 13:52:48 |
| 6 | A.   She came a lot.  I don't know.  But she came a | 13:52:51 |
| 7 | lot.  And she was doing the floors and doing the windows | 13:52:53 |
| 8 | and doing the windows sills and everything.  She could -- | 13:52:55 |
| 9 | well, she's short, so everything she could reach. | 13:52:58 |
| 10 | Q.   Do you know what date she was there? | 13:53:00 |
| 11 | A.   No, I don't. | 13:53:02 |
| 12 | Q.   Do you know how much money was spent for her to | 13:53:02 |
| 13 | do her work? | 13:53:04 |
| 14 | A.   I really don't. | 13:53:05 |
| 15 | Q.   Okay.  Do you know if any receipts were kept for | 13:53:06 |
| 16 | her work? | 13:53:08 |
| 17 | A.   No.  No, there were -- there were no receipts | 13:53:09 |
| 18 | kept. | 13:53:12 |
| 19 | Q.   Do you know her name? | 13:53:13 |
| 20 | A.   No.  Karen knows her name. | 13:53:14 |
| 21 | Q.   Okay.  So the name of the housekeeper who came | 13:53:15 |
| 22 | and did cleaning after the wildfire, you don't know her | 13:53:17 |
| 23 | name? | 13:53:20 |
| 24 | A.   Yeah.  I don't re -- it's Santomos.  She's | 13:53:21 |
| 25 | Hispanic.  I don't -- I don't know her name. | 13:53:24 |

Page 193

Jensen Shirley - January 17, 2019

1 | STATE OF CALIFORNIA }
                       }     SS.
2 | COUNTY OF SAN DIEGO }

3

4 |    I, Mark R. Dahlberg, Certified Shorthand Reporter No.
       8487 for the State of California, do hereby certify:
5 |         That prior to being examined, the witness named
6 | in the foregoing deposition was duly sworn to testify the
7 | truth, the whole truth, and nothing but the truth;
8 |    That said deposition was taken down by me in
9 | shorthand at the time and place therein named and
10 | thereafter reduced by me to typewritten form and that the
11 | same is a true, correct, and complete transcript of said
12 | proceedings.
            Before completion of the deposition, review of
       the transcript {x} was { } was not requested.  If
13 |
14 | requested, any changes made by the deponent (and provided
15 | to the reporter) during the period allowed, are appended
16 | hereto.
17 |    I further certify that I am not interested in the
18 | outcome of the action.
19 |         Witness my hand this 28th day of January, 2019.
20
21
22
23
24
25 |    MARK R. DAHLBERG, CSR NO. 8487

Page 364

# EXHIBIT 21
**Plaintiffs' Second Supplemental Rule 26 Disclosures**

Exhibit 21

Page 135

1 | Kenneth N. Greenfield, Esq.   (CA SBN 105721)
Heather T. Daiza, Esq.          (CA SBN 323272)
2 | **THE GREENFIELD LAW FIRM**
16516 Bernardo Center Drive, Suite 210
3 | San Diego, CA 92128
T: (858) 675-0301
4 | F: (858) 675-0319
E-Mail: kgreenfield@thegreenfieldlawfirm.com
5 |          hdaiza@thegreenfieldlawfirm.com

6 | Attorneys for Plaintiffs JENSEN SHIRLEY and KAREN SHIRLEY

7 |

8 | **UNITED STATES DISTRICT COURT**

9 | **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JENSEN SHIRLEY and KAREN SHIRLEY, | Case No.  18CV00994-AJB-BGS |
| | Hon. Anthony J. Battaglia |
| Plaintiffs, | Suite 1280 |
| v. | Mag. Bernard G. Skomal |
| ALLSTATE INSURANCE COMPANY, | **PLAINTIFFS' SECOND SUPPLEMENTAL RULE 26(e) DISCLOSURES** |
| Defendant. | Complaint Filed:  February 27, 2018 |
| | Trial:                    TBD |

Pursuant to Federal Rules of Civil Procedure section 26(e)(1)(A), Plaintiffs JENSEN SHIRLEY and KAREN SHIRLEY ("Plaintiffs") hereby submit the following supplemental disclosures:

    **i.**    **Witnesses.**

    (a)    Randal Vance; ServPro Fallbrook / South Oceanside; (760) 451-0600; 215 West Ash Street, Fallbrook, California, 92028; his observations regarding property damage at Plaintiffs' home.

    (b)    Ben Sussman; ServPro City of San Diego (South Bay); 619-269-5004; 704 J. Street, San Diego, California, 92101; his observations regarding property damage at Plaintiffs' home.

1

Exhibit 21

(c)   James Harte, ServPro East Poway; (858) 748-7378; 13446 Poway Road #302, Poway, California, 92064; his observations regarding property damage at Plaintiffs' home.

(d)   David Kelly, former project manager of VERT Environmental; Ninyo & Moore (his new job) 475 Goddard, Suite 200, Irvine, California, 92618, Telephone: (949) 753-7070; smoke damage issues arising out of laboratory report analyses.

(e)   Tony Walker, Home Depot (We Care Plumbing, Heating, and Solar), 41085 Golden Gate Circle, Murrieta, California, 92562; Telephone: 888-971-3221; produced estimate for duct cleaning.

(f)   Dirk E. Morgenstern, Terminix, 1234 Simpson Way Suite B, Escondido, California, 92029; Telephone: (760) 489-0111; produced estimate for attic cleaning.

(g)   Charles Sheridan, Cool Air Solutions, 41638 Eastman Drive Suite B, Murrieta, California, 92562. Telephone: (888) 659-2665; produced estimate for HVAC replacement.

(h)   Nick Kimball, Owner of Four Elements Air Conditioning & Heating, 1668 Lone Oak Road, Vista, California, 92084; Telephone: (949) 769-9720; produced estimate for HVAC and furnace replacement.

(i)   Jessica Shirley, Plaintiffs' daughter; contact through The Greenfield Law Firm.

(j)   Sebstiana Tomas, Plaintiffs' cleaning lady; contact through The Greenfield Law Firm.

(k)   Keith McReynolds, Fire Captain, North County Fire Protection District, 330 South Main Avenue, Fallbrook CA 92028-2938; Tel: (760) 723-2005.

(l)   Robert Romero, Allstate Insurance Company, contact information known to Defendant; Claim Service Leader.

THE GREENFIELD LAW FIRM
16616 BERNARDO CENTER DRIVE, SUITE 210
SAN DIEGO, CA 92128

2

PLAINTIFFS' SECOND SUPPLEMENTAL RULE 26 DISCLOSURES

Exhibit 21
Page 137
18CV994AJB BGS

1   (m)   Jake Sheiner, technician at Attic Construction, 5519 Clairemont Mesa
2         Blvd., #205, San Diego, CA 92117, Tel: (858) 900-4409.

3   (n)   Alyse Knight, Attic Construction, 5519 Clairemont Mesa Blvd., #205,
4         San Diego, CA 92117, Tel: (858) 900-4409.

5   (o)   Juan Guzman, technician at Attic Construction, 5519 Clairemont Mesa
6         Blvd., #205, San Diego, CA 92117, Tel: (858) 900-4409.

7   (p)   Hector Ramirez, inspector at Attic Construction, 5519 Clairemont
8         Mesa Blvd., #205, San Diego, CA 92117, Tel: (858) 900-4409.

9   (q)   JP McGuire, technician at Attic Construction, 5519 Clairemont Mesa
10        Blvd., #205, San Diego, CA 92117, Tel: (858) 900-4409.

11  (r)   Bill King, inspector at Attic Construction, 5519 Clairemont Mesa
12        Blvd., #205, San Diego, CA 92117, Tel: (858) 900-4409.

13  (s)   Andre Jones, service technician at Attic Construction, 5519
14        Clairemont Mesa Blvd., #205, San Diego, CA 92117, Tel: (858) 900-
15        4409.

16  **ii.   Documents and things.**

17  (a)   Invoices and estimates for repairs:

18        1.   Terminix cleaning attic repair: $7,520 (work performed and paid
19             for)

20        2.   Home Depot Duct Cleaning/Installation: $13,315

21        3.   Cool Air Solutions HVAC Replacement $11,578

22        4.   Four Elements Air Conditioning and Furnace Equipment
23             Replacement: $9,840

24        5.   Attic Construction for removal of debris and insulation in attic
25             $11,353

26  (b)   VA Medical Records (already provided).

27  (c)   Department of Veterans Affairs statement of service-connected
28        disabilities.

THE GREENFIELD LAW FIRM
16516 BERNARDO CENTER DRIVE, SUITE 210
SAN DIEGO, CA 92128

3                                          Exhibit 21

PLAINTIFFS' SECOND SUPPLEMENTAL RULE 26 DISCLOSURES

(d)   National Oceanic and Atmospheric Administration ("NOAA") weather records from December 1, 2017 through January 15, 2018.  Please note production of these records to The Greenfield Law Firm are currently on hold due to the federal government shutdown. They will be produced as soon as received from NOAA.

(e)   Documents produced by Randal Vance; ServPro Fallbrook / South Oceanside, including ServPro / Allstate vendor contract.

(f)   Photographs from Attic Construction.

(g)   Letter dated October 5, 2018 from Keith McReynolds, Battalion Chief, North County Fire Protection District.

**iii.   Damages computation.**

(a)   Terminix cleaning: $7,520;

(b)   Home Depot Duct Cleaning: $13,315;

(c)   Cool Air or Four Elements, $11,578 or $9,840;

(d)   Attic Construction, $11,353;

(e)   Loss of income: Jensen Shirley, $212.75; Karen Shirley,  $330.03.

**iv.   Liability insurance.**

There is nothing to supplement at this time.


DATED:  January 25, 2019                    THE GREENFIELD LAW FIRM

                                                                By:_____
                                                                KENNETH N. GREENFIELD,
                                                                HEATHER T. DAIZA,
                                                                Attorneys for Plaintiffs, JENSEN
                                                                SHIRLEY and KAREN SHIRLEY

THE GREENFIELD LAW FIRM
16516 BERNARDO CENTER DRIVE, SUITE 210
SAN DIEGO, CA 92128

4

Exhibit 21

1  Kenneth N. Greenfield, Esq.   (CA SBN 105721)
    Heather T. Daiza, Esq.      (CA SBN 323272)
2  **THE GREENFIELD LAW FIRM**
    16516 Bernardo Center Drive, Suite 210
3  San Diego, CA 92128
    T: (858) 675-0301
4  F: (858) 675-0319
    E-Mail: kgreenfield@thegreenfieldlawfirm.com
5          hdaiza@thegreenfieldlawfirm.com

6  Attorneys for Plaintiffs, JENSEN SHIRLEY and KAREN SHIRLEY

8            **UNITED STATES DISTRICT COURT**

9           **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JENSEN SHIRLEY and KAREN SHIRLEY, | Case No.  18CV00994-AJB-BGS |
| Plaintiffs, | Hon. Anthony J. Battaglia<br>Suite 1280 |
| v. | Mag. Bernard G. Skomal |
| ALLSTATE INSURANCE COMPANY, | **DECLARATION OF SERVICE** |
| Defendant. | Complaint Filed:   February 27, 2018<br>Trial:                  TBD |

I, the undersigned, hereby declare that I am over the age of eighteen years and not a party to this action. I am employed, or am a resident of, the County of San Diego, State of California; my business address is 16516 Bernardo Center Drive, Suite 210, San Diego, CA 92128.

On January 25, 2019, I served a copy of the following document(s):

**PLAINTIFFS' SECOND SUPPLEMENTAL RULE 26(e) DISCLOSURES (INCLUDING COMPACT DISC OF DOCUMENTS, SHIRLEY000194 - SHIRLEY000296)**

///
///
///

1

DECLARATION OF SERVICE

Exhibit 21
Page 140
18CV00994-AJB-BGS

1   [X]   **BY MAIL**:  I am "readily familiar" with the firm's practice of collection and
2        processing correspondence for mailing. Under that practice, it would be
         deposited with the United States Postal Service on that same day, with
         postage thereon fully prepaid at San Diego, California in the ordinary course
3      of business.

4   [  ]   **BY E-MAIL**:  (Courtesy Copy Only).

5   [  ]   **BY Electronic Filing and Service Pursuant to General Order 550**: I
6        caused the document(s) listed above via the Court's Electronic Filing System
         which constitutes service, pursuant to General Order 550 of the above-titled
7      Court, upon the counsel on service list.

8   **<u>Counsel for Defendant, ALLSTATE INSURANCE COMPANY</u>**
     Peter H. Klee, Esq.
9   John D. Edson, Esq.
10  **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
     501 West Broadway, 19th Floor
11  San Diego, CA 92101-3598
12  Tel: (619) 338-6500 // Fax: (619) 234-3815
     E: PKlee@sheppardmullin.com
13  E: JEdson@sheppardmullin.com

14

15  [X]   I declare under penalty of perjury under the law of the United States of
16  America that the foregoing is true and correct.

17

18      Executed on January 25, 2019, in San Diego, California.

19

20                Melanie Wright

21

22

23

24

25

26

27

28

*THE GREENFIELD LAW FIRM*
*16516 BERNARDO CENTER DRIVE, SUITE 210*
*SAN DIEGO, CA 92128*



*Shirley v. Allstate*
USDC Case No. 18CV00994-AJB-BGS

Plaintiffs' Second Suppl. Disclosure Documents

(SHIRLEY000194-296)

Exhibit 21

Page 142

# EXHIBIT 22
## February 1, 2019 Letter from Edson to Greenfield and Daiza

Exhibit 22

Page 143

# SheppardMullin

Sheppard, Mullin, Richter & Hampton LLP
501 West Broadway, 19th Floor
San Diego, California 92101-3598
619.338.6500 main
619.234.3815 fax
www.sheppardmullin.com

619.338.6616 direct
jedson@sheppardmullin.com

February 1, 2019

**VIA E-MAIL**

Kenneth Greenfield                    kgreenfield@thegreenfieldlawfirm.com
Heather Daiza                         hdaiza@thegreenfieldlawfirm.com
The Greenfield Law Firm
16516 Bernardo Center Drive, Suite 210
San Diego, California 92128

Re:    Shirley v. Allstate
       Meet and Confer Letter re Plaintiffs' Second Supplemental Rule 26(e) disclosures.

Dear Ken and Heather:

Please consider this a meet and confer letter regarding plaintiffs' second supplemental Rule 26(e) disclosures. These disclosures are dated January 25, 2019, one day after the discovery cut-off. And, they arrived at my firm by regular mail on January 30, 2019.

The amended Rule 26 disclosures identify 16 new third-party witnesses, new damage allegations and new documents. Because Allstate received this disclosure of new witnesses after the discovery cut-off, the disclosures are improper. We request that you withdraw the disclosures immediately. Alternatively, we request a meet and confer conference before contacting Judge Skomal before filing an motion to strike.

**A.     Timeline of Events**

Allstate has been prejudiced by the disclosure of 16 witnesses, new damage theories and new documents after the extended discovery cut-off. I will provide a brief overview of the relevant timeline of events as it pertains to this issue:

- On May 11, 2018, plaintiffs served their responses to Allstate interrogatories (set one). In response to Allstate's request that they list all of their witnesses, they did not list any of the 16 new witnesses listed in their second supplemental Rule 26(e) disclosures.

- On June 16, 2018, the Court set a Rule 26 compliance deadline.

- August 3, 2018 was the Court's initial Rule 26(a)(1)(A-E) disclosure deadline for witnesses, documents and damage theories.

Exhibit 22

Page 144

# SheppardMullin

Kenneth Greenfield
February 1, 2019
Page 2

- On August 11, 2018, pursuant to a mutual stipulation, each side provided their Rule 26 disclosures. Plaintiffs' Rule 26 disclosures referenced back to their prior May 11, 2018 interrogatory and document demand responses for their list of witnesses and responsive documents. Plaintiffs again did not list any of the 16 new witnesses listed in their second supplemental Rule 26(e) disclosures.

- On September 25, 2018, I sent a meet and confer e-mail to your firm advising that plaintiffs' reference back to their May 11, 2018 interrogatory responses did not advise Allstate regarding the scope of proposed testimony of plaintiffs' Rule 26 witnesses. This was important in determining who to depose in this case.

- On September 25, 2018, your office agreed to amend the Rule 26 disclosures.

- On October 1, 2018, plaintiffs amended their Rule 26 disclosures and provided a list of witnesses with proposed testimony. Sixteen of the witnesses on the most recent second supplemental disclosure were nowhere to be found on this list.

- On October 17, 2018, I wrote your firm and attached a copy of all of Allstate's deposition notices for the third-parties listed on plaintiffs' Rule 26 disclosures. In my cover e-mail, I also made clear that the list represented the people listed on plaintiffs' Rule 26 disclosures: "For your calendar, attached are the Allstate deposition notices of the third parties listed on plaintiffs' Rule 26 disclosures."

- On October 22, 2018, I sent a courtesy e-mail to your firm regarding Allstate's service attempts of the people listed on plaintiffs' Rule 26 disclosures. As you know, some individuals either evaded service or requested that their depositions be held at later dates.

- On November 16, 2018, after the parties met and conferred regarding individual depositions that could not be completed by the Court's January 4, 2019 deadline, we filed a joint motion and proposed order to continue the discovery cut-off for certain individuals whose depositions could not be completed until January 24, 2019.

- On November 30, 2018, the Court approved the proposed joint discovery plan and order to extend the discovery cut-off for certain limited depositions until January 24, 2019.

- During the month of January 2019, we completed the depositions of all but one of the individuals listed on each sides Rule 26 report. These included Andrew Ansardi on January 11, 2019, David Kelly on January 14, 2019, plaintiff Karen Shirley on January 15, 2019, Mariah Curran on January 16, 2019, plaintiff Jensen Shirley on January 17, 2019.

Exhibit 22

Page 145

# SheppardMullin

Kenneth Greenfield
February 1, 2019
Page 3

- On January 24, 2019, the parties attended a conference call before magistrate Judge Bernard Skomal to discuss outstanding discovery disputes. After hearing plaintiffs' dispute regarding a Colonial Life discovery issue, Judge Skomal asked if any other issues were outstanding. I advised the Court of a small issue regarding two healthcare providers at the Veterans' Administration. Your firm made no representations regarding any other issues outstanding.

- On January 25, 2019, one day after the telephonic conference with Judge Skomal and after the extended discovery cut-off, your firm sent by regular mail the second supplemental Rule 26 disclosures. The second supplemental disclosures included 16 individuals that had never been disclosed before and Allstate never had an opportunity to depose during discovery. These include: (1) Randal Vance; (2) Ben Sussman; (3) Tony Walker; (4) Dick Morgenstern; (5) Charles Sheridan; (6) Nick Kimball; (7) Jessica Shirley (plaintiffs' daughter); (8) Sebstiana Thomas (plaintiffs' cleaning lady); (9) Keith McReynolds; (10) Jake Scheiner; (11) Alyse Knight; (12) Juan Guzman; (13) Hector Ramirez; (14) J.P. McGuire; (15) Bill King; and (16) Audre Jones.

## B.    Prejudice to Allstate

The discovery cut-off in this case has closed. Allstate would have no way to depose any of these new 16 individuals listed on the supplemental Rule 26 disclosure.

As evidenced by the prior chronology and e-mails sent in this case, Allstate either sent subpoenas or deposed every third-party listed on the plaintiffs' Rule 26 disclosures. Had the plaintiffs listed these 16 individuals during the discovery time period, Allstate certainly would have either deposed or subpoenaed them. Because the court rules only allow for 10 depositions per side, Allstate would have also brought this dispute to the Court's attention and sought relief from the Rule 26 rules regarding the number of depositions allowed per side.

In addition to being unable to depose these individuals, Allstate also cannot ask the plaintiffs about what these individuals would say. For example, plaintiffs listed their own daughter and their cleaning lady as witnesses on the amended disclosures. If I had known that either individual was a potential witness, I would have asked plaintiffs about their interactions and their conversations with plaintiffs as they relate to this case. Because plaintiffs' depositions have now concluded, there is no way I can unwind the clock and ask these questions of plaintiffs.

Plaintiffs appear to have known about every one of these individuals as of the beginning of this lawsuit. Or, they learned of certain individuals when they allegedly replaced their attic insulation in August of 2018. Thus, every individual listed on this list was known to plaintiffs when your firm amended plaintiffs Rule 26 disclosures on October 1, 2018. There is simply no excuse for what plaintiffs have done in this case.

We have maintained a good and professional relationship in this case. If the tables were turned, you would object to Allstate's attempt to dump 16 witnesses after your ability to do anything about it.

Exhibit 22

Page 146

# SheppardMullin

Kenneth Greenfield
February 1, 2019
Page 4

I ask that you voluntarily withdraw your second supplemental Rule 26 disclosures.  In the alternative, please advise me by Monday when you are available for a telephonic meet and confer conference.  If plaintiffs will not agree to drop their list, we will then seek a telephonic conference before Magistrate Judge Skomal.

I look forward to your response.

Very truly yours,

John D. Edson
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

SMRH:489379417.1

Exhibit 22

Page 147

# EXHIBIT 23
**February 7, 2019 E mail from Daiza to Edson**

Exhibit 23

Page 148

# THE GREENFIELD LAW FIRM

16516 BERNARDO CENTER DRIVE, SUITE 210
SAN DIEGO, CALIFORNIA 92128
www.thegreenfieldlawfirm.com

KENNETH N. GREENFIELD
KATE A. GREENFIELD
HEATHER T. DAIZA

JOHN F. HECTOR-OF COUNSEL

Melanie A. Wright-Paralegal
Iryna Sheeler-Legal Assistant

T E L: (858) 675-0301
F A X: (858) 675-0319

kgreenfield@thegreenfieldlawfirm.com
hdaiza@thegreenfieldlawfirm.com

February 7, 2019

**Via E-Mail and U.S. Mail**
John D. Edson, Esq.
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
501 West Broadway, 19th Floor
San Diego, CA 92101-3598
E: JEdson@sheppardmullin.com

> Re:   ***Shirley v. Allstate Insurance Company***
>        **USDC, Case No. 3:18-cv-00994-AJB-BGS**

Dear Mr. Edson,

Please consider this letter a response to your meet and confer letter, dated February 1, 2019.

It is Plaintiffs' position that the Rule 26(e) Disclosures are proper because the witnesses' knowledge relevant to this case have been discovered during depositions and through the latter part of the fact-discovery process. The duty to supplement is continuous. The final pre-trial conference is scheduled for October 3, 2019. There is plenty of time to re-open discovery. As such, we can agree to seek relief from the Court to re-open discovery so Allstate has the opportunity to depose the witnesses it wants to that are disclosed in the Rule 26(e) Supplemental Disclosures.

As a factual matter, the Rule 26(e) disclosures were not served one day after fact discovery cut-off. Fact discovery cut-off was January 31, 2019. The disclosures are dated on January 25, 2019 and were mail served on that day.

As a legal matter, the duty to supplement does not require parties to supplement disclosures that have "been made or otherwise known to the parties in writing or during the discovery process, as when a witness not previously disclosed is identified during the taking of a deposition." *See Coleman v. Keebler Co.*, 997 F. Supp. 1102, 1107 (N.D. Ind. 1998). Therefore, the names of individuals learned through depositions or made known through discovery need not have even been disclosed again. Plaintiffs, however, did so voluntarily in good faith.

Regarding Ben Sussman of ServPro East Bay, Mr. Sussman's name was discovered through the deposition of Marc Gross, on December 14, 2018. Allstate could have noticed the depositions of Ben Sussman and Plaintiff need not have supplemented. *See* Marc Gross Deposition Pages 38-39.

Exhibit 23

Page 149

John D. Edson, Esq.
February 7, 2019
Page 2

Regarding Randal Vance of ServPro Fallbrook, it was confirmed in Karen Shirley's deposition that Mr. Vance had visited Plaintiffs' home twice. Mrs. Shirley confirmed that this ServPro was not contracted with, but her testimony demonstrates that Mr. Vance observed the conditions of the home. Regardless, Plaintiff need not have supplemented Randal Vance. *See* Karen Shirley Deposition Pages 67-75.

Regarding Tony Walker of Home Depot (We Care Plumbing, Heating, and Solar), Dirk Morgenstern of Terminix, Charles Sheridan of Cool Air Solutions, and Nick Komball of Four Elements Air Conditioning & Hearing, Plaintiffs put together all the documentary evidence of damages they could find, and that were accumulated over time. These documents with the witnesses' names were produced at Karen Shirley's deposition on January 15, 2019. These names need not have been supplemented.

Regarding witness Sebstiana Thomas, Plaintiff's cleaning lady, the fact of a cleaning lady was confirmed of recently in Dr. Shirley's deposition, dated January 17, 2019. *See* Jensen Shirley Pages 192-194. Plaintiffs thereafter dug up the name, and thus Plaintiffs disclosed her name in the Supplemental Disclosures.

Regarding witness Keith McReynolds, and a document produced concurrently with the Rule 26(e) Supplemental Disclosures, Dr. Shirley recently provided our office this document and the witness's name is on that document. Thus, Mr. McReynolds' knowledge as to his observations of the Lilac Fire were recently discovered and thus his name was disclosed.

Regarding witness Plaintiffs' daughter, Jessica Shirley, it was not confirmed until Plaintiff Karen Shirley's deposition on January 15, 2019, that Jessica Shirley came home during winter break of 2017. Regardless, her name was disclosed in the deposition. *See* Karen Shirley Deposition Pages 24-25.

Regarding the Attic Construction witnesses: Jake Sheiner, Alyse Knight, Juan Guzman, Hector Ramirez, JP McGuire, Bill King, and Andre Jones, Plaintiffs will select one of the witnesses who has the most knowledge regarding the condition of Plaintiffs' attic. Plaintiffs found the attic construction repair estimate for the work performed and thus our office supplemented the witnesses. We have tried and are currently working on which witness is most knowledgeable and will disclose to Allstate. Thus, the witness list of Attic Construction witnesses will reduce in size.

As demonstrated, these witnesses were discovered through the latter course of fact discovery and Plaintiffs in good faith disclosed them to Allstate. Plaintiffs even disclosed the names of witnesses discovered in depositions. Again, we can agree to re-open discovery so Allstate has the opportunity to depose them.

Exhibit 23

Page 150

John D. Edson, Esq.
February 7, 2019
Page 3

      Thank you for your professional courtesy. We look forward to hearing from you soon. If you need anything further, please do not hesitate to contact our office.

Very truly yours,

**THE GREENFIELD LAW FIRM**

By: _Heather Daiza_____

                HEATHER T. DAIZA

KNG/maw
cc: Clients

Exhibit 23

Page 151

# EXHIBIT 24
## February 13, 2019 Letter from Edson to Daiza

Exhibit 24

Page 152

# SheppardMullin

Sheppard Mullin Richter & Hampton LLP
501 West Broadway, 19th Floor
San Diego, CA 92101-3598
619.338.6500 main
619.234.3815 main fax
www.sheppardmullin.com

619.338.6616 direct
jedson@sheppardmullin.com

February 13, 2019

**VIA U.S. MAIL**

Heather Daiza
THE GREENFIELD LAW FIRM
16516 Bernardo Center Drive, Suite 210
San Diego, CA  92128

Re:    <u>Shirley v. Allstate</u>

Dear Heather:

Please consider this a response to your February 7, 2019 meet and confer letter.  I have carefully researched your facts and authorities.

You allege that plaintiffs learned of the existence of these witnesses through depositions.  This, however, is simply not true.

<u>Plaintiffs' daughter</u>.  Plaintiffs have known since the day the Lilac fire began that their daughter was a witness to the conditions of their house.  They made the conscious decision not to disclose her as a witness throughout this litigation.  Deposing someone's daughter is a highly intrusive act.  For this reason, I also refrained from asking a number of questions about plaintiffs' daughter during their depositions.

<u>Plaintiffs' cleaning lady</u>.  Likewise, plaintiffs have known since day one that their cleaning lady saw the house both before and after the wildfire.  They again made the conscious and deliberate decision not to list her as a witness.  Even during the plaintiffs' depositions, they made no allegation that she had relevant information.  Indeed, Dr. Shirley testified that he did not even know her name.  How could I have noticed her deposition during discovery?

<u>ServPro East Bay</u>.  Plaintiffs also knew of the existence of Ben Sussman and Randall Vance from ServPro East Bay within days of the wildfire.  They were the first vendor that the Shirleys called to come to their home.  Yet, they again made the conscious and deliberate decision not to list them as witnesses.

On September 25, 2018, I wrote and asked for clarification regarding plaintiffs' designation of ServPro.  That same day, Mr. Greenfield wrote back and promised to clarify his Rule 26 disclosures.  On September 28, 2018, plaintiffs amended their Rule 26 disclosures and decided *not* to list Ben Sussman and Randall Vance from ServPro East Bay.  Why would I be on notice that I had a need to depose them?

Exhibit 24

Page 153

# SheppardMullin

Heather Daiza
February 13, 2019
Page 2

Plaintiffs' August 2008 repairs.  You also allege that plaintiffs learned of the existence of Tony Walker, Jake Sheiner, Alyse Knight, Juan Guzman, Hector Rameriz, J.P. Mcguire, Bill King, and Audrey Jones during plaintiffs' deposition.  Yet, these individuals did alleged work at the property in August of 2018.  Plaintiff knew of these individuals a month before they supplemented their Rule 26 disclosure list on September 28, 2018.  Again, they made the conscious and deliberate decision not to list these individuals as witnesses.  Plaintiffs also did not know their names during their depositions.  How could I have possibly noticed their depositions during discovery?

Plaintiffs' theory of notice through passing deposition testimony.  You have cited a case from a district court of Indiana to support the late disclosure of these witnesses.  Plaintiffs allege that the mere fact that some of these names may have been mentioned in a prior deposition somehow put Allstate on notice that it had to serve subpoenas on these individuals or notice their depositions.

Plaintiffs are mistaken.  The fact that someone like Mr. Gross (who is not a plaintiff) may have mentioned a name in passing does not mean that Allstate had a duty to depose them.  The case of *Ollier v. Sweetwater Union High School Dist.*, 267 F.R.D. 339,343 (S.D. Cal. 2010) is right on point.  There, the District Court rejected plaintiffs' theory:  "Certainly the mere mention of a name in a deposition is insufficient to give notice to the opposing party that defendants intend to present that person at trial." *See also, Nuance Commc'ns, Inc. v. ABBYY Software House*, 2012 WL2838431, at *2 (N.D. Cal. July 10, 2012) ("Merely mentioning the party's name at a deposition or any discovery response may not be enough to put the other party on notice that the individual is being disclosed as a trial witness.")  The Ninth Circuit then affirmed *Ollier* as the law of this Circuit.  *Ollier v. Sweetwater Union High School District*, 768 F.3d 843 (9th Cir. 2014).

The Ninth Circuit explained that the disclosure rules were meant to allow parties to investigate witnesses and theories within the discovery period allowed by the court:  "The theory of disclosure under the Federal Rule of Civil Procedure is to encourage parties to try cases on the merits, not by surprise, and not by ambush." *Ollier*, 768 F.3d at 862.

Allstate's prejudice.  The discovery closed on January 4, 2019.  In December of 2018, we negotiated a limited stipulation through the remainder of January of 2019 for limited witnesses.  If plaintiffs wanted to reopen discovery for other witnesses, that was their opportunity to do it.

On January 24, 2019, during a telephonic conference, the Court asked the parties if there were other discovery issues.  Plaintiffs said nothing.  Instead, the next day, your firm chose to mail serve the disclosures.  While all other documents have been exchanged by e-mail, plaintiffs served this list by regular mail.  Thus, Allstate had no way it to investigate or depose these people.

Allstate had also already taken the plaintiffs' depositions.  There is no way that Allstate can unwind the clock.  The Court has also set a number of other deadlines.  Thus, Allstate is prejudiced by this late disclosure.

Exhibit 24

Page 154

# SheppardMullin

Heather Daiza
February 13, 2019
Page 3

It appears that we have reached an impasse. The local rules require a telephonic conference before scheduling a motion to strike with the magistrate judge. Therefore, please provide dates and times when we can speak by phone. If we are unable to reach an agreement, I will contact Magistrate Skomal's chambers to arrange for a pre-filing meet and confer conference before Allstate files a motion to strike.

Very truly yours,

John D. Edson
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

SMRH:489508791.1

Exhibit 24

Page 155

# EXHIBIT 25
**Plaintiffs' Disclosure of Expert Witnesses**

Exhibit 25

Page 156

1  Kenneth N. Greenfield, Esq. (CA SBN 105721)
   Heather T. Daiza, Esq.        (CA SBN 323272)
2  **THE GREENFIELD LAW FIRM**
   16516 Bernardo Center Drive, Suite 210
3  San Diego, CA 92128
   T: (858) 675-0301
4  F: (858) 675-0319
   E-Mail: kgreenfield@thegreenfieldlawfirm.com
5          hdaiza@thegreenfieldlawfirm.com

6  Attorneys for Plaintiffs JENSEN SHIRLEY and KAREN SHIRLEY

7

8              **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10  JENSEN SHIRLEY and KAREN          )   Case No.  18CV00994-AJB-BGS
    SHIRLEY,                          )
11                                    )   Hon. Anthony J. Battaglia
           Plaintiffs,               )   Suite 1280
12                                    )
           v.                         )   Mag. Bernard G. Skomal
13                                    )
    ALLSTATE INSURANCE               )   **PLAINTIFFS' DISCLOSURE OF**
14  COMPANY,                          )   **EXPERT WITNESSES**
                                      )
15         Defendant.                 )   Complaint Filed:   February 27, 2018
                                      )   Trial:        TBD
16                                    )
                                      )
17  _____ )

18

19  TO THE PARTIES AND THEIR COUNSEL OF RECORD:

20         Pursuant to Federal Rules of Civil Procedure, Rule 26(a)(2)(A), the Court's

21  Scheduling Order of September 7, 2018, and pursuant to the parties' Joint Motion

22  to continue discovery deadlines, Plaintiffs JENSEN SHIRLEY and KAREN

23  SHIRLEY ("Plaintiffs") hereby identify the following expert witnesses whose

24  opinions Plaintiffs expect to offer in evidence at the time of trial:

25  ///

26  ///

27  ///

28  ///

                                    1

Exhibit 25
Page 157

THE GREENFIELD LAW FIRM
16516 BERNARDO CENTER DRIVE, SUITE 210
SAN DIEGO, CA 92128

# RETAINED EXPERTS

**1. Jim Schratz, Esq.**
Jim Schratz & Associates
18017 Stanford Court
Sonoma, California 95476
E: jschratz@sonic.net
Tel: (707) 939-8500

Mr. Schratz is expected to testify regarding Insurance industry customs and practices for the handling of Homeowner's Insurance property damage claims arising out of wildfire events, including, but not limited to, investigation and evaluation of the loss, reliance on expert reports, and Allstate's handling of Plaintiffs' insurance claim. Mr. Schratz's hourly fee for consulting is $250, and deposition and trial testimony is $400.

**2. Daniel Baxter**
Environmental Analysis Associates, Inc.
5290 Soledad Road
San Diego, California, 92109
E: dbaxter@eaalab.com
Tel: (858) 272-7747

Mr. Baxter is an indoor air quality expert who focuses on exposure evaluation, sampling and analysis methods, and environmental issues. Mr. Baxter is expected to testify regarding his evaluation of the lab reports produced in discovery in this case, as well as the likely chemistry issues concerning the wildfire debris of same and the content smoke damage within the interior of Plaintiffs' home resulting from the Lilac wildfire event. Mr. Baxter's hourly fee is $300 for consulting, and $375 for deposition and trial testimony.

///

///

///

2

Exhibit 25
Page 158

**3. Colin Young**
 C Young Associates
 1042 Skylark Drive
 La Jolla, California 92037
 E: colin@cyaforensics.com
 Tel: (858) 454-8885

Mr. Young is a certified industrial hygienist. Mr. Young is expected to testify as to the appropriate testing standard to determine the level of contamination resulting from wildfire events, the detection of soot, ash, and char, and the importance of the same, and the importance of professional cleaning following a wildfire loss. Mr. Young's hourly fee is $300 for consulting, and $450 for deposition and trial testimony.

## NON-RETAINED EXPERTS

1. David Kelly
 Ninyo & Moore (formerly of VERT Environmental)
 475 Goddard, Suite 200
 Irvine, California 92618
 Tel: (949) 753-7070

Mr. Kelly observed and inspected Plaintiffs' home, took samples on behalf of VERT Environmental, and is expected to testify as to his observations, inspections, and conclusions.

2. James Harte
 ServPro of East Poway / Ramona
 136 10th Street, Suite J
 Ramona, California 92065
 Tel: (760) 789-1086

Mr. Harte observed and inspected Plaintiffs' home after the Lilac Fire and is expected to testify as to his observations.

///
///
///

3

PLAINTIFFS' DISCLOSURE OF EXPERT WITNESSES

THE GREENFIELD LAW FIRM
16516 BERNARDO CENTER DRIVE, SUITE 210
SAN DIEGO, CA 92128

Exhibit 25
Page 152

3. Ben Sussman
   ServPro City of San Diego (South Bay)
   704 J Street
   San Diego, California 92101
   Tel: (619) 269-5004

   Mr. Sussman observed and inspected Plaintiffs' home after the Lilac Fire and is expected to testify as to his observations.

4. Keith McReynolds
   Fire Captain, North County Fire Protection District
   330 South Main Avenue
   Fallbrook, CA 92028-2938
   Tel: (760) 723-2005

   Mr. Reynolds is a fire captain and has firsthand knowledge of the Lilac wildfire and is expected to testify regarding the Lilac wildfire event.

5. Mariah Curran
   EMSL Analytical, Inc.
   7916 Convoy Court
   San Diego, California 92111

   Ms. Curran performed a lab report analysis of samples submitted by VERT Environmental and is expected to testify as to her observations.

6. William Hersum
   Hersum Construction
   3416 Randy Lane
   Chula Vista, California 91910
   Tel: (619) 787-2187

   Mr. Hersum observed and inspected Plaintiffs' home after the Lilac Fire and is expected to testify as to his observations.

7. Randal Vance
   ServPro Fallbrook / South Oceanside
   215 West Ash Street
   Fallbrook, California 92028
   Tel: (760) 451-0600

///

THE GREENFIELD LAW FIRM
16516 BERNARDO CENTER DRIVE, SUITE 210
SAN DIEGO, CA 92128

4

PLAINTIFFS' DISCLOSURE OF EXPERT WITNESSES

Exhibit 25

Page 160

1    Mr. Vance observed and inspected Plaintiffs' home after the Lilac Fire and is

2    expected to testify as to his observations.

3    8.  Tony Walker
        We Care Heating, Plumbing, Air, and Solar
4       41085 Golden Gate Circle
5       Murrieta, California 92562
        Tel: (888) 971-3221
6

7    Mr. Walker produced an estimate regarding performing duct cleaning and is

8    expected to testify as to his observations of the ducts in Plaintiffs' home.

9    9.  Charles Sheridan
        Cool Air Solutions
10      41638 Eastman Drive, Suite B
11      Murrieta, California 92562
        Tel: (888) 659-2665
12

13   Mr. Sheridan produced an estimate regarding replacing Plaintiffs' HVAC

14   system in their home and is expected to testify as to his observations of the HVAC

15   system in Plaintiffs' home.

16   10. Dirk Morgenstern
        Terminix
17      1234 Simpson Way, Suite B
18      Escondido, California 92029
        Tel: (760) 489-0111
19

20   Mr. Morgenstern produced an estimate regarding performing attic insulation

21   and is expected to testify as to his observations of the attic in Plaintiffs' home.

22   11. Nick Kimball
        Owner of Four Elements Air Conditioning & Heating
23      1668 Lone Oak Road
24      Vista, California 92084
        Tel: (949) 769-9720
25

26   ///

27   ///

28   ///

THE GREENFIELD LAW FIRM
16516 BERNARDO CENTER DRIVE, SUITE 210
SAN DIEGO, CA 92128

5

PLAINTIFFS' DISCLOSURE OF EXPERT WITNESSES

Exhibit 25
Page 461

1        Mr. Kimball produced an estimate regarding replacing Plaintiffs' HVAC

2    system in their home and is expected to testify as to his observations of the HVAC

3    system in Plaintiffs' home.

4

5

6    DATED: February 19, 2019          THE GREENFIELD LAW FIRM

7                       By: _____

8                          KENNETH N. GREENFIELD,

9                          KATE A. GREENFIELD,

10                         HEATHER T. DAIZA,

11                         Attorneys for Plaintiffs, JENSEN

12                         SHIRLEY and KAREN SHIRLEY

THE GREENFIELD LAW FIRM
16516 BERNARDO CENTER DRIVE, SUITE 210
SAN DIEGO, CA 92128

6

PLAINTIFFS' DISCLOSURE OF EXPERT WITNESSES

Exhibit 25
Page 162
Case 3:18-cv-00994-AJB BGS

1  Kenneth N. Greenfield, Esq.   (CA SBN 105721)
   Heather T. Daiza, Esq.        (CA SBN 323272)
2  **THE GREENFIELD LAW FIRM**
   16516 Bernardo Center Drive, Suite 210
3  San Diego, CA 92128
   T: (858) 675-0301
4  F: (858) 675-0319
   E-Mail: kgreenfield@thegreenfieldlawfirm.com
5          hdaiza@thegreenfieldlawfirm.com

6  Attorneys for Plaintiffs, JENSEN SHIRLEY and KAREN SHIRLEY

7

8                  **UNITED STATES DISTRICT COURT**

9                **SOUTHERN DISTRICT OF CALIFORNIA**

10 JENSEN SHIRLEY and KAREN          )   Case No.  18CV00994-AJB-BGS
   SHIRLEY,                         )
11                                  )   Hon. Anthony J. Battaglia
                Plaintiffs,         )   Suite 1280
12                                  )
                v.                  )   Mag. Bernard G. Skomal
13                                  )
   ALLSTATE INSURANCE              )   **DECLARATION OF SERVICE**
14 COMPANY,                         )
                                    )   Complaint Filed:  February 27, 2018
15              Defendant.          )   Trial:            TBD
                                    )
16                                  )
                                    )
17                                  )

18

19     I, the undersigned, hereby declare that I am over the age of eighteen years

20 and not a party to this action. I am employed, or am a resident of, the County of San

21 Diego, State of California; my business address is 16516 Bernardo Center Drive,

22 Suite 210, San Diego, CA 92128.

23     On February 19, 2019, I served a copy of the following document(s):

24 **PLAINTIFFS' DISCLOSURE OF EXPERT WITNESSES**

25

26 [X]  **BY MAIL:**  I am "readily familiar" with the firm's practice of collection and
        processing correspondence for mailing. Under that practice, it would be
27      deposited with the United States Postal Service on that same day, with
        postage thereon fully prepaid at San Diego, California in the ordinary course
28      of business.
   ///

                                    1

1    [X]    **BY E-MAIL:**  (Courtesy Copy Only).

2    [  ]    **BY Electronic Filing and Service Pursuant to General Order 550:** I

3    caused the document(s) listed above via the Court's Electronic Filing System which constitutes service, pursuant to General Order 550 of the above-titled

4    Court, upon the counsel on service list.

5    **Counsel for Defendant, ALLSTATE INSURANCE COMPANY**

Peter H. Klee, Esq.

6    John D. Edson, Esq.

7    **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**

501 West Broadway, 19th Floor

8    San Diego, CA 92101-3598

9    Tel: (619) 338-6500 // Fax: (619) 234-3815

E: PKlee@sheppardmullin.com

10    E: JEdson@sheppardmullin.com

11

12    [X]    I declare under penalty of perjury under the law of the United States of

13    America that the foregoing is true and correct.

14

15    Executed on February 19, 2019, in San Diego, California.

16

17    Melanie Wright

18

19

20

21

22

23

24

25

26

27

28

THE GREENFIELD LAW FIRM
16516 BERNARDO CENTER DRIVE, SUITE 210
SAN DIEGO, CA 92128

2

DECLARATION OF SERVICE

Exhibit 25

# EXHIBIT 26
## February 22, 2019 E mail from Edson to Daiza

Exhibit 26

Page 165

**John Edson**

| | |
|---|---|
| **From:** | John Edson |
| **Sent:** | Friday, February 22, 2019 4:36 PM |
| **To:** | Heather Daiza |
| **Cc:** | Kenneth Greenfield; Melanie Wright; Iryna Sheeler |
| **Subject:** | Shirley v. Allstate |

Heather:

Thank you for your meet and confer letter.  I am happy to meet with you in person regarding our Rule 26 disclosure dispute.

In addition to meeting and conferring regarding plaintiffs' second supplemental Rule 26 disclosures, Allstate would also like to meet and confer with you regarding plaintiffs' expert disclosures.  Plaintiffs' expert disclosures do not meet the requirements under the Federal Rules of Civil Procedure.  Under Rule 26, any retained expert report must include the following:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;

> (ii) the facts or data considered by the witness in forming them;

> (iii) any exhibits that will be used to summarize or support them;

> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Unlike state court designations, federal courts limit experts to reading or summarizing the reports attached to their expert Rule 26 disclosures.  Plaintiffs' expert disclosures do not list their actual opinions and the facts or data that they used to formulate their opinions.  Without knowing their actual opinions, Allstate cannot evaluate whether it needs to pay to retain experts to rebut any of their opinions before the rebuttal designation deadline.

Allstate requests that plaintiffs withdraw their Rule 26 expert disclosures.  If we cannot agree on this subject, Allstate will also move to strike these disclosures.

I propose that we meet half way between our offices.  If you are ok with it, we could meet at a Starbucks or some other place of your choice in the Mission Valley Area.  Or, if you prefer, I will drive to your office.  I can meet any time in the late morning or early afternoon on Monday or Tuesday.

Exhibit 26

Page 166

Please let me know what works best for you.  Thank you

**John D. Edson**
+1 619-338-6616 | direct
JEdson@sheppardmullin.com | Bio

## SheppardMullin
501 West Broadway, 19th Floor
San Diego, CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

Exhibit 26

Page 167

2

# EXHIBIT 27
**Plaintiffs' Amended Second Supplemental Rule 26 Disclosures**

Exhibit 27

Page 168

1    Kenneth N. Greenfield, Esq.   (CA SBN 105721)
       Heather T. Daiza, Esq.       (CA SBN 323272)
2    **THE GREENFIELD LAW FIRM**
       16516 Bernardo Center Drive, Suite 210
3    San Diego, CA 92128
       T: (858) 675-0301
4    F: (858) 675-0319
       E-Mail: kgreenfield@thegreenfieldlawfirm.com
5            hdaiza@thegreenfieldlawfirm.com

6    Attorneys for Plaintiffs JENSEN SHIRLEY and KAREN SHIRLEY

7

8                 **UNITED STATES DISTRICT COURT**

9             **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10   JENSEN SHIRLEY and KAREN SHIRLEY, | Case No.  18CV00994-AJB-BGS |
| 11 | |
| 12           Plaintiffs, | Hon. Anthony J. Battaglia<br>Suite 1280 |
| 13             v. | Mag. Bernard G. Skomal |
| 14   ALLSTATE INSURANCE COMPANY, | **PLAINTIFFS' AMENDED SECOND SUPPLEMENTAL RULE 26(e) DISCLOSURES** |
| 15           Defendant. | |
| 16 | Complaint Filed:   February 27, 2018<br>Trial:             TBD |
| 17 | |

18

19       Pursuant to Federal Rules of Civil Procedure section 26(e)(1)(A), Plaintiffs

20 JENSEN SHIRLEY and KAREN SHIRLEY ("Plaintiffs") hereby submit the

21 following supplemental disclosures:

22       **i.**      **Witnesses.**

23    a) Randal Vance; ServPro Fallbrook / South Oceanside; (760) 451-0600; 215

24       West Ash Street, Fallbrook, California, 92028; testimony of his observations

25       regarding property damage, including smoke damage, during his visit at

26       Plaintiffs' home a few days after the Lilac Fire was contained.

27    b) Ben Sussman; ServPro City of San Diego (South Bay); (619) 269-5004; 704

28       J. Street, San Diego, California, 92101; testimony of his observations

Exhibit 27
Page 169

regarding property damage, including smoke damage, during his visit at Plaintiffs' home a few days after the Lilac Fire was contained, and the cleaning he did at Plaintiffs' home.

c) James Harte, ServPro East Poway / Ramona; (760) 789-1086; 136 10th Street, Suite J, Ramona, California, 92065; testimony regarding his observations of the property damage and smoke damage when he was at Plaintiffs' home a few days after the Lilac Fire was contained.

d) David Kelly, former project manager of VERT Environmental; Ninyo & Moore (his new job) 475 Goddard, Suite 200, Irvine, California, 92618, Telephone: (949) 753-7070; testimony regarding smoke damage issues arising out of laboratory report analyses.

e) Tony Walker, Home Depot (We Care Plumbing, Heating, and Solar), 41085 Golden Gate Circle, Murrieta, California, 92562; Telephone: (888) 971-3221; testimony regarding estimate prepared to replace HVAC system.

f) Dirk E. Morgenstern, Terminix, 1234 Simpson Way, Suite B, Escondido, California, 92029; Telephone: (760) 489-0111; testimony regarding the estimate for attic cleaning, and Terminix (a subcontractor of Terminix) performed the attic repairs, and can testify as to the observations of the condition of the attic.

g) Charles Sheridan, Cool Air Solutions, 41638 Eastman Drive, Suite B, Murrieta, California, 92562. Telephone: (888) 659-2665; testimony regarding the estimate for HVAC/furnace replacement.

h) Nick Kimball, Owner of Four Elements Air Conditioning & Heating, 1668 Lone Oak Road, Vista, California, 92084; Telephone: (949) 769-9720; testimony regarding the estimate for HVAC/furnace replacement.

i) Jessica Shirley, Plaintiffs' daughter; contact through The Greenfield Law Firm; testimony regarding her observations of the condition of Plaintiffs' home while she had visited her parents' home.

THE GREENFIELD LAW FIRM
16516 BERNARDO CENTER DRIVE, SUITE 210
SAN DIEGO, CA 92128

2

THE GREENFIELD LAW FIRM
16516 BERNARDO CENTER DRIVE, SUITE 210
SAN DIEGO, CA 92128

j) Sebstiana Tomas, Plaintiffs' cleaning lady; contact through The Greenfield Law Firm; testimony regarding the cleaning she performed at Plaintiffs' home, and the condition of the home.

k) Keith McReynolds, Fire Captain, North County Fire Protection District, 330 South Main Avenue, Fallbrook CA 92028-2938; Tel: (760) 723-2005; testimony regarding his knowledge about the Lilac Fire's impact to Plaintiffs' street and specifically, whether the Lilac Fire impacted Plaintiffs' home.

l) Robert Romero, Allstate Insurance Company, contact information known to Defendant; Claim Service Leader.

**ii.    Documents and things.**

(a)    Invoices and estimates for repairs:

1.    Terminix cleaning attic repair: $7,520 (work performed and paid for)

2.    Home Depot Duct Cleaning/Installation: $13,315

3.    Cool Air Solutions HVAC Replacement $11,578

4.    Four Elements Air Conditioning and Furnace Equipment Replacement: $9,840

5.    Attic Construction for removal of debris and insulation in attic $11,353

(b)    VA Medical Records (already provided).

(c)    Department of Veterans Affairs statement of service-connected disabilities.

(e)    Documents produced by Randal Vance; ServPro Fallbrook / South Oceanside, including ServPro / Allstate vendor contract.

(f)    Photographs from Roof Rx that show the condition of Plaintiffs' roof as of October/November of 2018.

(g)    Photographs from Attic Construction.

3

Exhibit 27

Page 974 AJB BGS

1   (g)   Letter dated October 5, 2018 from Keith McReynolds, Battalion Chief,
2         North County Fire Protection District.

3   iii.   **Damages computation.**

4   (a)   Terminix cleaning: $7,520;

5   (b)   Home Depot Duct Cleaning: $13,315;

6   (c)   Cool Air or Four Elements, $11,578 or $9,840;

7   (d)   Loss of income: Jensen Shirley, $212.75; Karen Shirley,  $330.03.

8   iv.   **Liability insurance.**

9   There is nothing to supplement at this time.

11   DATED:  March 4, 2019              THE GREENFIELD LAW FIRM

12                                      By: _____

13                                          KENNETH N. GREENFIELD,
                                            HEATHER T. DAIZA,
14                                          Attorneys for Plaintiffs, JENSEN
                                            SHIRLEY and KAREN SHIRLEY
15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE GREENFIELD LAW FIRM
16516 BERNARDO CENTER DRIVE, SUITE 210
SAN DIEGO, CA 92128

4

PLAINTIFFS' AMENDED SECOND SUPPLEMENTAL RULE 26 DISCLOSURES

Exhibit 27
Page 472

1   Kenneth N. Greenfield, Esq.   (CA SBN 105721)
2   Heather T. Daiza, Esq.         (CA SBN 323272)
    **THE GREENFIELD LAW FIRM**
3   16516 Bernardo Center Drive, Suite 210
    San Diego, CA 92128
    T: (858) 675-0301
4   F: (858) 675-0319
    E-Mail: kgreenfield@thegreenfieldlawfirm.com
5           hdaiza@thegreenfieldlawfirm.com

6   Attorneys for Plaintiffs, JENSEN SHIRLEY and KAREN SHIRLEY

7

8                    **UNITED STATES DISTRICT COURT**

9                 **SOUTHERN DISTRICT OF CALIFORNIA**

10  JENSEN SHIRLEY and KAREN          )   Case No.  18CV00994-AJB-BGS
    SHIRLEY,                          )
11                                    )   Hon. Anthony J. Battaglia
            Plaintiffs,               )   Suite 1280
12                                    )
            v.                        )   Mag. Bernard G. Skomal
13                                    )
    ALLSTATE INSURANCE                )   **DECLARATION OF SERVICE**
14  COMPANY,                          )
                                      )   Complaint Filed:   February 27, 2018
15          Defendant.                )   Trial:             TBD
                                      )
16                                    )
                                      )
17                                    )
                                      )
18  _____   )

19          I, the undersigned, hereby declare that I am over the age of eighteen years

20  and not a party to this action. I am employed, or am a resident of, the County of San

21  Diego, State of California; my business address is 16516 Bernardo Center Drive,

22  Suite 210, San Diego, CA 92128.

23          On March 4, 2019, I served a copy of the following document(s):

24  **PLAINTIFFS' AMENDED SECOND SUPPLEMENTAL RULE 26(e)**
    **DISCLOSURES**
25

26  [X]   **BY MAIL:**  I am "readily familiar" with the firm's practice of collection and
          processing correspondence for mailing. Under that practice, it would be
27        deposited with the United States Postal Service on that same day, with
          postage thereon fully prepaid at San Diego, California in the ordinary course
28        of business.

                                      1

1  [X]  **BY E-MAIL:** (Courtesy Copy Only).

2  [ ]  **BY Electronic Filing and Service Pursuant to General Order 550:** I
3  caused the document(s) listed above via the Court's Electronic Filing System
which constitutes service, pursuant to General Order 550 of the above-titled
4  Court, upon the counsel on service list.

5  <u>**Counsel for Defendant, ALLSTATE INSURANCE COMPANY**</u>
Peter H. Klee, Esq.
6  John D. Edson, Esq.
7  **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
501 West Broadway, 19th Floor
8  San Diego, CA 92101-3598
9  Tel: (619) 338-6500 // Fax: (619) 234-3815
E: PKlee@sheppardmullin.com
10  E: JEdson@sheppardmullin.com

11

12  [X]  I declare under penalty of perjury under the law of the United States of

13  America that the foregoing is true and correct.

14

15  Executed on March 4, 2019, in San Diego, California.

16

17  Melanie Wright

18

19

20

21

22

23

24

25

26

27

28

THE GREENFIELD LAW FIRM
16516 BERNARDO CENTER DRIVE, SUITE 210
SAN DIEGO, CA 92128

2
DECLARATION OF SERVICE

Exhibit 27

18CV00994-AJB-BGS

Page 174

# EXHIBIT 28
## October 5, 2018 Letter from McReynolds

Exhibit 28

Page 175

# NORTH COUNTY FIRE PROTECTION DISTRICT

www.ncfireprotectiondistrict.specialdistrict.org

330 S. Main Avenue   ●   Fallbrook, California 92028-2938   ●   Phone: (760) 723-2005   ●   Fax: (760) 723-2072

BOARD OF DIRECTORS

RUTH HARRIS
BOB HOFFMAN
FRED LUEVANO
KENNETH E. MUNSON
KATHLEEN THUNER

STEPHEN J. ABBOTT– Fire Chief/CEO - sabbott@ncfire.org
ROBERT H. JAMES -  District Counsel Robert James - roberthjameslaw@gmail.com
LOREN A. STEPHEN-PORTER – Executive Assistant/Board Secretary - lstephen@ncfire.org

10/5/18

To whom it may concern,

I am writing this letter to confirm that 31665 Wrightwood Rd. in Bonsall California is in a neighborhood that was heavily impacted by the Lilac Fire on December 7, 2017. Multiple homes were lost in and around the Wrightwood area during the Lilac Fire Storm.

Feel Free to contact me if you need any additional information.

Keith McReynolds

Battalion Chief
North County Fire Protection District
330 S. Main St.
Fallbrook, CA 92028
760-497-2568
kmcreynolds@ncfire.org



PROUDLY SERVING THE COMMUNITIES OF FALLBROOK, BONSALL AND RAINBOW

Exhibit 28